COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
STUART A. DAVIDSON
JAMES L. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MURDOCK, Individually and as Father and Next friend of BEAU FARISH MURDOCK and ANABELLE SAGE MURDOCK, Minor Children, On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>RC2 CORPORATION, et al.,<br><br>          Defendants. | No. 2:07-cv-03376-WHW-MF<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL UNDER FED. R. CIV. P. 23(G) |

I.  **INTRODUCTION**

The instant litigation arises out of the manufacture and distribution by Defendants RC2 Corporation, Learning Curve Brands, Inc., Learning Curve Brands, Inc. d/b/a RC2 Brands, Inc., Wal-Mart Stores, Inc. and Toys "R" Us, Inc. (collectively, "Defendants") of Thomas & Friends™ Wooden Railway Toys (the "Train Toys").  On June 13, 2007, Defendant RC2 Corporation ("RC2 Corp.") initiated a nationwide recall of 1.5 million Train Toys that were manufactured in China and had been sold during the period January 1, 2005 to June 13, 2007 (the date of the recall).  In its recall notice, RC2 Corp. stated that it had determined that the surface paints of the recalled Train Toys contain lead and that lead is toxic if ingested by young children and can cause adverse health effects.

Plaintiff David Murdock, individually and as Father and Next Friend of Beau Farish Murdock and Anabelle Sage Murdock, Minor Children ("Plaintiff"), and on behalf of all others similarly situated, filed a Complaint against the Defendants alleging claims for negligence, breach of express warranty, breach of implied warranty, and violation of state and federal consumer protection laws.  Plaintiff proposes that the Court appoint as Interim Lead Counsel the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin").

Lawsuits arising out of the same operative set of facts as referenced in Plaintiff's Complaint are currently pending in the Eastern District of Arkansas, the Southern District of Indiana, the Eastern District of New York, and the Northern District of Illinois. Though these pending complaints allege similar claims to those made in Plaintiff's Complaint, Plaintiff's Complaint is more robust, detailed and broader in scope then the other pending complaints.  Additionally, while the other pending complaints seek relief

1

only against the manufacturer of the Train Toys, Plaintiff's Complaint seeks relief against the manufacturer as well as certain vendors who distributed the Train Toys.

II.   **DESIGNATION OF INTERIM LEAD COUNSEL IS APPROPRIATE**

Pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure, the Court may designate Interim Lead Counsel to act on behalf of the putative class before determining whether to certify the action as a class action. Under the Rule, "the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1)(B) and (C)." Fed. R. Civ. P. 23(g). As set forth below, Proposed Interim Lead Counsel satisfies all of the criteria set forth under the Rule.

In appointing Interim Lead Counsel under Rule 23(g), the Court must determine whether counsel seeking such appointment will fairly and adequately represent the interests of the proposed class. *See* Rule 23(g)(1)(B). The Court's determination of that question is informed by the criteria set forth in Rule 23(g)(1)(C): (1) the work in identifying or investigating the case; (2) counsel's experience in handling similar claims and class actions; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit. Examining each of these criteria in turn, it is clear that Lerach Coughlin meets the applicable criteria and is appropriate Interim Lead Counsel.

   A.   **Proposed Interim Lead Counsel Has Performed Substantial Work to Identify and Investigate Plaintiff's Claims**

Proposed Interim Lead Counsel has performed extensive work in identifying and investigating the claims in this action, and is prepared to continue that effort in the context of the litigation. Among other things, the pre-filing investigation included the gathering of hundreds of pages of relevant documents from available public sources

2

(including public filings, newspaper articles and other materials), interviews of potential witnesses regarding their knowledge of the issues in the case and discussions with the Plaintiff about the terms and conditions of his purchases of the Train Toys. In short, Proposed Interim Lead Counsel has taken the initiative in investigating the case and developing theories of liabilities to maximize efficiency and move the litigation forward. These activities amply demonstrate the qualification of Proposed Interim Lead Counsel to fulfill a leadership role in this litigation.

      B.     **Proposed Interim Lead Counsel Is Highly Experienced in Handling Class Actions, Complex Litigation and the Types of Claims in this Action**

Counsel for Plaintiff has extensive experience in handling class actions in general and in handling claims of the type asserted in this action in particular. *See Exhibit "A"* (firm resume of Proposed Interim Lead Counsel) to the Declaration of Peter S. Pearlman. Proposed Interim Lead Counsel's attorneys represent plaintiffs nationwide in a variety of important, complex consumer class actions. Proposed Interim Lead Counsel's attorneys have taken a leading role in many of the largest state and federal consumer fraud, human rights, environmental, public health and tobacco-related cases throughout the United States.

