# Exhibit C

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 27  P 1: 52

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE THOMAS & FRIENDS™ WOODEN RAILWAY TOYS LITIGATION** | **MDL DOCKET NO.: _____** |

## RC2 CORPORATION'S AND LEARNING CURVE BRANDS, INC.'S MOTION FOR TRANSFER OF ACTION TO THE NORTHERN DISTRICT OF ILLINOIS FOR COORDINATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

1.      Defendants RC2 Corporation and Learning Curve Brands, Inc. (collectively referred to hereafter as "RC2") seek to have all of the actions listed at Tab A of the Exhibit Volume transferred to the United States District Court for the Northern District of Illinois for coordinated pre-trial proceedings as permitted by Section 1407 of Title 28 of the United States Code.

2.      Pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a Schedule of Actions is submitted herewith as Tab A in the accompanying Exhibit Volume. Copies of the Complaints in the actions for which coordination is sought are set forth at Tabs B through N.

3.      As set forth more fully in the accompanying Brief in Support of RC2's Motion for

        Transfer of Actions to the Northern District of Illinois for Coordinated Pre-Trial

        Proceedings Pursuant to 28 U.S.C. § 1407 (hereinafter the "Brief in Support"), at

        least thirteen separate class actions raising a number of claims relating to Thomas

        & Friends™ Wooden Railway Toys have been filed in the past three months.

4.      Each of the actions claims that a plaintiff was exposed to paint containing lead

        and subsequently allegedly suffered damages.

5.      Each complaint seeks certification of a nationwide class. Further, each complaint

        contains causes of action against RC2 sounding in strict liability, negligence,

        breach of implied warranty, and State Consumer Fraud Acts. Many of the

        complaints also include claims based on breach of express warranty, medical

        monitoring and unjust enrichment.

6.      Because plaintiffs' allegations raise common issues of fact, RC2 anticipates that

        each plaintiff will request RC2 to produce similar or identical information,

        documents and witnesses.

7.      RC2's corporate headquarters are located in Oak Brook, Illinois, which is in the

        Northern District of Illinois. It would appear at this stage that the majority of the

        documents and witnesses relevant to these cases will be located at RC2's

        corporate headquarters in the Northern District of Illinois.

8.      The expeditious resolution of these disputes would best be accomplished through

        coordinated discovery.

2

9.    As demonstrated more fully in the accompanying Brief in Support, coordination of these actions for pretrial discovery proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. Furthermore, the issues of fact in these actions are sufficiently similar to warrant coordination pursuant to 28 U.S.C. §1407.

10.    The United States District Court for the Northern District of Illinois is the most desirable forum for the pretrial proceedings because:

(a)    It is the Court in which nine of the thirteen actions were filed;

(b)    It is the location of the corporate headquarters of RC2;

(c)    It is the probable location of some of the documents, evidence and witnesses in this matter; and

(d)    It is in a geographically central location for this nationwide litigation.

11.    A copy of this Motion, the Brief in Support hereof, the Exhibit Volume, Notice of Appearance for RC2 Corporation and Learning Curve Brands, Inc., Request for Oral Argument and Corporate Disclosure Statement of RC2 Corporation and Learning Curve Brands, Inc. were served on each party to each of the actions set forth in the Schedule of Actions, and a copy has been filed in each District Court in which an action potentially affected by this motion is pending.

WHEREFORE, RC2 respectfully requests that, pursuant to 28 U.S.C. § 1407, the MDL Panel order the transfer of the Actions set forth at Tab A to the United States District Court for the Northern District of Illinois for coordinated pre-trial proceedings and, with the consent of that court, to the docket of District Judge Harry D. Leinenweber.

1/1990188.1

3

Respectfully submitted,

RC2 Corporation and Learning Curve Brands, Inc.


*Judy S. Okenfuss*

By one of their attorneys
Judy S. Okenfuss
Indiana Attorney No 16157-49

Judy S. Okenfuss
Jim L. Petersen
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
(317) 236-2100

Bart Murphy
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
(630) 955-0555

Gordon S. Rather, Jr
Claire Shows Hancock
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
(501) 371-0808

Dennis M. Reznik
Charles Stotter
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ  07078
(973) 921-5214

Hugh Russ
HODGSON RUSS ANDREWS WOODS & GOODYEAR
140 Pearl Street
Buffalo, NY  14202-4040
(716) 848-1388
Attorney for RC2 Corporation only

I/2001110.1

# Exhibit D

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky



**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

August 30, 2007

TO INVOLVED COUNSEL:

Re:  MDL No.1893 -- IN RE RC2 Corp. Toy Lead Paint Products Liability Litigation

DOCUMENT FILED:  Motion of Defendants RC2 Corp. and Learning Curve Brands, Inc., for Transfer of Actions to the
Northern District of Illinois for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28
U.S.C. § 1407

Dear Counsel:

Today we have filed the above-described motion for transfer of additional action(s), pursuant to Panel Rule 7.2(h), in
connection with the previously filed motion in this docket. Papers filed with the Panel and all correspondence MUST bear the
**DOCKET NUMBER** and **CAPTION ASSIGNED** by the Panel as noted above. Enclosed is a summary of the Rules of
Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001). Parties must notify this office within the next
11 days of the name and address of the attorney designated to receive service. **ONLY ONE ATTORNEY SHALL BE
DESIGNATED FOR EACH PARTY.** A Panel Attorney Service List will be distributed to all counsel upon expiration of the
time for appearances as noted below.

**RULE 5.2(c) APPEARANCES AND RULE 5.3 CORPORATE DISCLOSURE STATEMENTS ARE DUE NO
LATER THAN NOON EASTERN TIME:** September 10, 2007

**RESPONSES TO THIS MOTION ARE DUE ON OR BEFORE:** September 19, 2007

By copy of this letter, counsel are requested to serve a copy of their previously filed response on counsel for new parties
once the revised Panel Attorney Service List has been distributed.

Panel Rule 5.2(a) requires that responses to motions be served on ALL parties in ALL actions. An **ORIGINAL and
FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF)
format, are currently required for filing.

Please note that the previously established deadline of September 7th for appearances and corporate disclosure
statements and September 17th for responses to the motion of plaintiff Abel Martinez are extended to conform to the schedule
established herein. Accordingly, **the new date for appearances and corporate disclosure statements is September 10, 2007,
and the new date for the responses to both motions is September 19, 2007.** In order to streamline briefings of this matter,
counsel should consider filing a single response to both motions.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Janisha Spinner_
Deputy Clerk

# SUMMARY OF PANEL RULES – 199 F.R.D. 425 (2001)
[Revised April 20, 2005]

Responses and replies to motions or orders to show cause are to be filed and served in conformity with Rules 5.11, 5.12, 5.13, 5.2, 7.1, 7.2 and 7.3 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>. Please note the following:

**Address to:**
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

Telephone: 202/502-2800
Office Hours: 9 a.m. to 4 p.m.

FAX: 202/502-2888 (24 hours)
Website: www.jpml.uscourts.gov

**No papers are to be left with or mailed to a Judge of the Panel or his/her chambers for filing.**

Rule 5.12(a) identifies those documents which require an original only for filing. An original and four copies of motions, briefs, responses, etc., must be submitted for filing. Rule 5.12(d) states that papers requiring only an original may be faxed to the Panel office with prior approval. Papers requiring multiple copies will NOT be accepted via fax.