Lerach Coughlin is a 180-lawyer law firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston and Philadelphia (www.csgrr.com). Lerach Coughlin is actively engaged in complex litigation, emphasizing securities, consumer, insurance, healthcare, human rights, employment discrimination and antitrust class actions. Lerach Coughlin's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys who

have successfully prosecuted thousands of class action lawsuits. As a result, Lerach Coughlin attorneys have been responsible for recoveries of more than $45 billion.

This successful track record stems from the firm's experienced attorneys, including many who left partnerships at other firms or came to Lerach Coughlin from federal, state and local law enforcement and regulatory agencies, including dozens of former federal prosecutors and a former federal judge. Lerach Coughlin also includes more than 25 former federal (circuit and district) and state judicial clerks. Lerach Coughlin currently represents more institutional investors in securities and corporate litigation – public and multi-employer funds – than any other firm in the United States.

Lerach Coughlin's attorneys represent plaintiffs nationwide in a variety of important, complex consumer class actions. Lerach Coughlin's attorneys have taken a leading role in many of the largest state and federal consumer fraud, human rights, environmental, public health and tobacco-related cases throughout the United States. Lerach Coughlin is also actively involved in numerous cases relating to the financial services industry, pursuing claims on behalf of individuals victimized by abusive mortgage lending practices, including violations of the Real Estate Settlement Procedures Act, market timing violations in connection with the sale of variable annuities and deceptive consumer credit lending practices in violation of the Truth-In-Lending Act.

**Current consumer cases include:**

>     **Dell's Bait and Switch Scheme.** Plaintiffs have sued Dell, Inc. and its financing partners, Dell Financial Services and CIT Bank, in connection with their bait and switch sales and financing practices. The class action complaint alleges that Dell uses its advertisements to lure customers in, promising low-price computers. At the point of sale,

Dell engages in one of several bait and switch schemes, including substituting lesser quality computer components for those ordered and paid for by customers, increasing the purchase price without adequate notice to customers, and canceling orders when Dell does not want to honor advertised deals. This class action also alleges illegal financing behavior, including Dell switching or failing to adequately disclose the terms of Dell's financing agreement, including less favorable financing plans, hidden charges and fees, and much higher interest rates.

> **eBay Shill Bidding Litigation.** Lerach Coughlin's attorneys represent a plaintiff and class members in litigation against auction company eBay. The class action alleges unlawful shill bidding by eBay in its online auctions. Plaintiff alleges that eBay's practice of increasing winning bids, when an eBay customer uses eBay's proxy bidding tool, violates numerous California auction and consumer laws.

> **Illegal Internet Gambling Advertisements.** Lerach Coughlin represents the general public and a class of California residents who have been harmed by the illegal online advertising for gambling casinos. In a complaint upheld by Judge Kramer of the San Francisco complex litigation department, plaintiffs have alleged that the numerous online search engines have violated California Law by taking payment in exchange for advertising illegal gambling websites.

> **Cellphone Termination Fee Cases.** Lerach Coughlin's attorneys are co-lead counsel in a lawsuit against the six major wireless telephone service providers in California. The plaintiffs allege that the early termination fee provisions in defendants' contracts are illegal penalties under California Law, designed to unfairly tether

consumers to long-term contracts and prevent customers from changing their wireless service providers.

> **Tenet Healthcare Cases.** Lerach Coughlin's attorneys are co-lead counsel in a class action alleging a fraudulent scheme of corporate misconduct, resulting in the overcharging of uninsured patients by the Tenet chain of hospitals. The firm's attorneys represent uninsured patients of Tenet hospitals nationwide who were overcharged by Tenet's admittedly "aggressive pricing strategy" which resulted in price gouging of the uninsured. Judge McCoy of the Los Angeles Superior Court granted preliminary approval of a settlement between plaintiffs and Tenet.

> **AT&T Wireless Coverage Maps.** Lerach Coughlin's attorneys represent consumers in a Los Angeles action that alleges false and misleading advertising by AT&T Wireless. Plaintiffs claim that AT&T Wireless's coverage maps are deceptive because they fail to disclose that defendants' service area is riddled with coverage gaps and holes. Plaintiffs seek injunctive relief from the court requiring AT&T Wireless to publish accurate coverage maps indicating where consumers are actually able to place wireless telephone calls throughout the Los Angeles region. AT&T Wireless was acquired by Cingular Wireless.