Rule 5.13 requires submission, on a 3½ inch disk in WordPerfect for Windows format, of one computer readable copy of any paper for which submission of an original and four copies is required under Rule 5.12(a).

Rule 5.2 requires that all papers filed with the Panel must be served on <u>all</u> parties in <u>all</u> actions involved in the litigation. If liaison counsel has been appointed by the transferee court in an existing MDL docket, this rule is satisfied by serving each party in each affected action and all liaison counsel. Recipients of a motion have ELEVEN (11) days (Rule 5.2(c)) to notify this office in writing of one attorney per party to receive service of future Panel pleadings filed in the litigation. A "Panel Service List" will be prepared and distributed by this office in compliance with Rule 5.2(d). A copy of this "Panel Service List" must be attached to the proof of service and supplemented in the event of the presence of additional parties or successor counsel.

Rule 5.3 requires any nongovernmental corporate party to file a Corporate Disclosure Statement within eleven days of the filing of a motion or order to show cause.

Rule 7.1 outlines the format for pleadings filed with the Panel and notes that the heading on the first page of each pleading shall commence not less than 3 inches from the top of the page. Each pleading shall bear the heading "Before the Judicial Panel on Multidistrict Litigation," the identification "MDL Docket No.____" and the descriptive title designated by the Panel. For new litigations, movant should use an appropriate descriptive title. Papers may be fastened in the upper left corner without side binding or front or back covers. Each brief submitted for filing shall be <u>limited to twenty pages,</u> exclusive of exhibits. Exhibits exceeding 50 pages must be fastened separately from the accompanying pleading.

Review Rule 7.2 for identification of accompaniments to motions under 28 U.S.C. §1407. See Rule 6.2 for guidance on requesting extensions of time. Counsel are required by Rules 7.2(f) and 7.3(e) to advise the Panel of any developments in the litigation which would partially or completely moot a matter being considered by the Panel.

Rules 7.2(i), 7.3(a) and 7.5(e) require parties and counsel to notify the Panel of any potential tag-along actions in which they are involved.

← SEE OTHER SIDE FOR MORE INFORMATION →

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**TO:**    Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

**THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)    September 10, 2007**
**Panel Fax No.: (202) 502-2888**

MDL No. **1893**-- IN RE RC2 Corp. Toy Lead Paint Products Liability Litigation

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant--attach list if necessary):**

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).-- attach list if necessary):**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated. I am aware that only one attorney can be designated for each party.

_____          _____
Date                                    Signature of Attorney or Designee

**Name and Address of Designated Attorney:**

Telephone No.: _____          Fax No.:_____

Email Address: _____

**ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING**
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

JPML Form 18

# Exhibit E

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE THOMAS & FRIENDS TRAIN | ) | MDL Docket No._____ |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | |

**MOTION FOR TRANSFER AND
COORDINATION PURSUANT TO 28 U.S.C. 1407**

For the reasons set forth in the accompanying memorandum, Plaintiff Abel

Martinez respectfully moves the Panel to transfer and coordinate the pending cases

identified in the schedule filed concurrently herewith to the United States District Court

for the Central District of California, and to consolidate them for pretrial purposes before

The Honorable A. Howard Matz.

As set forth below and in the accompanying Memorandum, Movant believes the

actions listed on the accompanying Schedule of Actions satisfy the requirements for

1

consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this Motion, Plaintiff states as follows:

1.      Movant is the plaintiff in *Abel Martinez v. RC2 Corporation,* Case No. 07–0541–AHM (FMO).  The *Martinez* Action is a class action brought on behalf of all United States residents who purchased Thomas & Friends Train products.

2.      The *Martinez* Action alleges that Thomas & Friends distributed lead contaminated toys to the general public, and the action seeks damages on behalf of all class members.

3.      The factual allegations in the related actions contain similar allegations concerning the sale of potentially contaminated toy train products.  (*See* accompanying Complaints .)  The cases are all similar with respect to the legal theories supporting their claims.

4.      All of the plaintiffs assert claims for damages, claims under state unfair and deceptive acts statutes, as well as common law claims.  Each of the related actions is a class action.

5.      In each case, the district court will be asked to determine the same factual and legal issues raised against the defendant.

6.      As a result of the similar claims, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses, since each case arises from virtually identical operative facts.

7.      Absent transfer of all of these cases to a single forum for coordinated and consolidated pretrial proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification. There has been no discovery in any of the actions and no initial disclosures have been made.  Since all actions are in the beginning stage of litigation, no prejudice or inconvenience will result from transfer, coordination, and/or consolidation.

8.      Efficiency in the administration of justice will be served by consolidation, because one judge, rather than a number of judges, can supervise all pretrial proceedings and render rulings that are consistent for all plaintiffs on common issues.

9.      For the reasons stated in this Motion and the Memorandum of Law submitted herewith, Plaintiff respectfully requests that all cases listed in the attached schedule be transferred to the United States District Court for the Central District of California to be consolidated for pretrial purposes before the Honorable A. Howard Matz. Respectfully submitted this 20th day of August, 2007.

Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East, Suite 820
Los Angeles, CA  90067
Phone (310) 552-3366
Facsimile (310) 552-3289

*Attorneys for Plaintiff Martinez*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE THOMAS & FRIENDS TRAIN | ) | MDL Docket No._____ |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C § 1407**

Plaintiff Martinez seeks transfer and pretrial coordination of the cases involving

"Thomas & Friends" Toy Trains recall of toy products pursuant to 28 U.S.C. § 1407.

Plaintiffs in these ten (10) class action complaints all allege that the defendant

sold products (toy trains) containing lead paint. The ten (10) class action complaints

against RC2 Corporation assert the same facts in each of the purported class action

lawsuits. Given the similarity in their factual allegations, as well as the substantial

overlap in the purported classes and the named Defendant, these actions unquestionably

satisfy the statutory requirements for transfer and centralization under 28 U.S.C § 1407:

(i) all of these cases involve "one or more common questions of fact," (ii) transfer would

further "the convenience of parties and witnesses," and (iii) transfer "will promote the

just efficient conduct of such actions." *Id.*

1

## BACKGROUND

Centralization of these cases would promote the orderly resolution of numerous substantive and procedural matters best handled by a single decision-maker. These class action lawsuits arise out the same alleged course of conduct: recall of toy trains sold by RC2 Corporation. As these cases are ideally suited for centralization under § 1407, this Panel should enter and order transferring the actions to an appropriate United States District Court for consolidated and coordinated pretrial proceedings.

## ARGUMENT

28 U.S.C. § 1407(a) specifies that this Panel may transfer two or more civil cases for pretrial coordination upon a determine that: (i) the cases involve "one or more common questions of fact," (ii) the transfers will further "the convenience of parties and witnesses," and (iii) the transfers "will promote the just and efficient conduct of such actions." *Id.* The cases requested for transfer and coordination, as detailed in the attached Schedule of Actions, clearly meet these criteria and should be transferred for coordinated pretrial proceedings.