> **Webloyalty Consumer Fraud Litigation.** Lerach Coughlin's attorneys represent consumers in a nationwide action pending in the District of Massachusetts against Webloyalty.com, a Connecticut-based online marketing company that does business with many of the nation's largest online e-commerce retailers. The complaint charges that consumers who make legitimate purchases from certain e-commerce companies are surreptitiously enrolled in one of Webloyalty's monthly membership

programs for which Webloyalty charges a monthly fee (up to $10.00) which shows up on the consumer's credit card statement as "WLI Reservation Rewards." The complaint alleges violations of the Electronic Communications Privacy Act, unfair and deceptive acts and practices, unjust enrichment, invasion of privacy, money had and received, and civil theft.

**Prior consumer cases include:**

\> **Schwartz v. Visa.** After years of litigation and a six month trial, Lerach Coughlin's attorneys won one of the largest consumer protection verdicts ever awarded in the United States. In Schwartz v. Visa Int'l, et al., Case No. 822404-4 (Cal. Super. Ct., Alameda County), California consumers sued Visa and MasterCard for intentionally imposing and concealing a fee from their cardholders. The Court ordered Visa and MasterCard to return $800,000,000 in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the Court ordered full disclosure of the hidden fee.

\> **In re Lifescan, Inc. Consumer Litig., Case No. CV-98-20321-JF (N.D. Cal.).** Lerach Coughlin's attorneys were responsible for achieving a $45 million all-cash settlement with Johnson & Johnson and its wholly-owned subsidiary, Lifescan, Inc., over claims that Lifescan deceptively marketed and sold a defective blood-glucose monitoring system for diabetics. The Lifescan settlement was noted by the District Court for the Northern District of California as providing "exceptional results" for members of the class.

Proposed Interim Lead Counsel Lerach Coughlin is also sole lead counsel in the securities fraud class action In re Enron Corp. Sec. Litig., Case No. H-01-3624 (S.D.

Tex.) pending against Enron Corp. ("Enron") and other responsible parties. In appointing Lerach Coughlin's attorneys as sole lead counsel to represent the interests of Enron investors, the Court found that the firm's zealous prosecution and level of "insight" set it apart from its peers. Ever since, Lerach Coughlin and lead plaintiff The Regents of the University of California have aggressively pursued numerous defendants, including many of Wall Street's biggest banks and law firms. Despite each defendant's claim that as a matter of law it could not be found liable for plaintiffs' losses, Lerach Coughlin and the Regents have thus far obtained settlements in excess of $7.2 billion for the benefit of investors.

### C.     Proposed Interim Lead Counsel Has Extensive Knowledge of the Applicable Law

Proposed Interim Lead Counsel has extensive knowledge of applicable federal and state law, as its success in past class action proceedings demonstrates. Plaintiff's Counsel has litigated cases in multiple state and federal courts across the country, including numerous cases in New Jersey state and federal court. Indeed, Lerach Coughlin attorneys are currently among a handful of attorneys actively litigating the In re Pet Food Prods. Liab. Litig., No. MDL 1850, currently pending in the District of New Jersey. As such, Proposed Interim Lead Counsel has the requisite knowledge to act as Lead Counsel in this matter.

### D.     Proposed Interim Lead Counsel Is Prepared to Commit Significant Resources to Litigating this Case

Proposed Interim Lead Counsel is prepared to devote significant human and financial resources to representing the interests of the proposed class. Proposed Interim Lead Counsel has committed multiple lawyers to the effort, and will devote whatever

resources are necessary to take this case through pre-trial, trial and any appeals that might be necessary. In addition, Proposed Interim Lead Counsel has the financial wherewithal to fund the case – and absorb whatever expenses may be required, including expert expenses – through the entire length of the case, even if the case were to take several years to resolve. Proposed Interim Lead Counsel has demonstrated its willingness to fund these types of cases in the past, and will do so here, as well.

Accordingly, all of the Rule 23(g)(1)(C) considerations militate in favor of the Court finding that Proposed Interim Lead Counsel Lerach Coughlin will fairly and adequately represent the interests of the proposed class.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Counsel respectfully request that the Court grant their motion and appoint the law firm of Lerach Coughlin to serve as Interim Lead Counsel under Federal Rule of Civil Procedure 23(g).

DATED: August 31, 2007

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN

_____
PETER S. PEARLMAN

Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone: 201/845-9600
201/845-9423 (fax)

> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> JACK REISE
> STUART A. DAVIDSON
> JAMES L. DAVIDSON
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, FL 33432
> Telephone: 561/750-3000
> 561/750-3364 (fax)
>
> GULAS & STUCKEY, P.C.
> JASON A. STUCKEY
> LAUREN WAGNER PEDERSON
> (of counsel)
> 2031 2nd Avenue North
> Birmingham, AL 35203
> Telephone: 205/879-1234
> 205/879-1247 (fax)
>
> Attorneys for Plaintiff

10