## I.    TRANSFER AND PRETRIAL COORDINATION OF THESE ACTIONS IS APPROPRIATE BECAUSE THESE ACTIONS INVOLVE ONE OR MORE COMMON QUESTIONS OF FACT.

The actions at issue clearly meet the first requirement of § 1407(a). As set forth above, these complaints arise out of same recall of Thomas and Friends trains due to alleged lead paint contamination.

The actions overlap. Each class action proposes a nationwide class on behalf of purchasers of the products. Each of the actions seeks recovery from essentially the same defendant: RC2 Corporation.

This Panel has long recognized that overlapping and parallel class actions asserting similar claims for recovery are particularly well-suited for consolidation. *See In re Gen. Motors Corp. Type III Door Latch Prods. Liab. Litig.,* Docket No. 1266, 1999 U.S. Dist. LEXIS 5075, at *1-2 (J.P.M.L. Apr. 14, 1999) (ordering transfer where "the three actions in this litigation involve common questions of fact concerning allegations that the 'unmodified Type III door latches' on certain GM vehicles are defective and prone to failure"); *In re Chrysler Corp. Vehicle Paint Litig.,* Docket No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2(J.P.M.L. Oct. 2, 1998) (ordering transfer where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles that result in chipping, peeling and discoloration of the paint finish"). This concept applies to the "Thomas & Friends" class action cases.

## II.   TRANSFER AND PRETRIAL COORDINATION OF THESE ACTIONS IS APPROPRIATE BECAUSE CENTRALIZATION WILL SERVE THE CONVENIENCE OF PARTIES AND WITNESSES.

Centralization of these actions will satisfy the second criterion under 1407(a), by serving the "convenience of parties and witnesses." Without consolidation, Defendant will be subjected to inconsistent schedules, conferences, and hearings, and unnecessary duplicate discovery demands, and witnesses will be subjected to wholly redundant depositions in each separate action. Such redundancy would prove difficult given the

geographic disparity between the different jurisdictions. Consolidation would solve these problems by enabling a single judge to formulate a pretrial program that would minimize witness inconvenience and overall expense. *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

### III. TRANSFER AND PRETRIAL COORDINATION OF THESE ACTIONS IS APPROPRIATE BECAUSE CENTRALIZATION WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS.

Centralization of the pending actions will promote the third criterion under 1407(a) ("the just and efficient conduct of such actions") by: (i) preventing duplicative discovery, (ii) preventing inconsistent pretrial rulings, and (iii) facilitating consistent resolution of class action issues. *In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Docket No. 1396, 2001 U.S. Dist. LEXIS 5226, at *3(J.P.M.L. Apr. 18, 2001) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of privilege issues, confidentiality issues and class certification), and conserve the resources of the parties, their counsel and the judiciary.")

If the currently pending cases are transferred and centralized, any later-filled duplicative lawsuits (which are expected) could be expediently included as "tag-along" actions in an MDL proceeding. *See In re Gas Meter Antitrust Litig.*, 464 F. Supp. *391,393*(J.P.M.L. 1979)(ordering transfer, in part, based on the "salutary effect to providing a ready forum for the inclusion of any newly filed actions").

A.    **Centralization of These Actions Will Prevent Duplicative Discovery.**

Transfer of the lawsuits to a single court will prevent duplicative discovery by enabling the parties and courts to coordinate discovery of all these actions, rather than having simultaneous, parallel discovery tracks in different jurisdictions. Such coordination will reduce the time and effort expended by the parties and the courts in resolving disputes concerning the nature and scope of discovery. Additionally, coordination will prevent repetitive depositions of defense witnesses, who are needed for the daily operations of their companies. Moreover, no discovery has taken place in any of the actions to date, enabling a single court to coordinate the discovery process from the start. Accordingly, centralization of these actions would promote the just and efficient resolutions of these disputes by preventing duplication of discovery efforts.

B.    **Centralization of These Actions Will Prevent Inconsistent Pretrial Rulings.**

Centralization will also avoid inconsistent pretrial rulings regarding various pivotal issues. *In re Prempro Prods. Liab. Litig.,* 254 F. Supp.2d 1366, 1367 (J.P.M.L 2003) (ordering transfer of six actions, because refusal to consolidate would mean that "many of the judges assigned to the various actions would be required to needlessly replicate other judges' work on such matters as class action certifications, medical monitoring claims, the structuring of confidentiality and other discovery orders. The scheduling of depositions and other discovery, rulings on motions to dismiss, and so forth.")

In the present actions, the risk of inconsistent rulings is unusually high, because the actions are governed by substantially similar complaints and because multiple disputed issues are anticipated.

First, this complex products liability litigation will involve the decisions on various motions to dismiss, the scope and timing of pretrial discovery, and the resolution of Plaintiffs' claims. *In re Prempro Prods. Liab. Litig,* 254 F. Supp. 2d at 1367.

Second, these actions will almost certainly involve disputes over discovery. Because separate prosecution of these actions creates the potential for inconsistent pretrial rulings, this Panel should order their pretrial coordination.

### C.    Centralization of These Actions Will Facilitate a Uniform Class Certification Decision.

Because most of these actions seek class-wide relief, the risk of inconsistent pretrial rulings from separately-managed actions is especially troublesome. "Consistently held that transfer of actions under 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In Re Sugar Indus. Antitrust Litig.,* 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); *In Re TMJ Implants Prods. Liab Litig., 844 F. Supp. 1533, 1554* (J.P.M.L. 1994) (Centralization under Section 1407 is necessary to prevent inconsistent pretrial rulings, especially with respect to class certifications and summary judgments; *In Re Hawaiian Hotel Room Rate Antitrust Litig.,* 438 F. Supp. 935, 936 (J.P.M.L 1977) (Section 1407 centralization is especially important to ensure "consistent treatment of the class action issues.") *In Re Plumbing Fixture Cases,* 298 F. Supp. 484, 493 (J.P.M.L. 1968) (holding that transfer was necessary to avoid "pretrial chaos in conflicting class action determinations").

The purported class allegations in each of these cases are virtually identical and the proposed classes overlap in their purported composition. Accompanying arguments presented both for and against class certification will be the same. Accordingly, failure to transfer and coordinate these actions would introduce a significant risk of inconsistent

6

rulings on class certification and other class action-related issues. Further, adjudicating the same class-related matters in multiple courts would involve much unnecessary duplication of effort by the parties and the courts.

## **VENUE**

Plaintiffs respectfully requests this Panel to transfer the cases to the United States District Court of the Central District of California. The Court's docket is not overly crowded and the Court is not overly burdened with MDL cases. In addition, the products were shipped to points located in California, and California residents purchased a significant number of the products. No other cases have advanced at this point and no significant pretrial rulings have been made.

## **CONCLUSION**

For all the foregoing reasons, the centralization of these actions will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. 1407(a). Accordingly, Plaintiff respectfully requests this Panel to enter an order transferring the actions, as detailed in the attached Schedule of Actions, to Judge Matz of the United States District Court of the Central District of California for consolidated and coordinated pretrial proceedings.

Respectfully submitted this 20th day of August, 2007.

Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East, Suite 820
Los Angeles, CA 90067

7

Phone (310) 552-3366
Facsimile (310) 552-3289

*Attorneys for Plaintiff Martinez*
(United States District Court for the
Central District of California,
Case No. CV 07-5401–AHM (FBO))

MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

IN RE THOMAS & FRIENDS TRAIN   )   MDL Docket No._____
PRODUCTS LIABILITY LITIGATION  )
                             )
                             )
                             )

## RULE 7.2(a)(ii) SCHEDULE OF ACTIONS

*Abel Martinez v. RC2 Corporation,* CV 07 5401-AHM (FMO) (Central District of California) (Ex. 1)

*Kelly v. RC2 Corporation,* No. 07 CV 2525 (E.D.N.Y.) (Ex. 2)

*Stratton v. RC2 Corporation,* 4:07 CV 0640-JMM (E.D.Ark.) (Ex. 3)

*Sweeney v. RC2 Corporation,* 1:07 CV 0772-LJM-WTL (S.D.Ind.) (Ex. 4)

*Murdock v. RC2 Corporation,* 2:07 CV 3376-WHW-MF (D.N.J.) (Ex. 5)

*Hesse v. Learning Curve Brands, Inc.,* 1:07 CV 3514 (N.D. Ill.) (Ex. 6)

*Deke v. RC2 Corp.,* 1:07 CV 3609 (N.D. Ill.) (Ex. 7)

*Walton v. RC2 Corp.,* No. 07 CV 3614 (N.D. Ill.) (Ex. 8)

*Rohde v. Learning Curve Brands, Inc.,* No. 07 CV 4187 (N.D. Ill.) (Ex. 9)

*Kreiner v. RC2 Corp.,* No. 07 CV 4547 (N.D. Ill.) (Ex. 10)

Dated: __8/20__ , 2007             KING & FERLAUTO, LLP

Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East,
Suite 820
Los Angeles, CA 90067

*Attorneys for Movant Martinez*

1

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE THOMAS & FRIENDS TRAIN   )    MDL Docket No._____
PRODUCTS LIABILITY LITIGATION  )
                                   )
                                   )
                                 )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon all Parties' counsel of record, or

upon the Party if no counsel of record appears, a copy of the within and foregoing

**"MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. §**

**1407"** by causing a copy of same to be deposited in the United States mail, postage

prepaid, and properly addressed as follows:

>Judicial Panel on Multidistrict Litigation
>Thurgood Marshall Federal Judiciary Building
>One Columbus Circle, NE
>Room G-255, North Lobby
>Washington, DC 2002-8004
>
>Bart T. Murphy
>ICE MILLER LLP
>2300 Cabot Drive, Suite 455
>Lisle, IL 60532
>*Counsel for RC2 Corporation*
>
>Elizabeth A. Fegan
>Timothy P. Mahoney
>HAGENS BERMAN SOBOL SHAPIRO LLP
>820 North Blvd., Suite B
>Oak Park, IL 60301
>*Counsel for Plaintiff Hesse*

1

Robert Foote
FOOTE, MEYERS, MIELKE & FLOWERS
28 North First Street, Suite 2
Geneva, IL 60134
*Counsel for Plaintiff Deke*

Edward Wallace
WEXLER, TORISEVA, WALLACE, LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60612
*Counsel for Plaintiff Walton*

Joseph Williams
PRICE WAIKUKAUSKI & RILEY, LLC
301 Madison Avenue
Indianapolis, IN 46204
*Counsel for Plaintiff Kreiner*

Thomas A. Zimmerman, Jr.
Hugh J. Green
ZIMMERMAN LAW OFFICES, P.C.
100 West Monroe Street
Suite 1300
Chicago, IL 60603
*Counsel for Plaintiff Rohde*

Peter Pearlman
COHN LIFLAND PEARLMAN HERRMAN & KNOPF, LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663
*Counsel for Plaintiff Murdock*

William N. Riley
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Ave.
Indianapolis, IN 46204
*Counsel for Plaintiff Sweeney*

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 W. Main St.
Russellville, AR 72811
*Counsel for Plaintiff Stratton*

CERTIFICATE OF SERVICE

John Balestriere
Craig Lanza
BALESTRIERE PLLC
225 Broadway, Suite 2700
New York, NY 10007
*Counsel for Plaintiff Kelly*

Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East, Suite 820
Los Angeles, CA 90067
*Counsel for Plaintiff Abel Martinez*

This is also to certify that I have this day mailed to the clerk of each United States

District Court in which an action is pending that will be affected by the Motion for

Transfer and Coordination Pursuant to 28 U.S.C. § 1407 a copy, for purposes of filling in

said Court, of the within and foregoing **"MOTION FOR TRANSFER AND**

**COORDINATION PURSUANT TO 28 U.S.C. § 1407"** by causing a copy of same to

be deposited in the United States mail, postage prepaid, and properly addressed as

follows:

United States District Court
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

United States District Court
Northern District of Illinois
Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, IL 60604

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

United States District Court
Eastern District of Arkansas

3

**CERTIFICATE OF SERVICE**

600 West Capitol Ave., Suite 402
Little Rock, AR 72201

United States District Court
Southern District of Indiana
Birch Bayh Federal Building &
United States Courthouse
46 East Ohio Street, Room 105
Indianapolis, IN 46204

United States District Court
District of New Jersey
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

This _21st_ day of August, 2007.

Thomas M. Ferlauto

*Attorneys for Plaintiff Abel Martinez*

4
**CERTIFICATE OF SERVICE**

# Exhibit F

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

August 28, 2007

Re:  MDL No. 1893 -- IN RE: RC2 Corp. Toy Lead Paint Products Liability Litigation

DOCUMENT FILED:  Motion of Plaintiff Abel Martinez for Transfer of Actions to the Central District of California
for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

Dear Counsel:

Today we have filed the above-described motion.  Papers filed with the Panel and all correspondence MUST
bear the **DOCKET NUMBER** and **CAPTION ASSIGNED** by the Panel as noted above.

Enclosed is a summary of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D.
425 (2001).  Pursuant to Rule 5.2(c), you must notify this office within the next 11 days of the name and address of
the attorney designated to receive service of all papers relating to practice before the Panel.  **ONLY ONE
ATTORNEY SHALL BE DESIGNATED FOR EACH PARTY.**  We will prepare a Panel Attorney Service List on
the basis of the appearances received and transmit it to you for your use in complying with our service requirements.
**PLEASE COOPERATE BY PROMPTLY RETURNING THE ENCLOSED APPEARANCE FORM.**

**APPEARANCE AND RULE 5.3 CORPORATE DISCLOSURE STATEMENT
ARE DUE NO LATER THAN NOON EASTERN TIME :  September 7, 2007**

Panel Rule 5.2(a) requires that responses to motions be served on ALL parties in ALL actions.  An
**ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in
Adobe Acrobat (PDF) format, are currently required for filing.

**RESPONSES DUE ON OR BEFORE:**          **September 17, 2007**

Panel Rule 7.2(i) requires any party or counsel in these actions to promptly notify this office of any potential
tag-along in which that party is also named or in which that counsel appears.

You will be notified when this matter has been scheduled for a hearing session before the Panel.  You must
file a response if you wish to participate in oral argument, if it is scheduled by the Panel.  Please carefully review
Panel Rule 16.1 dealing with hearing sessions.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

Enclosures

## SUMMARY OF PANEL RULES – 199 F.R.D. 425 (2001)
[Revised April 20, 2005]

Responses and replies to motions or orders to show cause are to be filed and served in conformity with Rules 5.11, 5.12, 5.13, 5.2, 7.1, 7.2 and 7.3 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>. Please note the following:

**Address to:**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

Telephone: 202/502-2800
Office Hours: 9 a.m. to 4 p.m.

FAX: 202/502-2888 (24 hours)
Website: www.jpml.uscourts.gov

**No papers are to be left with or mailed to a Judge of the Panel or his/her chambers for filing.**

Rule 5.12(a) identifies those documents which require an original only for filing. An original and four copies of motions, briefs, responses, etc., must be submitted for filing. Rule 5.12(d) states that papers requiring only an original may be faxed to the Panel office with prior approval. Papers requiring multiple copies will NOT be accepted via fax.

Rule 5.13 requires submission, on a 3½ inch disk in WordPerfect for Windows format, of one computer readable copy of any paper for which submission of an original and four copies is required under Rule 5.12(a).

Rule 5.2 requires that all papers filed with the Panel must be served on <u>all</u> parties in <u>all</u> actions involved in the litigation. If liaison counsel has been appointed by the transferee court in an existing MDL docket, this rule is satisfied by serving each party in each affected action and all liaison counsel. Recipients of a motion have ELEVEN (11) days (Rule 5.2(c)) to notify this office in writing of one attorney per party to receive service of future Panel pleadings filed in the litigation. A "Panel Service List" will be prepared and distributed by this office in compliance with Rule 5.2(d). A copy of this "Panel Service List" must be attached to the proof of service and supplemented in the event of the presence of additional parties or successor counsel.

Rule 5.3 requires any nongovernmental corporate party to file a Corporate Disclosure Statement within eleven days of the filing of a motion or order to show cause.

Rule 7.1 outlines the format for pleadings filed with the Panel and notes that the heading on the first page of each pleading shall commence not less than 3 inches from the top of the page. Each pleading shall bear the heading "Before the Judicial Panel on Multidistrict Litigation," the identification "MDL Docket No. ___" and the descriptive title designated by the Panel. For new litigations, movant should use an appropriate descriptive title. Papers may be fastened in the upper left corner without side binding or front or back covers. Each brief submitted for filing shall be <u>limited to twenty pages</u>, exclusive of exhibits. Exhibits exceeding 50 pages must be fastened separately from the accompanying pleading.

Review Rule 7.2 for identification of accompaniments to motions under 28 U.S.C. § 1407. See Rule 6.2 for guidance on requesting extensions of time. Counsel are required by Rules 7.2(f) and 7.3(e) to advise the Panel of any developments in the litigation which would partially or completely moot a matter being considered by the Panel.

Rules 7.2(i), 7.3(a) and 7.5(e) require parties and counsel to notify the Panel of any potential tag-along actions in which they are involved.

← SEE OTHER SIDE FOR MORE INFORMATION →

Rule 16.1, "Hearing Sessions and Oral Argument," deals with the setting of matters for oral argument or for submission without oral argument, notices of appearance or waiver of oral argument, parties entitled to present oral argument, and time limits.

Please note in Rule 1.5 that pendency before the Panel does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Copying and certification fees are charged in accordance with Rule 5.1 and are as follows: $.50 per page for copying, $9.00 per document for certification, $25.00 per diskette, and $26 for each name/item researched. Payment for copying and certification must be made by check or money order payable to the "Judicial Panel on Multidistrict Litigation." [Effective as of November 1, 2003]

---

Fasten documents in top,
left-hand corner

Start document
3" from top of page

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re** [descriptive title used by Panel
or appropriate descriptive         **MDL No. _____**
title for new motion]

Identify document:            **MOTION**
        **BRIEF**    (limited to 20 pages -- giving
                background of litigation; factual and legal
                contentions of movant w/citation of
                applicable authorities )
        **RESPONSE TO MOTION**
                **REPLY**
    **EXHIBITS** (fastened separately if exceed 50 pages)

        ORIGINAL PLUS FOUR OF ALL PLEADINGS
EXCEPT original only of proof of service, notice of appearance,
corporate disclosure statement, notice of opposition, notice of
related action, application for extension of time, hearing
appearance/waiver.

---

### Schedule of Actions
[Must be attached to motions]

Include only related cases pending in FEDERAL DISTRICTS. Necessary information as follows:

COMPLETE name of each case, listing
full name of each party on district court's
docket sheet   [Do NOT include "et als., etc."]
DISTRICT in which case is pending
DIVISION (or division number)
CASE NUMBER
Name of assigned JUDGE

DO NOT INCLUDE terminated actions or actions pending in state courts.

Notices or letters advising of RELATED ACTIONS or of TAG-ALONG ACTIONS must include this information. **One courtesy copy of each complaint and docket sheet would be helpful.**

---

**MOTIONS FILED WITH THE PANEL:**
When a motion is filed, the Panel will send a letter to all recipients of the motion as notification of the filing date, MDL docket number and caption, briefing schedule and pertinent Panel policies.

### CALENDAR – CALENDAR – CALENDAR

**Appearances:** 11 days from filing of original motion
**Corporate Disclosure Statement:** 11 days from filing of motion
**Responses** to motion: 20 days
**Reply** to Responses (by movant): 5 days
**Oppositions** to Conditional Transfer Order: 15 days
**Motions to Vacate** Conditional Transfer Order:
        15 days (after opposition is filed)

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**TO:**   Judicial Panel on Multidistrict Litigation        **THIS FORM MUST BE RETURNED TO**
        Thurgood Marshall Federal Judiciary Bldg.     **THE JUDICIAL PANEL NO LATER THAN**
        One Columbus Circle, N.E., Room G-255       <u>(Noon Eastern Time)   September 7, 2007</u>
        Washington, D.C. 20002                **Panel Fax No.: (202) 502-2888**

MDL No. **1893**-- IN RE: RC2 Corp. Toy Lead Paint Products Liability Litigation

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant--attach list if necessary):**

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).-- attach list if necessary):**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated. I am aware that only one attorney can be designated for each party.

_____       _____
            Date                    Signature of Attorney or Designee

**Name and Address of Designated Attorney:**

Telephone No.: _____     Fax No.:_____

             Email Address: _____

**ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING**
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

Exhibit G

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 27  A 10: 56

In Re Thomas Trains Paint Litigation

MDL-_____

### JOINT MOTION OF CERTAIN PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407

Plaintiffs Chad J. Sweeney, Gregg Theobald, Shay Theobald, Robert Miller, Rachel Miller, Channing Hesse, Kimm Walton, John O'Leary, Christine Waller, Paul Djurisic, Rebekah Lockhart, Theresa Reddell, Christa Marie Stratton, James Weldon Stratton, Christopher Brady, Tom Brady, Austin Rohde, Nicholas Rohde, Robyne Rohde, Caryn Hudspeth, Patrick Hudspeth, Claudine M. Kreiner, Ryan R. Kreiner, Cherise Wilson, Aive Rei-Ghafoor, Tonya Tubbs, Thomas Toms, Tracy Hofmann, Sheree Argiris, Cheng Yin, and C. Kelly respectfully submit this joint motion before the Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. §1407, for the following: (i) transfer of five putative class actions, currently pending in the Southern District of Indiana, Eastern District of New York, District of New Jersey, Eastern District of Arkansas, and the Central District of California[1] as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the Northern District of Illinois; and (ii) coordination of these actions with the

---

[1]     These cases include: 1) *Sweeney et al. v. RC2 Corp. et al.*, Civil Action No. 1:07-cv-00772 (S.D. Ind.); (2) *Kelly, et al. v. RC2, Corp.*, Civil Action No. 1:07-cv-02525, (E.D.N.Y.); (3) Murdock v. RC2 Corp. et al., Civil Action No. 2:07-cv-00376 (D.N.J.); (4) *Stratton et al. v. RC2 Corp. et al.*, Civil Action No. 4:07-cv-00640 (E.D. Ark.); and (5) *Martinez v. RC2 Corporation*, Civil No. 07-cv-5401-AHM (C.D. Ca.) (hereafter the "five Actions").

1

nine similar actions that are currently pending in the Northern District of Illinois.[2] In

support of this Motion for Transfer and Coordination, Plaintiffs state as follows:

1.    The class actions for which transfer and coordination are proposed arise

out of the same conduct and allege virtually identical claims. Each action is brought on

behalf of a class of all persons who purchased and/or paid for various Thomas &

Friends™ Wooden Railway Toys ("Thomas Trains") recalled by defendants RC2

Corporation and Learning Curve Brands Inc. on June 13, 2007, after determining that the

surface paints on certain of its railway toys contain lead.

2.    This motion is filed on behalf of plaintiffs in the following actions: 1)

*Walton v. RC2 Corporation, et al.*, Docket No. 07CV3614 (N.D. IL.); 2) *Sweeney et al. v.*

*RC2 Corp. et al.*, Civil Action No. 1:07-cv-00772 (S.D. Ind.); 3) *Hesse, et al. v. Learning*

*Curve Brands, Inc. et al.*, Civil Action No. 1:07-cv-03451 (N.D. Ill.); 4) *O'Leary, et at. v.*

*Learning Curve Brands, Inc.,* Civil Action No. 1:07-cv-03682, (N.D. Ill.); 5) *Djurisic, et*

*al. v. Apax Partners, Inc. et al*, Civil Action No.1:07-cv-03707, (N.D. Ill.); 6) *Reddell, et*

*al. v. Learning Curve Brands, Inc. et al.*, Civil Action No. 1:07-cv-03747, (N.D. Ill.); 7)

*Stratton et al. v. RC2 Corp. et al.*, Civil Action No. 4:07-cv-00640 (E.D. Ark.); 8) *Rohde*

---

[2]    These actions include: 1) *Walton v. RC2 Corporation, et al.*, Docket No.
07CV3614 (N.D. IL.); 2) *Hesse, et al. v. Learning Curve Brands, Inc. et al.*, Civil Action
No. 1:07-cv-03451 (N.D. Ill.); 3) *O'Leary, et at. v. Learning Curve Brands, Inc.*, Civil
Action No. 1:07-cv-03682, (N.D. Ill.); 4) *Djurisic, et al. v. Apax Partners, Inc. et al*, Civil
Action No.1:07-cv-03707, (N.D. Ill.); 5) *Reddell, et al. v. Learning Curve Brands, Inc. et*
*al.*, Civil Action No. 1:07-cv-03747, (N.D. Ill.); 6) *Rohde et al. v. Learning Curve*
*Brands, Inc. et al.*, Civil Action No. 1:07-cv-04187 (N.D. Ill.); (7) *Deke, et al. v. RC2*
*Corp. et al.*, Civil Action No. 1:07-cv-03609 (N.D. Ill.) which are pending in the United
States District Court for the Northern District of Illinois. These actions have been
coordinated and assigned to a single judge, Judge Leinenweber. Two additional actions,
8) *Kreiner et al. v. RC2 Corp.* et al., Civil Action No. 1:07-cv-04547 (N.D. Ill.); and 9)
*Wilson v. RC2 Corp. et al.*, Civil No. 07-cv-0642 (N.D. Ill.) have since been filed and a
motion is pending to also reassign those cases to Judge Leinenweber.

2

*et al. v. Learning Curve Brands, Inc. et al.*, Civil Action No. 1:07-cv-04187 (N.D. Ill.); 9)
*Kreiner et al. v. RC2 Corp. et al.*, Civil Action No. 1:07-cv-04547 (N.D. Ill.); 10) *Wilson v. RC2 Corp. et al.*, Civil No. 07-cv-0642 (N.D. Ill.); and 11) *Kelly v. RC2 Corporation*, Civil No. 07- cv-02525 (E.D. N.Y).

3.    The five Actions proposed for transfer herein are the only actions on file outside the Northern District of Illinois of which Plaintiffs are aware. Plaintiffs in the New York, Arkansas and Indiana actions agree to the proposed transfer to the Northern District of Illinois.

4.    Plaintiffs propose that pretrial proceedings in the five Actions be transferred and coordinated in the Northern District of Illinois where nine of the 14 related actions are currently pending.

5.    The centralization of these actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interests of justice because all actions involve common factual and legal issues, including:

a.    Whether defendants are strictly liable for the design, manufacture and/or marketing of dangerously defective products;

b.    Whether defendants negligently designed, manufactured, labeled and/or marketed the relevant products;

c.    Whether Class members' children who have handled, chewed on, and/or otherwise been exposed to Thomas Trains suffered adverse health effects, reactions or diseases caused by exposure to those products;

3

d.      Whether Class members' children's increased risk of sustaining adverse health effects or other injury makes periodic diagnostic and medical examinations (medical monitoring) effective and reasonably necessary;

e.      Whether defendants conducted, either directly or indirectly, appropriate research and testing of the relevant products to determine whether lead was contained in the surface paint on the Thomas Trains;

f.      Whether defendants breached express and/or implied warranties covering the Thomas Trains;

g.      Whether defendants were unjustly enriched at the expense of plaintiffs and the Class;

h.      Whether the equitable, injunctive and declaratory relief should be granted;

i.      Whether defendants' acts or omissions in connection with the sale of the relevant products constitute unfair and/or deceptive acts and practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS section 505/1, *et seq.* and similar consumer fraud laws of other states;

j.      Whether the Class has been injured by virtue of defendants' violations of 815 ILCS section 505/1, *et seq.*;

k.      Whether defendants supervised and directed the manufacturing process of the recalled toys in the Peoples Republic of China;

l.      Whether defendants had prior knowledge regarding the lead used in the recalled toys and how long they had possessed that knowledge; and

4

m.   What representations were made by the defendants regarding the

safety of the recalled toys.

6.   Coordination of the actions before a single court will conserve judicial

resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings,

eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

7.   All actions are in the very early stages of litigation; no responsive

pleadings have been filed nor has any discovery been conducted.

8.   The proposed transfer and coordination in the Northern District of Illinois

will be for the convenience of parties and witnesses, and will promote the just and

efficient conduct of these actions because it is expected that plaintiffs' counsel in all

actions will take discovery of the same witnesses and documents.

9.   Transfer to the Northern District of Illinois is appropriate because nine of

the 14 related actions were filed there; the Northern District of Illinois has the resources

and judicial expertise to promptly and efficiently conduct this case; the Northern District

of Illinois is more easily accessible and, most importantly, defendants are headquartered

in the Northern District of Illinois where the Thomas Trains are researched, designed,

developed, manufactured, produced, marketed and/or distributed.

10.   Plaintiffs' motion is based on the accompanying memorandum of law, the

filed pleadings and papers, and other materials that may be presented to the Panel before

or at the time of any hearing in this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel order that the five

Actions, as well as any cases that subsequently may be filed asserting related or similar

claims, be transferred to the Northern District of Illinois for coordinated pretrial proceedings.

DATED:  August 24, 2007

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, California 94111
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Frederic S. Fox
Donald Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 22nd Floor
New York, New York 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com

Kenneth A. Wexler
Andrae P Reneau
Edward Anthony Wallace
WEXLER TORISEVA WALLACE LLP
1 North LaSalle Street
Suite 2000
Chicago, IL 60602
Telephone:  312-346-2222
Facsimile:  312-346-0022
kaw@wtwlaw.us
apr@wtwlaw.us
eaw@wtwlaw.us

Attorneys for Kimm Walton

6

DATED: August 2̲1̲ 2007

HAGENS BERMAN SOBOL
SHAPIRO LLP

*Elizabeth A. Fegan, by COL*

Elizabeth A. Fegan
Daniel J. Kurowski
Timothy Patrick Mahoney
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60302
Telephone:  708-776-5600
Facsimile:  708-776-5601
beth@hbsslaw.com
dank@hbsslaw.com
timm@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Telephone:  206-623-7292
Facsimile:  206-623-0594
steve@hbsslaw.com

Attorneys for Rebekah Lockhart, Theresa
Reddell, Channing Hesse, John O'Leary,
Christine Waller, Rebekah Lockhart,
Theresa Reddell, Cherise Wilson, Aive
Rei-Ghafoor, Tonya Tubbs, Thomas Toms,
Tracy Hofmann, Sheree Argiris, and Cheng
Yin

DATED: August 27, 2007                    PRICE WAICUKAUSKI & RILEY

_____ by cook

William N. Riley
Jamie Ranah Kendall
Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: 317-633-8787
Facsimile: 317-633-8797
wriley@price-law.com
jkendall@price-law.com
cmoeller@price-law.com

Attorneys for Chad J. Sweeney, Gregg
Theobald, Shay Theobald, Robert Miller,
Rachel Miller, Caryn Hudspeth, Patrick
Hudspeth, Claudine M Kreiner, Ryan R
Kreiner

Jeffrey Aaron Cooke
THE COOKE LAW OFFICE
PO Box 188
331 Columbia Street
Lafayette, IN 47902
Telephone: 765-423-5628
Facsimile: 765-423-1373
aaron@cookelaw.com

Attorneys for Chad J. Sweeney, Gregg
Theobald, Shay Theobald, Robert Miller,
Rachel Miller

John J. Pavich
Robert James Pavich
MONICO PAVICH & SPEVACK
20 South Clark St.
Suite 700
Chicago, IL 60603
Telephone: 312-782-8500
Facsimile: 312-853-2187

Kevin Barry Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue
Suite 305
Chicago, IL 60601
Telephone: 312-332-1188
Facsimile: 312-332-0192
rogers-law@sbcglobal.net

Attorneys for Paul Djurisic

Alex G. Streett
James A. Streett
STREETT LAW FIRM
107 West Main Street
Post Office Drawer F
Russellville, AR 72811-0659
Telephone: 479-968-2030
Facsimile: 479-968-6253

Attorneys for Christa Marie Stratton, James
Weldon Stratton, Cherise Wilson, Aive
Rei-Ghafoor, Tonya Tubbs, Thomas Toms,
Tracy Hofmann, Sheree Argiris, and Cheng
Yin

Thomas A. Zimmerman, Jr.
Hugh J. Green
ZIMMERMAN AND ASSOCIATES, PC
100 W. Monroe Street
Suite 1300
Chicago, IL 60603
Telephone: 312-440-0020
Facsimile: 312-440-4180
tom@attorneyzim.com

Attorneys for Christopher Brady, Tom
Brady, Austin Rohde, Nicholas Rohde,
Robyne Rohde

9

John Balestriere
Craig Stuart Lanza
BALESTRIERE PLLC
225 Broadway, Suite 2700
New York, NY 10007
Telephone: 212-374-5401
Facsimile: 212-208-2613
jb@balestriere.net
clanza@balestriere.net

Attorneys for Plaintiff C. Kelly

# Exhibit H

# KAPLAN*FOX*

Kaplan Fox & Kilsheimer LLP
555 Montgomery Street
San Francisco, CA 94111
phone  415.772.4700
fax 415.772.4707
email  mail@kaplanfox.com
www.kaplanfox.com

August 30, 2007



**VIA FEDERAL EXPRESS**

Clerk of the Panel
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

     Re:   ***In re RC2 Corp. Toy Lead Paint Products Liability Litigation,***
             **MDL No. 1893**

Dear Clerk:

     Pursuant to your office's direction, we write to request that the following documents which were previously submitted for filing on August 24, 2007, be filed in the above-referenced litigation as a response rather than a motion:

1. Joint Motion Of Certain Plaintiffs For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407;

2. Joint Memorandum Of Law In Support Of Certain Plaintiffs' Motion For Transfer And Coordination Pursuant To 28 U.S.C §1407;

3. Schedule of Actions;  and

4. Request for Oral Argument.

     In addition, please find enclosed for filing a Revised Certificate of Service.

     Please do not hesitate to contact me if there are any questions concerning this matter.

          Very truly yours,

          Laurence D. King

Enclosures

*NEW YORK, NY*        *LOS ANGELES, CA*        *SAN FRANCISCO, CA*

*CHICAGO, IL*        *RICHMOND, VA*        *MORRISTOWN, NJ*

**KAPLAN*FOX***

Clerk of the Panel
August 30, 2007
Page 2

cc:    Service list

# Exhibit I

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
STUART A. DAVIDSON
JAMES L. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

**<u>Document Filed Electronically</u>**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MURDOCK, Individually and as Father and Next friend of BEAU FARISH MURDOCK and ANABELLE SAGE MURDOCK, Minor Children, On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>RC2 CORPORATION, et al.,<br><br>         Defendants. | No. 2:07-cv-03376-WHW-MF<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL UNDER FED. R. CIV. P. 23(G) |

**PLEASE TAKE NOTICE** that on Monday, September 24, 2007, counsel for plaintiff will apply before the Court for an Order pursuant to Fed. R. Civ. P. 23(G) appointing the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as interim lead counsel in this matter.

In support of this motion, plaintiff will rely upon the Memorandum of Law and Declaration of Peter S. Pearlman submitted herewith.

A proposed form of Order is enclosed.

Respectfully Submitted,

DATED:  August 31, 2007

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN

_____
PETER S. PEARLMAN

Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

1

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
STUART A. DAVIDSON
JAMES L. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)

GULAS & STUCKEY, P.C.
JASON A. STUCKEY
LAUREN WAGNER PEDERSON
(of counsel)
2031 2nd Avenue North
Birmingham, AL  35203
Telephone: 205/879-1234
205/879-1247 (fax)
Attorneys for Plaintiff

# Exhibit J

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT MILLER and | ) | |
| RACHEL MILLER, individually and | ) | Cause No.  1:07-cv-0772-LJM-WTL |
| b/n/f of J.R.M. and L.S.M., minors, | ) | |
| GREGG THEOBALD and | ) | |
| SHAY THEOBALD, individually and | ) | |
| b/n/f of N.P.T., a minor and | ) | |
| CHAD J. SWEENEY, on Behalf of | ) | |
| Themselves and All Others | ) | |
| Similarly Situated, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|               v. | ) | |
| | ) | |
| RC2 CORPORATION, RACING | ) | |
| CHAMPIONS ERTL CORPORATION, | ) | |
| and LEARNING CURVE BRANDS, INC., | ) | |
| formerly doing business as | ) | |
| THE ERTL COMPANY, INC., RACING | ) | |
| CHAMPIONS ERTL, INC., RC ERTL, | ) | |
| INC. and RC2 BRANDS, INC. | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER ON MOTION FOR EXTENSION OF TIME TO ANSWER
AND FOR STAY OF PROCEEDINGS**

Defendants, RC2 Corporation and Learning Curve Brands, Inc., by counsel, having filed

their Motion for Extension of Time to Answer and for Stay of Proceedings, and the Court, being

duly advised in the premises, hereby GRANTS said Motion.

It is THEREFORE ORDERED, ADJUDGED and DECREED that Defendants in this

matter have to and including thirty (30) days following the transfer of this case to the MDL or

denial of RC2 Corporation and Learning Curve Brands, Inc.'s pending Motion for Transfer of

Actions to the Northern District of Illinois for Coordinated Pre-Trial Proceedings Pursuant to 28

U.S.C. § 1407 ("Motion for Transfer") and this cause is stayed as to all Defendants pending

transfer to the MDL or denial of the Motion for Transfer.

Dated: 08/27/2007

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

2

**Distribution to:**

Jamie Ranah Kendall
William N. Riley
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204

Jeffrey Aaron Cooke
THE COOKE LAW FIRM
331 Columbia Street
Lafayette, IN 47902

Judy S. Okenfuss
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, Indiana 46282-0200

I/1994950.1

# Exhibit K

Case 1:07-cv-01338-NLH-AMD     Document 9     Filed 05/02/2007     Page 1 of 8

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JARED WORKMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1338 (NLH)<br><br>**ORDER** |
| SUZANNE THOMSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1360 (NLH) |
| LARRY WILSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1456 (NLH) |
| PAUL RICHARD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1457 (NLH) |

| | |
|---|---|
| LINDA TINKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1468 (NLH) |
| JANICE BONIER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1477 (NLH) |
| JULIE HIDALGO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1488 (NLH) |
| ALEXANDER NUNEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1490 (NLH) |

| | |
|---|---|
| MARK GOLDING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1521 (NLH) |
| TROY GAGLIARDI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1522 (NLH) |
| KAMI TURTURRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1523 (NLH) |
| PEGGY SCHNEIDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1533 (NLH) |

| | |
|---|---|
| LESLIE BERNDL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1553 (NLH) |
| JAYME PITTSONBERGER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1561 (NLH) |
| DAVID CARTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1562 (NLH) |
| JIM BULLOCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1579 (NLH) |

| | |
|---|---|
| CHRISTINA JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1610 (NLH) |
| JAMES CONNER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1623 (NLH) |
| MATT LONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1624 (NLH) |
| CHANTELLE CONTI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1638 (NLH) |

| | |
|---|---|
| STEVEN FREEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1646 (NLH) |
| KAREN PIRCHES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1685 (NLH) |
| DIANA DIEDRICH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1700 (NLH) |
| TODD SOKOLWSKI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1709 (NLH) |

| | |
|---|---|
| MICHELE MCCULLOUGH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1710 (NLH) |
| STEVE COLQUITT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1738 (NLH) |
| LUKE DEBARATHY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1739 (NLH) |
| LOREN BYERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1747 (NLH) |

| | |
|---|---|
| LYNNE CARESTIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, et al.,<br><br>Defendants. | Civil Action No. 07-1762 (NLH) |

This matter having come before the Court on Defendants' motions to stay, as well as the Court's inherent power to stay proceedings through the exercise of its sound discretion, see Landis v. North American Co., 299 U.S. 248, 254-55 (1936); and

It appearing that some of the parties in the above-captioned actions have filed motions with the Joint Panel on Multidistrict Litigation to transfer and consolidate these actions;

**IT IS HEREBY ORDERED** on this 2nd day of May, 2007, that the above-captioned actions are stayed until the Joint Panel on Multidistrict Litigation issues a decision on the transfer and consolidation motions currently pending before it in MDL-1850, In re Pet Food Product Liability Litigation.


                                        s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

8

# Exhibit L

EDWARDS ANGELL PALMER & DODGE LLP
Dennis M. Reznick (DR4841)
51 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 376-7700

Of Counsel:
Bart T. Murphy, Esq.
James Petersen, Esq.
Ice Miller
2300 Cabot Drive
Suite 455
Lisle, IL 60532
(630) 955-0555
Fax: (630) 955-0662

Attorneys for Defendants RC2 Corporation,
Learning Curve Brands, Inc. and Toys "R" Us, Inc.

*Document Electronically Filed*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MURDOCK, Individually and as Father and Next Friend of BEAU FARISH MURDOCK and ANABELLE SAGE MURDOCK, Minor Children, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RC2 CORPORATION; LEARNING CURVE BRANDS, INC. d/b/a RC2 BRANDS, INC.; WAL-MART STORES, INC and TOYS "R" US, INC.,<br><br>Defendants. | Civil Action No. 2:07-cv-03376 (WHW-MF)<br><br>**CONSENT ORDER** |

THIS MATTER having been opened to the Court by Edwards Angell Palmer & Dodge

LLP, counsel for defendants RC2 Corporation, Learning Curve Brands, Inc. and Toys "R" Us,

Inc. for the entry of a Consent Order extending time within which all of these defendants may answer, move or otherwise reply with regard to plaintiff's Complaint in this action for an additional period of time to and including September 20, 2007;

And the Court having been advised that Cohn Lifland Pearlman Herrmann & Knopf, LLP, counsel for plaintiff, has consented to this request for an extension of time, and for good cause having been shown:

IT IS on this _____ day of August, 2007

ORDERED that these defendants' application is GRANTED and it is ORDERED that the time within which the defendants RC2 Corporation, Learning Curve Brands, Inc. and Toys "R" Us, Inc. may answer, move or otherwise reply with regard to plaintiff's Complaint is hereby extended for an additional period of time through and including September 20, 2007.

Mark Falk, U.S.M.J.

NWK_204963_1