Dennis M. Reznick (DR 4841)
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 376-7700

Of Counsel:
Bart Murphy, Esq.
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, IL 60532

Jim L. Petersen, Esq.
Judy S. Okenfuss, Esq.
ICE MILLER LLP
One American Square, Suite 3100
Indianapolis, IN 46282

*Attorneys for Defendants, RC2 Corporation, Learning
Curve Brands, Inc., and Toys "R" Us, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID MURDOCK, Individually and as Father and Next Friend of BEAU FARISH MURDOCK and ANABELLE SAGE MURDOCK, minor children, on behalf of all others similarly situated, | ) ) ) ) ) | Civil Action No. 2:07-CV-03376 (WHW-MF) |
| | ) | |
| Plaintiffs, | ) ) | **CERTIFICATION OF JUDY S. OKENFUSS, ESQ. IN OPPOSITION TO PLAINTIFF'S** |
| v. | ) ) | **MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL AND IN** |
| RC2 CORPORATION, LEARNING CURVE BRANDS, INC., LEARNING CURVE BRANDS, INC. d/b/a RC2 BRANDS, INC., WAL-MART STORES, INC. and TOYS "R"US, INC., | ) ) ) ) ) | **SUPPORT OF CROSS-MOTION FOR STAY OF PROCEEDINGS AND FOR EXTENSION OF TIME TO ANSWER** |
| | ) ) | **[Document Electronically Filed]** |
| Defendants. | ) | |

JUDY S. OKENFUSS, being of full age, certifies:

1.    I am an attorney at law of the State of Indiana and a partner in the law firm Ice Miller LLP ("Ice Miller"). Ice Miller has been retained as national counsel to represent the interests of several named defendants herein, namely RC2 Corporation, Learning Curve Brands, Inc. and Toys "R" Us, Inc. (collectively herein the "Moving Defendants"). I intend to seek *pro hac vice* admission to represent the Moving Defendants in this Court.

2.    I am familiar with the matters set forth below and make this certification in opposition to Plaintiff's Motion for Appointment of Interim Lead Counsel, and in support of the Moving Defendants' Cross-Motion for Stay of Proceedings and for Extension of Time to Answer.

3.    I am one of the lead attorneys from Ice Miller representing RC2 Corporation, Learning Curve Brands, Inc. and other named defendants in other litigations nationwide involving alleged lead paint-containing products marketed under the trade name Thomas & Friends™ Wooden Railway Toys. Ice Miller represents defendants in nine (9) separate lawsuits pending in the United States District Court for the Northern District of Illinois, eight (8) of which have been consolidated before the Honorable Judge Harry D. Leinenweber (hereinafter the "N.D. Ill. Consolidated Matter") and the remaining one has been transferred to the Honorable Judge Leinenweber's court for coordinated proceedings. Additionally, Ice Miller represents defendants in a similar matter pending in the federal district court in the Southern District of Indiana. Ice Miller is also national counsel for such cases pending in the United States federal district courts, including the Eastern District of New York, Eastern District of Arkansas, Central District of California, and the Southern District of Florida. Defendants have been served in fourteen (14) class actions pending in federal court related to the recent recall of the Thomas and Friends™ Wooden Railway Toys. Defendants have not yet been served in the Martinez v. RC2

2

Corporation, et. al. action, which is pending in the Central District of California. Toys "R" Us has been named and served only in the within action, in this Court.

4.    In each of these federal cases, including the N.D. Ill. Consolidated Matter, the named plaintiffs seek to represent a nationwide class of consumers allegedly affected by Moving Defendants' products.

5.    On August 29, 2007, a case management conference was conducted in the Northern District of Illinois matters at which counsel from twelve (12) of the fifteen (15) cases nationwide were in attendance. At that conference, the court heard argument on the "Motion To Appoint Interim Lead Counsel For The Putative Class Per The Majority Consensus of the Plaintiffs In This District," pursuant to Fed. R. Civ. P. 23(g). (See Exhibit A annexed hereto.) Counsel who attended the conference had appeared on behalf of named plaintiffs in the N.D. Ill. Consolidated Matter, as well as on behalf of plaintiffs in the cases pending in the Southern District of Indiana, Eastern District of New York, the Eastern District of Arkansas, and the remaining case filed in the Northern District of Illinois. Following argument, the district court determined that three (3) firms would share the role as interim co-lead counsel for the putative class. The three (3) appointed firms were Kaplan Fox LLP, Hagens Berman Sobol Shapiro LLP and Price Waicukauski & Riley LLC.[1]

6.    Prior to appointing interim lead counsel, the N.D. Ill. district court heard argument as to any objections. The appointment of the three (3) named firms was opposed only by the firm of Foote, Meyers, Mielke & Flowers, LLC, which represents named plaintiff Jennifer Foshee Deke ("Deke") and a putative national class in the only non-consolidated matter pending in the Northern District of Illinois. In opposing the lead counsel appointment, Deke's attorney

---

[1] Judge Leinenweber has not yet entered the Order appointing interim lead counsel.

argued that appointment should be deferred until a ruling was received regarding various motions to transfer all of the pending federal actions to one district. In the alternative, counsel argued that his firm should be named co-lead counsel with the firm of Hagens Berman Sobol Shapiro LLP. These requests were denied by the district court.

7.      Defendants filed with the Judicial Panel on Multi-District Litigation ("JPML") their "Motion for Transfer of Actions to the Northern District of Illinois for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407" because the numerous pending federal suits contain common questions of fact and overlapping putative classes, and coordination would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of the litigation. Plaintiffs in the nine (9) pending cases in the Northern District of Illinois also filed with the JPML a motion to transfer cases to and consolidate them in the Northern District of Illinois. Plaintiff in the case pending in the Central District of California has filed with the JPML a motion to transfer to the Central District of California. All of these motions are currently pending before the JPML. Counsel does not expect a decision prior to a November hearing of the JPML

8.      Judge Leinenweber, of the U.S. District Court for the Northern District of Illinois, indicated at the recent case management conference that if the matter is further consolidated through 28 U.S.C. § 1407 and if venued in his court, as requested by defendants and a majority of the plaintiffs, that he would re-consider at that time the appointment of a plaintiff's steering committee to represent the putative class. Judge Leinenweber indicated further that the interim lead counsel was only being appointed until such time as an MDL was formed.

9.      Currently, the interim co-lead counsel in the N.D. Ill. Consolidated Matter speak for and bind the members of the putative national class. There is no need to bring another firm

4

into this role, as the putative class is already represented.  A denial of Plaintiffs' request in this action to appoint interim lead counsel for the putative national class in *this matter* would avoid duplicative discovery and/or inconsistent pre-trial rulings affecting an overlapping national class, in light of the previous appointment of three interim co-lead counsel for the nationwide class in the N.D. Ill. Consolidated Matter.

Requested Relief

10.     Moving Defendants respectfully request that the Court deny Plaintiff's Motion to Appoint Interim Lead Counsel.  For the foregoing reasons and those in the accompanying Memorandum of Law and the Certification of Dennis M. Reznick, Esq., Moving Defendants' Cross-Motion for a stay and extension of time to answer should also be granted.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on: September  10 , 2007

Judy S. Okenfuss

205409

## CERTIFICATE OF SERVICE

I hereby certify that on September _10_, 2007, a true copy of the within Certification of Judy S. Okenfuss, Esq. in Opposition to Plaintiffs' Motion for Appointment of Interim Lead Counsel and in Support of Cross-Motion for Stay of Proceedings and for Extension of Time to Answer, with exhibit annexed, was served pursuant to the Federal Rules of Civil Procedure, and/or the District of New Jersey's Local Rules and/or the District of New Jersey's ECF Policies and Procedures and by sending same via first class mail service offered by the U.S. Postal Service, in postage paid envelopes addressed to the following counsel for the parties at the addresses indicated:

Peter S. Pearlman, Esq.
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663

*Attorney for Plaintiff*

Richard D. Millett, Esq.
RICHARD D. MILLETT & ASSOCIATES
LLC
1065 Route 22 West, Suite 1A
Bridgewater, NJ 08807

*Attorney for Wal-Mart Stores, Inc.*

Executed on: September _10_, 2007

Jack Reise, Esq.
Stuart A. Davidson, Esq.
James L. Davidson, Esq.
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809

*Attorneys for Plaintiff*

Dennis M. Reznick

205409

I/2008939.1

6

# Exhibit A

8 1/4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE THOMAS TRAINS PAINT
LITIGATION

DOCUMENT RELATES TO::

*Hesse v. Learning Curve Brands Inc., et al.*, No.
07 C 3514

*Deke v. RC2 Corp. et al*, No. 07 CV 3609

*Walton v. RC2 Corp. et al*, No. 07 CV 3614

*O'Leary v. Learning Curve Brands, Inc.*, No. 07
C 3682

*Djurisic v. Apax Partners, Inc. et al*, No. 07 C
3707;

*Reddell v. Learning Curve Brands, Inc. et al.*,
No. 07 C 3747;

*Rhode v. Learning Curve Brands, Inc. et al*, No.
07 C 4187; and

*Kreiner v. RC2 Corp. et al.*, No. 07 C _____

Lead Case No. 07 C 3514

JUDGE LEINENWEBER
MAG. JUDGE NOLAN


**MOTION TO APPOINT INTERIM
LEAD COUNSEL FOR THE
PUTATIVE CLASS PER THE
MAJORITY CONSENSUS OF THE
PLAINTIFFS IN THIS DISTRICT**

TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ........................................................................................................... 1

II.  COUNSEL CHOSEN THROUGH THE CONSENSUS OF THE MAJORITY
     PLAINTIFFS SHOULD BE APPOINTED INTERIM LEAD COUNSEL FOR THE
     CLASS ......................................................................................................................... 3

     A.    Hagens Berman Should be Appointed Lead Counsel............................................ 4

           1. Hagens Berman's extensive experience in litigating medical monitoring class
              claims would greatly benefit the putative Class members........................... 4

           2. Hagens Berman's experience in leading class actions as well as complex
              commercial litigation in Chicago demonstrates its ability to lead this case 6

     B.    Kaplan Fox Should Be Appointed Interim Lead Counsel ..................................... 8

     C.    Price Should Be Appointed Interim Lead Counsel................................................ 10

III. CONCLUSION............................................................................................................. 12

Plaintiffs Channing Hesse, John O'Leary, Christine Wallar, Theresa Reddell, Rebekah

Lockhart, Kim Walton, Paul Djurisic, Robyne Rhode, Tom Brady, Ryan Kreiner, Claudine

Kreiner, Patrick Hudspeth and Caryn Hudspeth (collectively, the "Majority Plaintiffs"),

respectfully request that this Court appoint Hagens Berman Sobol Shapiro LLP ("Hagens

Berman"), Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and Price Waicukauski & Riley LLC

("Price") as Lead Counsel for the putative class per the consensus of the majority of the Plaintiffs

before this Court. In support thereof, the Majority Plaintiffs state as follows:

## I.    INTRODUCTION

Currently before this Court are eight class action cases brought on behalf of putative

classes of consumers that own Thomas and Friends trains and other components ("Thomas

Toys") that were tainted with lead paint. The genesis of all of the class actions was the June 13,

2007 recall of the Thomas Toys because they were found to contain lead paint. Each of the

complaints filed on behalf of the Class alleges that the lead paint contained in the toys rendered

them defective and dangerous because lead is poisonous to children when ingested and can cause

serious health problems. Additionally, despite the recall, the Defendants did not offer to

reimburse purchasers of the cost of the defective toy but only offered an unspecified replacement

toy. Thus, each of the complaints seeks full reimbursement for the Class.

As the firm that filed the first case in this District, Hagens Berman took an early lead in

these cases, filing a motion to deem these cases related and reassigned to this Court, working

with counsel in every class action filed before this Court on certain substantive issues raised in

the *Djurisic* motion for preliminary injunction, and endeavoring to build consensus among

C:\DOCUMENTS and Settings\bclh\My Documents\Thomas Lead Filing\Motion To Appoint Lead Counsel.DOC

Plaintiffs' counsel here (where there are ten law firms of record) as well as nationwide[1] (with an additional three law firms) regarding centralization in this District and appointment of interim lead counsel for the Class.

Ultimately, that process resulted in consensus-building among counsel representing Plaintiffs in seven of the eight actions in this District plus counsel in the New York, Indiana and Arkansas-based actions. Counsel for Plaintiffs in the *Hesse, Walton, O'Leary, Reddell, Djurisic, Rhode,* and *Kreiner* actions, as well as counsel in the New York, Arkansas and Indiana-based actions, agreed to the appointment of Hagens Berman, Kaplan Fox and Price because they bring the experience, resources and ability to lead these putative class actions and to coordinate work among counsel. Moreover, they have specific experience in medical monitoring class actions, as well as with cases in this District in which children were exposed to lead paint. *See* Section II, *infra.* Only counsel in the *Deke* case (three law firms) refused to agree to the consensus of the group (counsel in the *Deke* case will be collectively referred to as the "Sole Objector"). Significantly, the Sole Objector does not object to the appointment of Hagens Berman, Kaplan Fox or Price based on any substantive reasons (or at least did not articulate any when asked directly), but instead is holding out for a lead counsel position despite the consensus of the Majority Plaintiffs that they should not hold a lead position.

---

[1] Plaintiffs' counsel, pursuant to their common interests, have endeavored to build consensus nationwide, including with counsel in the cases entitled (i) *Robert Miler and Rachel Miller, individually and b/n/f of J.R.M. and L.S.M., minors, Gregg Theolbald and Shay Theobald, individually and b/n/f of N.P.T., a minor and Chad J. Sweeney, on behalf of themselves and all others similarly situated v. RC2 Corporation, Racing Champions ERTL Corporation, and Learning Curve Brands, Inc., formally doing business as The ERTL Company,* Cause No. 1:07-cv-0772 (S.D. Ind.); (ii) *C. Kelly, on behalf of herself and all other similarly situated v. RC2 Corporation,* Cause No. 1:07-cv-02525 (E.D.N.Y.); and (iii) *James Weldon Stratton and Christa Marie Stratton, Individually and as Parents, Natural Guardians and Next Friends of E.J.S. and M.M.S., Minors, on Behalf of Themselves and All Others Similarly Situated v. RC2 Corporation, et al.,* Cause No. 4-07-cv-00640. (D. Ark.).

Hagens Berman, Kaplan Fox and Price have demonstrated the ability to lead and build

consensus among Plaintiffs' counsel (save for the Sole Objector) nationwide. They have the

experience necessary to prosecute these class actions in a fair, efficient and successful manner.

The fact that there is a Sole Objector aiming only for its own self interests and not in serving per

the consensus of the group should not stand as an obstacle to the appointment of Hagens

Berman, Kaplan Fox and Price as Interim Lead Counsel for the putative Class.

## II.    COUNSEL CHOSEN THROUGH THE CONSENSUS OF THE MAJORITY PLAINTIFFS SHOULD BE APPOINTED INTERIM LEAD COUNSEL FOR THE CLASS

Fed R. Civ. P. 23(g)(2)(A) provides that this Court "may designate interim counsel to act

on behalf of the putative class before determining whether to certify the action as a class action."

Section 20.22 of the MANUAL FOR COMPLEX LITIGATION (3d ed. 1995) ("MANUAL") explains

when a court should appoint lead counsel:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and conducts witness examinations, may result in waste of time and money, in confusion and indirection, and in unnecessary burden on the court. Special procedures for coordination of counsel are therefore needed and should be instituted early in the litigation to avoid unnecessary costs and duplicative activity.

Section 20.22 of the Manual also states that "often . . . the court will need to institute procedures

under which one or more attorneys are selected and authorized to act on behalf of other counsel

and their clients with respect to specified aspects of the litigation." Lead counsel for these class

actions should be appointed to ensure that the putative Class is represented fairly and adequately,

and to ensure that this commercial litigation is afforded the experience, knowledge and resources

necessary for an effective prosecution.

In appointing lead counsel, this Court should consider counsel's "experience and prior success record, the number, size and extent of involvement of represented litigants, . . . and the nature of the causes of action alleged." *Id.* (citing cases). Moreover, a court tasked with selecting lead counsel must scrutinize competing counsels' abilities and accomplishments before selecting the most qualified to represent the Class:

> The judge needs to take an active part in making the decision on the appointment of counsel. . . . The court should take the time necessary to make an assessment of the qualifications, functions, organization, and compensation of designated counsel. . . . The court should also ensure that designated counsel fairly represent the various interests in the litigation. . . .
>
> Attorneys should not be appointed or approved by the court to serve as designated counsel unless they have the resources, the commitment, and the qualifications to accomplish the assigned tasks.

MANUAL, at 30. This Court, in short, should appoint the best lead counsel available to the Class.

Both on a national scale and in Chicago, Hagens Berman, Kaplan Fox and Price have the experience, resources and knowledge necessary to provide the putative Class in these cases the best representation possible. Each has extensive experience with complex litigation, a proven track record, and a wealth of resources already in this jurisdiction to commit to this litigation.

**A.    Hagens Berman Should be Appointed Lead Counsel**

**1.    Hagens Berman's extensive experience in litigating medical monitoring class claims would greatly benefit the putative Class members**

With a Chicago-based office and proven experience in this District, Hagens Berman is well-suited to serve as lead counsel in this litigation. Section 20.221 of the MANUAL states that lead counsel should be "charged with major responsibility for formulating (after consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation." Hagens Berman is highly qualified to accept such responsibilities, because it has

- 4 -

extensive experience in toxic tort class action litigation involving lead exposure and medical monitoring.

Hagens Berman represented several individuals in Illinois in a class action case against Kerr-McGee, alleging that it was responsible for poisoning the community of West Chicago with a blanket of industrial waste products that contained radioactive thorium and other hazardous substances, including lead-212. Thousands of proposed class members were continuously exposed to the Kerr-McGee's waste. The proposed classes included a continuing tort/residential property class as well as a medical monitoring class on behalf of the children of West Chicago. In December 1996, Hagens Berman filed a class action complaint against Kerr-McGee in the United States District Court for the Northern District of Illinois, Case No. 96 C 8583. Declaration of Elizabeth A. Fegan ("Fegan Decl."), ¶ 5. Plaintiffs' medical monitoring claims brought on behalf of children and their claims for punitive damages survived both a motion to dismiss and a motion for summary judgment. In August 2000, the Court granted final approval of settlement, which provided for the establishment of a $20 million dollar medical monitoring fund for the children of West Chicago. *Id*.

Hagens Berman's expertise in medical monitoring and exposure to toxic substances is further supported by its work with experts in *In re Asarco/Vashon-Maury Island Litig.*, No. C00-0695Z (W.D. Wash.). That case involved hazardous concentrations of lead and arsenic that remained on plaintiffs' Vashon-Maury Island properties that were left behind by Asarco's 95-year legacy of toxic air emissions from its smelter across the Puget Sound. Fegan Decl., ¶ 6. The work of Hagens Berman on such toxic contamination cases makes the firm well-qualified to serve as class counsel in this litigation, which similarly concerns poisonous lead exposure.

2.　　**Hagens Berman's experience in leading class actions as well as complex commercial litigation in Chicago demonstrates its ability to lead this case**

Since its founding, Hagens Berman has represented plaintiffs in class actions and other complex, large-scale litigation across the country. For example, Mr. Berman was appointed co-lead counsel by the Court in *In re Visa Check/MasterMoney Antitrust Litig.*, No. CV-96-5238 (E.D.N.Y.). In that case, a number of large and small merchants and three trade associations sued "Visa and MasterCard, alleging that defendants have created a tying arrangement in violation of § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, by means of their 'honor all cards' policy, which requires stores that accept defendants' credit cards to accept their debit cards as well. Plaintiffs also allege that defendants have attempted and conspired to monopolize the debit card market in violation of § 2 of the Sherman Act, 15 U.S.C. § 2." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 129-30 (2d Cir. 2001), *cert. denied*, 536 U.S. 917 (2002). The district court certified a class comprising "all persons and business entities who have accepted Visa and/or MasterCard credit cards and therefore are required to accept Visa Check and/or MasterMoney debit cards under the challenged tying arrangements, during the fullest period permitted by the applicable statutes of limitations." *Id.* at 131. The Second Circuit affirmed class certification, and the Supreme Court denied certiorari. Fegan Decl., ¶ 7. The parties settled the case on the eve of trial. *Id.*

Similarly, the firm played a major role in litigation by State Attorneys General, including Illinois' Attorney General, against the tobacco industry. Only two States took their cases against that industry to trial: Washington and Minnesota. As a result, only two private firms tried cases on behalf of the States against the industry. Hagens Berman is one of those firms. In the Washington case, Steve Berman of Hagens Berman was co-lead trial counsel. The claim for

- 6 -

damages in the Washington case was based solely on an antitrust theory. Moreover, Hagens Berman was instrumental in developing what came to be accepted as the predominant legal tactic to use against the tobacco industry, *i.e.*, emphasizing traditional claims such as state consumer protection, antitrust and racketeering laws. With the exception of the Idaho case, not a single court in a case where Hagens Berman served as private counsel to a State dismissed the State's antitrust claims. *Id.* at ¶ 8.

Furthermore, Hagens Berman, Steve Berman and Elizabeth Fegan have led significant complex commercial and class litigation in the Circuit Court of Cook County and the United States District Court for the Northern District of Illinois. *See, e.g.*, Fegan Decl., ¶¶ 3-4, *citing to Coburn et al. v. DaimlerChrysler Servs.*, No. 03 C 759 (N.D. Ill.) (Steve Berman and Hagens Berman were lead counsel in this red-lining class action against Chrysler Financial on behalf of African-American and Hispanic customers in the Chicago area); *Wiginton et al. v. CB Richard Ellis, Inc.*, No. 02 C 6832 (N.D. Ill.) (Elizabeth Fegan and Hagens Berman are lead counsel in this nationwide class action alleging sexual harassment on behalf of a class of 10,000 current and former female employees); *Village of Maywood, Illinois v. Unison-Maximus, Inc., Hill Taylor & Co., LLC & Sharon Gist Gilliam*, No. 00 L 014029 (Cir. Ct. Cook Cty.) (Elizabeth Fegan successfully led this accounting and auditing malpractice case on behalf of a local municipality that sought in excess of $45 million due to the Village as a result of defendants' negligence and failure to uphold their respective duties of care).

Moreover, Elizabeth Fegan has been appointed Special Assistant Corporation Counsel on behalf of the City of Chicago, the Chicago Park District, and the Public Building Commission of Chicago numerous times in actions arising under Illinois law, including but not limited to eminent domain actions; a constitutionality challenge to a City statute; and in defense of the

Chicago Police Department's refusal to hire decisions. Fegan Decl., ¶ 3. Further, Elizabeth

Fegan was appointed by the Honorable Judge Wayne Andersen in the United States District

Court for the Northern District of Illinois to the Special Master team assisting the Court in the

settlement-related confirmatory discovery process and approval process in the *In re Waste Mgmt.*

*Sec. Litig.*, as well as by the Circuit Court of Cook County to the Special Master team assisting

the Court with certain aspects of the class action fairness hearings in *Wolens et al. v. American*

*Airlines*, Nos. 88 CH 7554, 89 CH 119. Fegan Decl., ¶ 4.

Hagens Berman thus possesses all the skills and resources necessary to prosecute this

case to completion in Chicago. In short, with Hagens Berman's prior experience with this type

of litigation, experience, and success with consumer and complex class actions in general,

Hagens Berman is the clear choice for lead counsel.

**B.      Kaplan Fox Should Be Appointed Interim Lead Counsel**

Kaplan Fox is also one of the nation's preeminent law firms concentrating its practice on

the representation of plaintiffs in complex and class action litigation. Kaplan Fox attorneys

regularly obtain some of the largest recoveries in the fields in which they practice, which include

consumer protection, product liability, securities and antitrust litigation. A list of Kaplan Fox's

most significant recoveries, as well a firm resume, are attached as Exhibit 1 to the Declaration of

Laurence D. King. Although Kaplan Fox's primary offices are in New York and San Francisco,

it also maintains an office in this District and has previously litigated cases in this District and

Circuit, often with great success.

In the product liability and consumer protection areas, Kaplan Fox and its senior partner

Frederic Fox serve as a member of the Plaintiffs' Steering Committee in *In re Baycol Products*

*Litigation,* MDL No. 1431-MJD/JGL, which is currently pending in the District of Minnesota.

*Baycol* was a proposed class action on behalf of consumers who took a dangerous and defective drug which was recalled from the market. The case included claims for medical monitoring. To date, more than $350 million of settlements have been obtained in this multidistrict litigation. Kaplan Fox was also co-lead counsel in *In re Providian Credit Card Cases*, JCCP 4085 (Sup. Ct., S.F. County, CA), *In re Providian Financial Corp. Credit Card Terms Litigation*, MDL No. 1301-WY (E.D. Pa.), two related landmark consumer protection cases alleging deceptive marketing practices by a major credit card issuer. A classwide settlement consisting of $105 million plus significant injunctive relief was achieved.

Kaplan Fox has also achieved noteworthy results in this District and the Seventh Circuit. For example, in *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651 (7th Cir. 2002)(Posner, J.), Kaplan Fox obtained reversal of summary judgment and subsequently achieved a $531 million settlement as the parties were preparing for trial. Kaplan Fox also served as a member of plaintiffs' executive committee in *In re Brand Name Prescription Drugs Antitrust Litig.*, MDL No. 997 (N.D. Ill. 1999), where the recovery for the class exceeded $700 million.

The primary Kaplan Fox attorneys responsible for this litigation will be Mr. Fox and Laurence King, another partner of the firm. Both have extensive experience prosecuting complex and class action litigation, including consumer protection and product liability litigation. Messrs. Fox and King both worked extensively on the *Baycol* and *Providian* cases described above. In addition, they have also both taken class actions to trial. *In re Biogen Securities Litigation*, Case No. 94-12177-PBS (D. Mass.) and *In re Health Management Inc. Securities Litigation*, Case No. CV-96-0889 (E.D.N.Y.). The Kaplan Fox team will also include Linda Fong, who is Of Counsel to the firm. Ms. Fong is a veteran attorney who is highly

experienced in the prosecution of consumer class actions. She also serves as a board member of the San Francisco Trial Lawyers' Association.

In sum, Kaplan Fox is well-qualified to serve as lead counsel in this action, having the resources (both financial and human), experience and demonstrated record of success in litigation of this nature to do so. In this action, it would be pleased to work as co-lead counsel in a non-duplicative fashion with Hagens Berman and Price toward a successful resolution of this important case.

**C.      Price Should Be Appointed Interim Lead Counsel**

The Price firm is based out of Indianapolis, Indiana, but has experience in handling matters in courts throughout the United States. The Price firm is prepared to be readily accessible to the Court while actively listening to the input and interests of those firms located outside of Illinois. The Price firm is very well-suited to serve as lead counsel in this litigation along with Hagens Berman and Kaplan Fox. Adequate representation requires competent and experienced counsel that is able to conduct the litigation. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). The Price firm meets the *Amchem* requirement because they have substantial experience in national and statewide class actions, complex litigation and federal court litigation. The Price firm has been successful in litigating class actions and other complex matters, demonstrating their ability and commitment — financial and otherwise — to zealously represent all Plaintiffs.

By way of a brief summary of their experience in relevant class action litigation, the Price firm has for many years devoted substantial resources to successfully representing class members in property-related cases. They have nationwide recognition as superior counsel successfully

- 10 -

prosecuting landowners' claims against railroads and in similar class actions against

telecommunications companies that installed fiber-optic cable on railroad or other utility rights

of way crossing or adjacent to landowners' property. *See* Elizabeth Amon, *Working on the RRs*,

NAT'L L. J., Aug. 16, 1999. Among other cases, the Price firm has successfully represented

classes of landowners in *Hinshaw v. AT&T Corp*, Civil Action No. 1P99-0549-CT/9 (S.D. Ind.);

*Firestone v. APU*, Cause No. 29D03-9210-CP-500 (Boone County, Ind.); *Consolidated Rail*

*Corp. v. Lewellen*, 682 N.E.2d 779 (Ind. 1997); *CSX Transportation, Inc., v. Clark*, 646 N.E.2d

1003 (Ind. Ct. App. 1995); *Dickerson v. Worldcom*, Cause No. IP96-1311-C-M/S (S.D. Ind.);

*Hash v. United States*, Civil Action No. CV99-324-S-MHW (D. Id.); and *Schneider v. United*

*States*, Civil Action No. 6:99-CV-451 (E.D. Tex.). Declaration of William Riley ("Riley Decl."),

¶ 1. In addition, the Price firm has been successful in serving as counsel to objecting class

members in *Hefty v. All Other Members of the Certified Settlement Class*, 680 N.E.2d 843 (Ind.

1997), and as counsel for *Amici Curiae* Indiana Landowners with Land Underlying or Adjacent

to Abandoned Railroad Rights of Way in *Calumet National Bank v. American Telegraph &*

*Telephone Co.*, 682 N.E.2d 785 (Ind. 1997).  Riley Decl. ¶ 2.

The Price firm currently represents approximately twenty (20) welfare and benefit funds

in a putative class actions of third party payers in litigation regarding unlawful and excessive

drug pricing in the Vioxx and Celebrex/Bextra multi-district litigation, *Sheet Metal Workers*

*Local No. 20 Welfare and Benefit Fund, et al., v. Merck, Inc.*, Cause No. 1:05-CV-0349-DFH-

VSS; *Sheet Metal Workers Local No. 20 Welfare & Benefit Fund, et al. v. Pfizer, Inc., et al.*,

Cause No. 1:05-cv-1109-JDT-TAB.   William N. Riley, a principal member of the Price firm,

serves as a member of the Purchase Claims Committees for *In Re: VIOXX Products Liability*

*Litigation*, MDL No. 1657, *In Re: Bextra and Celebrex Marketing Sales Practices and Product*

*Liability Litigation,* MDL No. 1699, *In Re: Guidant Corp. Implantable Defibrillators Product Liability Litigation,* MDL No. 1708 and *In Re: Medtronic, Corp. Implantable Defibrillators Product Liability Litigation,* MDL No. 1726. Riley Decl., ¶ 3 and 4.

Mr. Riley has also participated as a member of the Castano litigation group which represented Gray Davis, Governor of California in the case of *Davis v. R.J. Reynolds Tobacco Company, et al.,* resulting in the recovery of $12,503,486,255.37 for the State of California. Riley Decl. ¶ 5.

The Price firm has substantial experience in litigating complex technical matters against large international corporations. In January of this year the Price firm, as co-lead counsel, settled a major case against Motorola, Inc. one week before trial. The details of this settlement are confidential. *Viastar Energy, LLC v. Motorola, Inc.,* U.S. Southern District of Indiana, Cause No. 1:05-cv-1095-DFH-WTL. Riley Decl. ¶ 6.

The Price firm has the resources, skills, and determination necessary to be competent lead counsel for this litigation. Their experience in consumer and complex litigation demonstrates their competence and ability to successfully lead this litigation, and, therefore, should be appointed as interim lead counsel.

### III.    CONCLUSION

Hagens Berman, Kaplan Fox and Price have the demonstrated experience and leadership skills to prosecute these class actions in a fair, efficient and successful manner. Moreover, they have successfully worked with large groups of law firms to build consensus in order to ensure that the interests of all Plaintiffs and members of the putative Class are considered and served. The fact that there is a Sole Objector, holding out for its counsels' personal gain, should not stand in the way of the consensus of the Majority Plaintiffs being upheld.

WHEREFORE, Plaintiffs Channing Hesse, John O'Leary, Christine Wallar, Theresa Reddell, Rebekah Lockhart, Kim Walton, Paul Djurisic, Robyne Rhode, Tom Brady, Ryan Kreiner, Claudine Kreiner, Patrick Hudspeth and Caryn Hudspeth, as well as the Plaintiffs in the Arkansas, New York, and Indiana-based actions respectfully request that this Court appoint Hagens Berman Sobol Shapiro LLP, Kaplan Fox & Kilsheimer LLP, and Price Waicukauski & Riley LLC as Lead Counsel for the putative class per the consensus of the majority of the Plaintiffs before this Court.

DATED:  August 14, 2007

HAGENS BERMAN SOBOL SHAPIRO LLP


By:_____/s/   Elizabeth A. Fegan
    Elizabeth A. Fegan
    Timothy P. Mahoney
    Daniel J. Kurowski
    820 North Blvd, Suit B
    Oak Park, Illinois 60301
    (708) 776-5600
    (708) 776-5601 (fax)

    Steve W. Berman
    Ivy Arai
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, Washington 98101
    (206) 623-7292

    *Attorneys for Channing Hesse, John O'Leary,*
    *Christine Wallar, Theresa Reddell and Rebekah*
    *Lockhart*

- 13 -

Kenneth A. Wexler
Edward A. Wallace
Andrae P. Reneau
WEXLER TORISEVA WALLACE LLP
55 West Monroe Street
Suite 3300
Chicago, IL 60603

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street
Suite 1501
San Francisco, CA 94111

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY 10022

Mark J. Tamblyn
WEXLER TORISEVA WALLACFE LLP
1610 Arden Way
Suite 290
Sacramento, CA 95815

*Attorneys for Plaintiff Kim Walton*

Robert James Pavich
John J. Pavich
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, IL 60603

Kevin Barry Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue
Suite 305
Chicago, IL 60601

*Attorneys for Paul Djurisic*

Thomas A. Zimmerman, Jr.
Hugh J. Green
Zimmerman Law Offices, P.C.
100 West Monroe Street
Suite 1300
Chicago, IL 60603

*Attorneys for Robyne Rhode and Tom Brady*

William N. Riley
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Ave
Indianapolis, Indiana 46204

*Attorneys for Ryan Kreiner, Claudine Kreiner, Patrick Hudspeth and Caryn Hudspeth* as well as for the Plaintiffs in the action entitled *Robert Miler and Rachel Miller, individually and b/n/f of J.R.M. and L.S.M., minors, Gregg Theolbald and Shay Theobald, individually and b/n/f of N.P.T., a minor and Chad J. Sweeney, on behalf of themselves and all others similarly situated v. RC2 Corporation, Racing Champions ERTL Corporation, and Learning Curve Brands, Inc., formally doing business as The ERTL Company*, Cause No. 1:07-cv-0772 (S.D. Ind.)

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 W. Main St.
Russellville, AR 72811

*Attorneys for Plaintiffs* in the action entitled *James Weldon Stratton and Christa Marie Stratton, Individually and as Parents, Natural Guardians and Next Friends of E.J.S. and M.M.S., Minors, on Behalf of Themselves and All Others Similarly Situated v. RC2 Corporation, et al.*, Cause No. 4-07-cv-00640. (D. Ark.)

John Balestriere
Craig Lanza
Balestriere PLLC
225 Broadway Suite 2700

- 15 -

New York, NY 10007

*Attorneys for Plaintiffs* in the action entitled *C. Kelly, on behalf of herself and all others similarly situated v. RC2 Corporation*, Cause No. 1:07-cv-02525 (E.D.N.Y.)

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, attest that I caused to be served all counsel of record in the actions entitled Hesse v. Learning Curve Brands Inc., et al., No. 07 C 3514, Deke v. RC2 Corp. et al, No. 07 CV 3609, Walton v. RC2 Corp. et al, No. 07 CV 3614, O'Leary v. Learning Curve Brands, Inc., No. 07 C 3682, Djurisic v. Apax Partners, Inc. et al, No. 07 C 3707; Reddell v. Learning Curve Brands, Inc. et al., No. 07 C 3747, Rhode v. Learning Curve Brands, Inc. et al, No. 07 C 4187, and Kreiner v. RC2 Corp. et al., No. 07 C _____, via the ECF system if they were registered users of the system, or via e-mail if they are not registered users on this 14th day of August 2007.

I, Elizabeth A. Fegan, further attest that I caused to be served counsel of record in the actions entitled Miller v. RC2 Corporation et al., Cause No. 1:07-cv-0772 (S.D. Ind.), Kelly v. RC2 Corporation, Cause No. 1:07-cv-02525 (E.D.N.Y.), and Stratton v. RC2 Corporation, et al., Cause No. 4-07-cv-00640 (D. Ark.), via e-mail this 14th day of August 2007.

/s/ Elizabeth A. Fegan

- 17 -

8|14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE THOMAS TRAINS PAINT LITIGATION | |
| DOCUMENT RELATES TO:: | |
| *Hesse v. Learning Curve Brands Inc., et al.*, No. 07 C 3514 | Lead Case No. 07 C 3514 |
| *Deke v. RC2 Corp. et al*, No. 07 CV 3609 | JUDGE LEINENWEBER<br>MAG. JUDGE NOLAN |
| *Walton v. RC2 Corp. et al*, No. 07 CV 3614 | |
| *O'Leary v. Learning Curve Brands, Inc.*, No. 07 C 3682 | **MOTION TO APPOINT INTERIM LEAD COUNSEL FOR THE PUTATIVE CLASS PER THE** |
| *Djurisic v. Apax Partners, Inc. et al*, No. 07 C 3707; | **MAJORITY CONSENSUS OF THE PLAINTIFFS IN THIS DISTRICT** |
| *Reddell v. Learning Curve Brands, Inc. et al.*, No. 07 C 3747; | |
| *Rhode v. Learning Curve Brands, Inc. et al*, No. 07 C 4187; and | |
| *Kreiner v. RC2 Corp. et al.*, No. 07 C _____ | |

To:  See attached Service List

        PLEASE TAKE NOTICE THAT on August 29, 2007 at 9:00 a.m. or as soon as

counsel may be heard, the Majority Plaintiffs shall present their Motion To Appoint Interim Lead

Counsel for the Putative Class Per the Majority Consensus of the Plaintiffs in this District in

Courtroom 1941 before the Honorable Harry D. Leinenweber, at the United States District Court

For The Northern District Of Illinois located at 219 S. Dearborn St., Chicago, IL  60604.  You

are welcome to attend and participate.

DATED:        August 14, 2007

                        HAGENS BERMAN SOBOL SHAPIRO LLP


                        By___ /s/ Elizabeth A. Fegan_____

183095V1

Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
820 North Blvd, Suit B
Oak Park, Illinois 60301
(708) 776-5600
(708) 776-5601 (fax)

Steve W. Berman
Nicholas J. Styant-Browne
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 623-7292

*Attorneys for Channing Hesse, individually and on behalf of all others similarly situated*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE THOMAS TRAINS PAINT
LITIGATION

This filing applies to:

*Hesse v. Learning Curve Brands Inc., et al.*, No.
07 C 3514

*Deke v. RC2 Corp. et al*, No. 07 CV 3609

*Walton v. RC2 Corp. et al*, No. 07 CV 3614

*O'Leary v. Learning Curve Brands, Inc.*, No. 07
C 3682

*Djurisic v. Apax Partners, Inc. et al*, No. 07 C
3707

*Reddell v. Learning Curve Brands, Inc. et al.*,
No. 07 C 3747

*Rhode v. Learning Curve Brands, Inc. et al*, No.
07 C 4187; and

*Kreiner v. RC2 Corp. et al*, No. 07 C _____

Lead Case No. 07 C 3514_____

JUDGE LEINENWEBER
MAG. JUDGE NOLAN

**DECLARATION OF LAURENCE
D. KING IN SUPPORT OF
MOTION TO APPOINT INTERIM
LEAD COUNSEL**

I, Laurence D. King, declare as follows:

1.      I am a partner of Kaplan Fox & Kilsheimer LLP, counsel of record for plaintiff Kimm Walton in this action.  I make this declaration in support of Motion To Appoint Interim Lead Counsel For The Putative Class Per The Majority Consensus Of The Plaintiffs In This District.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Firm Resume of Kaplan Fox & Kilsheimer LLP.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California on August 9, 2007.

Laurence D. King

1

**EXHIBIT 1**

# KAPLAN*FOX*

### KAPLAN FOX & KILSHEIMER LLP
### FIRM AND ATTORNEY BIOGRAPHIES

Kaplan Fox & Kilsheimer LLP is a firm engaged in the general practice of law with an emphasis on complex and class action securities, antitrust, consumer protection and product liability litigation. The firm has actively participated in numerous complex and class actions throughout the country for over twenty years. It is presently active in major litigations pending in federal and state courts throughout the country.

The firm and its members have served as lead or co-lead counsel, as executive committee member or as liaison counsel, and made significant contributions in many complex class and other multi-party actions in which substantial recoveries were obtained, including the following:

**In re Brand Name Prescription Drug Antitrust Litigation,**
MDL 997 (N.D. Ill.) ($720 plus million recovered)

**In re High Fructose Corn Syrup Antitrust Litigation,**
MDL 1087, (C.D Ill) ($531 million recovered)

**In re Baycol Products Litigation,**
MDL 1431-MJD/JGL (D. Minn.)($350 million recovered to date)

**In re 3Com Securities Litigation,**
No. C-97-21083-EAI (N.D.Ca) ($259 million recovered)

**In re MicroStrategy Securities Litigation,**
No. CV-00-473-A.(E.D.Va) ($155 million recovered)

**In re Informix Securities Litigation,** C-97-129-CRB (N.D.Ca) ($136.5 million recovered)

**In re Infant Formula Antitrust Litigation,**
MDL 878 (N.D.Fla) ($126 million recovered)

**In re Flat Glass Antitrust Litigation,**
MDL 1200 (W.D.P.) ($121 million recovered)

**In re Providian Credit Card Cases,** JCCP 4085 (Sup. Ct., S.F. County, CA); **In re Providian Financial Corp. Credit Card Terms Litigation,**
MDL No. 1301-WY (E.D. Pa.)(($105 million recovered)

**In re Xcel Energy, Inc. Securities Litigation,**
Master File No. 02-CV-2677-DSD (D.Mn) ($80 million recovered)

**In re Elan Corporation Securities Litigation,**
No. 02-CV-0865-RMB (S.D.N.Y.) ($75 million recovered)

**In re Ocean Shipping Antitrust Litigation,**
MDL 395 (S.D.N.Y.) ($51 million recovered)

**In re L.A. Gear Securities Litigations,** CV-90-2832-KN(Bx); CV-91-0400-KN(Bx);
CV-91-4039-MRP(Jrx) (C.D.Ca.) ($50 million plus recovered)

**Rosen, et al. v. Macromedia, Inc., et al.**
Case No. 988526 (Sup. Ct.,SF County Ca.) ($48 million recovered)

**In re Ames Department Stores Securities Litigation,**
MDL No. 924 (S.D.N.Y.) ($46 million recovered)

**In re Medical X-Ray Film Antitrust Litigation,**
CV 93-5904 (E.D.N.Y.) ($39.6 million recovered)

**In re Genentech, Inc. Securities Litigation,**
C-88-4038-DLJ (N.D.Ca.) ($29 million recovered)

**In re Tele-Communications, Inc. Securities Litigation,**
C-97-421(C.D.Ca.) ($26.5 million recovered)

**In re Sun Healthcare Group, Inc. Litigation,** C-95-7005-JC/WWD (D.N.M.) ($24 million recovered)

**In re PepsiCo Securities Litigation,** 82 Civ. 8288
(S.D.N.Y.) ($21 million recovered)

**In re Centennial Technologies Litigation,** 97-10304-REK (D. Mass.)
($21.5 million recovered and other consideration)

**Scheatzle, et al. v. Eubanks, et al.,**
C-92-20785-JW(EAI) (N.D.Ca.) ($18.6 million recovered)

**In re Screws Antitrust Litigation,**
MDL 443 (D. Mass.) ($20 Million recovered)

**Kensington Capital Management v. Oakley, Inc., et. al.,**
No. SACV97-808 GLT (Eex) (C.D.Ca) ($17.5 million recovered)

**In re Computer Memories Securities Litigation,**
No. C-85-2335 (A)-EFL (N.D.Ca.) ($15.5 million recovered)

2

**In re Computer Memories Securities Litigation**,
C-85-2335 (A)-EFL (N.D.Ca.) ($15.5 million recovered)

**In re Wyse Technology Securities Litigation**,
C-89-1818-WHO (N.D.Ca.) ($15.5 million recovered)

**Provenz v. Miller, et al.**, C-92-20159-RMW (N.D.Ca.) ($15 million recovered)

**In re Gupta Corporation Securities Litigation**, C-94-1517-FMS (N.D.Ca.) ($14.25 million recovered)

**In re MicroPro Securities Litigation**,
C-85-7428-EFL (N.D.Ca.) ($14 million recovered)

**In re Immunex Securities Litigation**, C-92-48 WD (W.D.Wa.) ($14 million recovered)

**Barry Hallet, Jr. v. Li & Fung, Ltd., et al.**, 95 Civ. 8917 (S.D.N.Y.) ($13.65 million recovered)

**Stuart Markus v. The North Face, Inc., et al.**
No. 97-Z-473 (D.Co) ($12.5 million recovered)

**Mel Klein v. Laura L. King, et al.**, C-88-3141-FMS (N.D.Ca.) ($11.65 million recovered)

**Igor Cheredrichenko, et al. v. Quarterdeck Corp., et al.**, Case No. 97-4320 (GHK) (C.D. Ca.) ($11 million recovered)

**In re Cheyenne Software, Inc. Securities Litigation**, 94 Civ. 2771 (E.D.N.Y.) ($10.25 million recovered)

The following are the attorneys of the firm who regularly engage in complex litigation:

## PARTNERS

**ROBERT N. KAPLAN**  Widely recognized as a leading securities litigator, Robert Kaplan has led the prosecution of numerous securities fraud class actions and shareholder derivative actions, recovering hundreds of millions of dollars for the victims of corporate wrongdoing.  He also has earned a reputation as a leading litigator in the antitrust and consumer protection arenas.  Mr. Kaplan has been with Kaplan Fox for 30 years, joining in 1971.

Mr. Kaplan honed his litigation skills as a trial attorney with the U.S. Department of Justice.  There, he gained significant experience litigating both civil and criminal actions.  He also served as law clerk to the Hon. Sylvester J. Ryan, then chief judge of the U.S. District Court for the Southern District of New York.

Mr. Kaplan's published articles include: "Complaint and Discovery In Securities Cases," *Trial*, April 1987; "Franchise Statutes and Rules," *Westchester Bar Topics*, Winter 1983; "Roots Under Attack: *Alexander v. Haley* and *Courlander v. Haley*," *Communications and the Law*, July 1979; and "Israeli Antitrust Policy and Practice," *Record of the Association of the Bar*, May 1971.

In addition, Mr. Kaplan served as an acting judge of the City Court for the City of Rye, N.Y., from 1990 to 1993.

Mr. Kaplan sits on the boards of several community organizations, including the Board of Directors of the Carver Center in Port Chester, N.Y., and the Board of Directors of the Rye Free Reading Room in Rye, N.Y.

**Education:**
- B.A., Williams College (1961)
- J.D., Columbia University Law School (1964)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1964)
- U.S. Supreme Court
- U.S. Courts of Appeals for the Second, Third, Seventh, Ninth, and Eleventh Circuits
- U.S. District Courts for the Southern, Eastern, and Northern Districts of New York, the Central District of Illinois, and the District of Arizona

**Professional affiliations:**
- National Association of Securities and Commercial Law Attorneys (past President)
- Committee to Support the Antitrust Laws (past President)
- Advisory Group of the U.S. District Court for the Eastern District of New York
- American Bar Association
- Association of Trial Lawyers of America (Chairman, Commercial Litigation Section, 1985-86)
- Association of the Bar of the City of New York (served on the Trade Regulation Committee; Committee on Federal Courts)

Mr. Kaplan can be reached by email at: RKaplan@kaplanfox.com

**FREDERIC S. FOX**   Fred Fox first associated with Kaplan Fox in 1984, and became a partner in the firm in 1991. He has concentrated his work in the area of securities fraud litigation. Mr. Fox has played important roles in many major securities fraud cases. He was one of the lead trial lawyers in two recent securities class actions, one of which was the first case tried to verdict under the Private Securities Litigation Reform Act of 1995.

Mr. Fox is the author of "Current Issues and Strategies in Discovery in Securities Litigation," ATLA, 1989 Reference Material; "Securities Litigation: Updates and Strategies," ATLA, 1990 Reference Material; and "Contributory Trademark Infringement: The Legal

Standard after *Inwood Laboratories, Inc. v. Ives Laboratories,"* University of Bridgeport Law Review, Vol. 4, No. 2.

During law school, Mr. Fox was the notes and comments editor of the University of Bridgeport Law Review.

**Education:**

- B.A., Queens College (1981)
- J.D., Bridgeport School of Law (1984)

**Bar affiliations and court admissions:**

- Bar of the State of New York (1985)
- U.S. Courts of Appeals for the Fourth, Fifth, and Sixth Circuits
- U.S. District Courts for the Southern and Eastern Districts of New York

**Professional affiliations:**

- American Bar Association
- Association of the Bar of the City of New York
- Association of Trial Lawyers of America (Chairman, Commercial Law Section, 1991-92)

Mr. Fox can be reached by email at: FFox@kaplanfox.com

**RICHARD J. KILSHEIMER** first associated with Kaplan Fox in 1976, and became a partner in the firm in 1983. His practice is concentrated in the area of antitrust litigation, and he has played significant roles in several of the largest antitrust class actions in the country. He also practices in the areas of securities fraud and commercial litigation.

Prior to joining the firm, Mr. Kilsheimer served as law clerk to the Hon. Lloyd F. MacMahon (1975-76), formerly Chief Judge of the U.S. District Court for the Southern District of New York.

Mr. Kilsheimer is co-author of "Secondary Liability Developments," ABA Litigation Section, Subcommittee on Secondary Liability, 1991-1994.

**Education:**

- A.B., University of Notre Dame (1972)
- J.D., cum laude, St. John's University (1975)

**Bar affiliations and court admissions:**

- State of New York (1976)
- U.S. Court of Appeals for the Second Circuit (1983)
- U.S. District Courts for the Southern and Eastern Districts of New York (1976) and the Northern District of Indiana (1987)

**Professional affiliations:**

- Association of the Bar of the City of New York
- Federal Bar Council
- Committee to Support the Antitrust Laws

- Association of Trial Lawyers of America

Mr. Kilsheimer can be reached by email at: RKilsheimer@kaplanfox.com

**GREGORY K. ARENSON** is a seasoned business litigator with experience representing clients in a variety of areas, including antitrust, securities, employee termination, fraud, contract, and unfair competition. His economics background provides unique insights on antitrust liability and damages issues. Mr. Arenson has been a partner in the firm since 1993.

Prior to joining Kaplan Fox, Mr. Arenson was a partner with Proskauer Rose. Earlier in his career, he was a partner with Schwartz Klink & Schreiber, and an associate with Rudnick & Wolfe (now Piper Marbury).

Mr. Arenson writes frequently on discovery issues and the use of experts. Recently published articles include: "Who Should Bear the Burden of Producing Electronic Information?" 7 *Federal Discovery News*, No. 5, at 3 (April 2001); "Work Product vs. Expert Disclosure – No One Wins," 6 *Federal Discovery News*, No. 9, at 3 (August 2000); "Practice Tip: Reviewing Deposition Transcripts," 6 *Federal Discovery News*, No. 5, at 13 (April 2000); and "The Civil Procedure Rules: No More Fishing Expeditions," 5 Federal Discovery News, No. 9, at 3 (August 1999). He was also co-author of "The Good, the Bad and the Unnecessary: Comments on the Proposed Changes to the Federal Civil Discovery Rules," 4 *NYLitigator* 30 (December 1998); co-author of "The Search for Reliable Expertise: Comments on Proposed Amendments to the Federal Rules of Evidence," 4 *NYLitigator* 24 (December 1998); co-editor of *Federal Rules of Civil Procedure, 1993 Amendments, A Practical Guide,* published by the New York State Bar Association; and a co-author of "Report on the Application of Statutes of Limitation in Federal Litigation," 53 *Albany Law Review* 3 (1988).

Mr. Arenson's *pro bono* activities include service as a mediator in the U.S. District Court for the Southern District of New York. In addition, he is an active alumnus of the Massachusetts Institute of Technology, serving as a member of the Corporation, a member of the Corporation Development Committee, vice president of the Association of Alumni/ae, and member of the Alumni/ae Fund Board (of which he was a past chair).

**Education:**
- S.B., Massachusetts Institute of Technology (1971)
- J.D., University of Chicago (1975)

**Bar affiliations and court admissions:**
- Bar of the State of Illinois (1975)
- Bar of the State of New York (1978)
- U.S. Supreme Court
- U.S. Courts of Appeals for the Second and Seventh Circuits
- U.S. District Courts for the Northern and Central Districts of Illinois, and the Southern and Eastern Districts of New York
- U.S. Tax Court

6

**Professional affiliations:**
- New York State Bar Association, Federal Litigation Section, Committee on Federal Procedure  (Chairman since 1997)
- Association of the Bar of the City of New York
- American Bar Association
- Member, advisory board, Federal Discovery News (1999 – present)

Mr. Arenson can be reached by email at: GArenson@kaplanfox.com

**LAURENCE D. KING**  Larry King first associated with Kaplan Fox in 1994, and became a partner in the firm in 1998. Mr. King, who practices in the areas of securities and consumer litigation, is a resident partner in the firm's San Francisco office. Mr. King has played a substantial role in cases that have resulted in some of the largest recoveries obtained by Kaplan Fox and was one of the lead trial lawyers in two recent securities class actions, one of which was the first case tried to verdict under the Private Securities Litigation Reform Act of 1995.

Prior to joining Kaplan Fox, Mr. King honed his litigation skills as an assistant district attorney for New York County, where he tried numerous felony prosecutions to a jury verdict.

**Education:**
- B.S., Wharton School of the University of Pennsylvania (1985)
- J.D., Fordham University School of Law (1988)

**Bar affiliations and court admissions:**
- Bar of the State of Connecticut (1988)
- Bar of the State of New York (1989)
- Bar of the State of New Jersey (1993)
- Bar of the Commonwealth of Pennsylvania (1993)
- Bar of the State of California (2000)
- U.S. District Courts for the District of New Jersey, the Eastern District of Pennsylvania, the Southern and Eastern Districts of New York, and the Central District of California

**Professional affiliations:**
- New York State Bar Association
- New Jersey State Bar Association
- San Francisco Bar Association
- American Bar Association

Mr. King can be reached by email at: LKing@kaplanfox.com

**JOEL B. STRAUSS** first associated with Kaplan Fox in 1992, and became a partner in the firm in 1999. He practices in the area of securities and consumer fraud class action litigation, with a special emphasis on accounting and auditing issues.

7

Prior to joining Kaplan Fox, Mr. Strauss served as a senior auditor with one of the former "Big Eight" accounting firms. Combining his accounting background and legal skills, he has played a critical role in successfully prosecuting numerous securities class actions across the country on behalf of shareholders. Mr. Strauss was one of the lead trial lawyers for the plaintiffs in the first case to go to trial and verdict under the Private Securities Litigation Reform Act of 1995.

Although currently practicing exclusively in the area of law, Mr. Strauss is a licensed Certified Public Accountant in the State of New York.

Mr. Strauss has also been a guest lecturer on the topics of securities litigation, auditors' liability and class actions for seminars sponsored by the Practicing Law Institute and the National Consumer Law Center.

**Education:**
- B.A., Yeshiva University (1986)
- J.D., Benjamin N. Cardozo School of Law (1992)

**Bar affiliations and court admissions:**
- Bar of the State of New Jersey
- Bar of the State of New York
- U.S. District Courts for the Southern and Eastern Districts of New York and the District of New Jersey
- U.S. Court of Appeals for the Third Circuit

**Professional affiliations:**
- American Bar Association (member, Litigation Section, Rule 23 Subcommittee)
- Association of the Bar of the City of New York
- New York State Bar Association
- American Institute of Certified Public Accountants

Mr. Strauss can be reached by email at: JStrauss@kaplanfox.com

**LINDA P. NUSSBAUM** joined Kaplan Fox in February 2007 as a partner. She previously was the resident Partner of the New York City office of Cohen Milstein Hausfeld & Toll, P.L.L.C.

She is presently in a lead counsel position in a number of significant antitrust class actions pending throughout the United States including: In re Plastics Additives Antitrust Litigation (E.D., Pa); In re DDAVP Litigation (S.D.N.Y.); In re Ovcon Litigation (D.D.C.); In re Plavix Litigation (S.D. Oh.); In re Metoprolol Succinate Direct Purchaser Antitrust Litigation (U.S.D.C., Delaware); and Meijer, Inc. et al v. Braintree Laboratories (U.S.D.C. Delaware).

She has recently served as lead counsel in a number of antitrust class actions that have resolved favorably for the plaintiff class including In re Lozazepam nd Clorazepate Antitrust Litigation (D.D.C,) where, in approving the $35 million settlement, Chief Judge Hogan commented, "Obviously, the skill of the attorneys, and I'm not going to spend the time reviewing

8

it, I'm familiar with counsel, and they, as I said, are among the best antitrust litigators in the country;" In re Relafen Antitrust Squibb Co. (D. Mass); and Oncology Radiation Associates, P.A. v. Bristol Myers Squibb Co. (D.D.C.) ($65 million settlement).

Ms. Nussbaum is a member of the American Law Institute.  She has lectured at the ABA Antitrust Section Spring Meeting on several occasions, including the 2007 55th Annual Antitrust Law Spring Meeting, at the University of San Francisco Pharmaceutical Antitrust Seminar, and recently at the New York State Bar Antitrust Law Section Annual Meeting,

Ms. Nussbaum is admitted to practice in New York and the District of Columbia.

**Education:**
- B.A., Brooklyn College (1974)
- J.D., George Washington University (1977)
- LL.M., Degree in Taxation from New York University School of Law (1984)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1974)
- Bar of the District of Columbia
- U.S. District Courts for the Southern, Eastern and Northern Districts of New York and the District of Columbia
- Supreme Court of the United States

**Professional affiliations:**
- American Bar Association
- New York State Bar Association

Ms. Nussbaum can be reached by email at LNussbaum@kaplanfox.com

**HAE SUNG NAM** first associated with Kaplan Fox in 1999 and became a partner in the firm in 2005.  She practices in the areas of securities and antitrust litigation.

Prior to joining the firm, Ms. Nam was an associate with Kronish Lieb Weiner & Hellman LLP, where she trained in corporate securities law and mergers and acquisitions.  She also served as an intern for the U.S. Department of Justice, Antitrust Division.

During law school, Ms. Nam was a member of the George Washington University Law Review.  She is the author of a case note, "Radio – Inconsistent Application Rule," 64 Geo. Wash. L. Rev. (1996).

**Education:**
- B.A., magna cum laude, Syracuse University (1994)
- J.D., with honors, George Washington University School of Law (1997)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1998)
- U.S. District Court for the Eastern District of Wisconsin

**Professional affiliations:**
- New York State Bar Association

9

- American Bar Association

Ms. Nam can be reached by email at: HNam@kaplanfox.com

**DONALD R. HALL** first associated with Kaplan Fox in 1998 and became a partner in the firm in 2005. He practices in the areas of antitrust, securities, and civil litigation.

During law school, Mr. Hall was a member of the Fordham Urban Law Journal and a member of the Fordham Moot Court Board. He also participated in the Criminal Defense Clinic, representing criminal defendants in federal and New York State courts on a pro-bono basis.

**Education:**
- B.A., College of William and Mary (1995)
- J.D., Fordham University School of Law (1998)

**Bar affiliations and court admissions:**
- Bar of the State of Connecticut (2001)
- Bar of the State of New York (2001)
- U.S. District Court for the Southern District of New York

**Professional affiliations:**
- American Bar Association
- Association of Trial Lawyers of America
- New York State Bar Association

Mr. Hall can be reached by email at: DHall@kaplanfox.com

**JASON A. ZWEIG** became associated with Kaplan Fox in January 2003, and became a partner of the firm in 2007.. He practices in the areas of securities, antitrust, and other areas of civil litigation.

Prior to joining the firm, Mr. Zweig was an associate with Proskauer Rose LLP in New York where he practiced in all areas of civil and criminal litigation.

During law school, Mr. Zweig was Executive Editor for the Columbia Journal of Environmental Law.

**Education:**
- B.S., Indiana University (1995)
- J.D., Columbia University School of Law (1998)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1999)
- U.S. Dist. Court for the Southern District of New York (2000)
- U.S. Dist. Court for the Eastern District of New York (2000)
- United States Court of Appeals for the Third Circuit (2001)

**Professional affiliations:**
- Association of the Bar of the City of New York

Mr. Zweig can be reached by email at: JZweig@kaplanfox.com

10

## ASSOCIATES

**CHRISTINE FOX** has been associated with Kaplan Fox since 1995. She practices in the areas of securities and antitrust litigation.

**Education:**
- B.S., Cornell University (1992)
- J.D., University of Michigan Law School (1994)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1995)
- U.S. District Courts for the Southern and Eastern Districts of New York

**Professional Affiliations:**
- American Bar Association
- New York State Bar Association
- New York County Lawyers Association
- Bar Association of the City of New York

Ms. Fox can be reached by email at: CFox@kaplanfox.com

**LORI S. BRODY** practices in the area of complex litigation. She first became associated with Kaplan Fox in 2001, and is resident in the firm's Los Angeles office.

**Education:**
- B.A, University of California, Berkeley (1987)
- J.D., University of California, Los Angeles (1990)

**Bar affiliations and court admissions:**
- Bar of the State of California (1990)
- U.S. District Courts for the Northern, Central and Southern Districts of California

Ms. Brody can be reached by email at: LBrody@kaplanfox.com

**JEFFREY P. CAMPISI** became associated with Kaplan Fox in February 2004. He practices in the areas of securities, antitrust, and other areas of civil litigation.

Prior to joining the firm, Mr. Campisi served as law clerk to the Hon. Herbert J. Hutton. Also, Mr. Campisi was an associate with Dewey Ballantine LLP in New York where he practiced in all areas of civil litigation.

During law school, Mr. Campisi was a member of the Villanova Law Review.

**Education:**
- B.A., cum laude, Georgetown University (1996)
- J.D., summa cum laude, Villanova University School of Law (2000)

**Bar affiliations and court admissions:**

11

- Bar of the State of New York (2001)
- U.S. Dist. Court for the Southern District of New York (2001)
- U.S. Dist. Court for the Eastern District of New York (2001)

**Professional affiliations:**

- American Bar Association

Mr. Campisi can be reached by email at: JCampisi@kaplanfox.com

**LOUIS A. KESSLER** joined the firm's San Francisco office in 2005. Mr. Kessler focuses his practice on Antitrust, Securities Fraud and Consumer Fraud class actions. Prior to joining the Firm, Mr. Kessler was an associate at Much Shelist Freed Denenberg Ament & Rubenstein PC in Chicago, Illinois. He also has worked for the Enforcement Division of the United States Securities and Exchange Commission and for Equal Rights Advocates, a public interest law firm, in San Francisco.

**Education:**

- B.A., Physics and Philosophy, Amherst College (1997)

- J.D., The Law School, The University of Chicago (2002)

**Bar Affiliations and Court Admissions:**

- State Bar of Illinois (2002)

- United States District Court for the Northern District of Illinois (2002)

- United States District Court for the Eastern District of Wisconsin (2003)

- State Bar of California (pending)

**Professional Affiliations:**

- American Bar Association

- Chicago Bar Association

Mr. Kessler can be reached by email at: LKessler@kaplanfox.com

**MELINDA RODON** has been associated with Kaplan Fox since September 2004. She practices in the areas of securities, antitrust, and other areas of civil litigation.

While attending law school, Ms. Rodon provided pro bono legal services to the Philadelphia community through the Civil Practice Clinic of the University of Pennsylvania Law School as well as the Homeless Advocacy Project. She also conducted pro bono legal research for the Southern Poverty Law Center.

**Education:**

- B.A., University of Missouri (2000)
- J.D., University of Pennsylvania Law School (2004)

**Bar affiliations and court admissions:**

- Bar of the State of New York, *admission pending*

**Ms. Rodon can be reached by email at: MRodon@kaplanfox.com**

**WHITNEY E. STREET** became associated with Kaplan Fox in May 2006. She practices in the areas of securities, antitrust, and other areas of civil litigation. During law school, Ms. Street was a member of the Virginia Journal of Social Policy and the Law and the Virginia Journal of Law and Technology *and provided pro bono legal services to the Charlottesville community through the Legal Aid Justice Center.*
Prior to joining the firm, Ms. Street was an associate with Pillsbury Winthrop Shaw Pittman LLP in San Francisco where she practiced in all areas of civil litigation.

**Education:**
- B.A., Economics and English Literature, University of Virginia (1999)
- J.D., University of Virginia School of Law (2002)

**Bar Affiliations:**
- Bar of the State of California (2002)
- Bar of the State of Texas (2004)

**Ms. Street can be reached by email at: WStreet@kaplanfox.com**

**AVIAH COHEN PIERSON** has been associated with Kaplan Fox since September 2005. She practices in the areas of antitrust, securities, and other areas of civil litigation. During law school, Ms. Pierson interned for Judge Mark D. Fox in the Southern District of New York. In addition, she was a member of the Fordham Law Review.

**Education:**
- B.A., summa cum laude, University of Pennsylvania (2000)
- J.D., Fordham University, School of Law (2005)

**Bar Affiliations and Court Admissions:**
- Bar of the State of New York (2006)
- U.S. District Courts for the Southern and Eastern Districts of New York

Ms. Pierson can be reached by email at: Acohenpierson@kaplanfox.com

### OF COUNSEL

**MARY G. MORRIS** practices in the area of securities litigation. She associated with the firm in 2002. Prior to joining Kaplan Fox, Ms. Morris served as Treasurer of Virginia and before that served as Virginia's Senior Assistant Attorney General for Finance and Tax, responsible for all the Commonwealth's tax litigation.

**Education:**

13

- B. A., with distinction, Christopher Newport College of the College of William and Mary (1976)
- J.D., Marshall-Wythe School of Law, College of William and Mary (1981)
- M.L. & T., Marshall-Wythe School of Law, College of William and Mary (1982)

**Bar affiliations and court admissions:**
- Bar of the State of Virginia (1981)
- U.S. Supreme Court
- U.S. Court of Appeals for the Fourth Circuit
- U.S. District Courts for the Eastern and Western Districts of Virginia

**Professional affiliations:**
- Virginia State Bar Association
- Virginia Women Attorneys Association
- National Association of Bond Lawyers

Ms. Morris can be reached by email at: MMorris@kaplanfox.com

**W. MARK MCNAIR** practices in the area of securities litigation with a special emphasis on institutional investor involvement. He associated with the firm in 2003, and is resident in Washington, D.C. Prior to entering private practice, he was an attorney at the Securities and Exchange Commission and the Municipal Securities Rulemaking Board.

**Education:**
- B.A. with honors, University of Texas at Austin (1972)
- J.D. University of Texas at Austin (1975)
- L.L.M. (Securities) Georgetown University (1989)

Mr. McNair can be reached at MMcnair@kaplanfox.com

**LINDA M. FONG** practices in the areas of general business and consumer protection class action litigation. She has been associated with Kaplan Fox since 2001, and is resident in the firm's San Francisco office. Ms. Fong serves on the Board of the San Francisco Trial Lawyers Association and is active in its Women's Caucus.

**Education:**
- J.D., University of San Francisco School of Law (1985)
- B.S., with honors, University of California, Davis
- Elementary Teaching Credential, University of California, Berkeley

**Bar affiliations and court admissions:**
- Bar of the State of California (1986)
- U.S. District Courts for the Northern and Eastern Districts of California
- U.S. Court of Appeals for the Ninth Circuit

**Professional affiliations:**
- San Francisco Trial Lawyers Association

- Asian American Bar Association
- Bar Association of San Francisco
- Trial Lawyers for Public Justice
- Consumer Attorneys of California

**Awards:**

- Presidential Award of Merit
- Consumer Attorneys of California, 2000

Ms. Fong can be reached by email at: LFong@kaplanfox.com

**GARY L. SPECKS** practices primarily in the area of complex antitrust litigation. He has represented plaintiffs and class representatives at all levels of litigation, including appeals to the U.S. Courts of Appeals and the U.S. Supreme Court. In addition, Mr. Specks has represented clients in complex federal securities litigation, fraud litigation, civil RICO litigation, and a variety of commercial litigation matters. Mr. Specks is resident in the firm's Chicago office.

During 1983, Mr. Specks served as special assistant attorney general on antitrust matters to Hon. Neil F. Hartigan, then Attorney General of the State of Illinois.

**Education:**

- B.A., Northwestern University (1972)
- J.D., DePaul University College of Law (1975)

**Bar affiliations and court admissions:**

- Bar of the State of Illinois (1975)
- U.S. Courts of Appeals for the Third, Fifth, Seventh, Ninth and Tenth Circuits
- U.S. District Court for the Northern District of Illinois, including Trial Bar

**Professional affiliations:**

- American Bar Association
- Illinois Bar Association
- Chicago Bar Association

Mr. Specks can be reached by email at: GSpecks@kaplanfox.com

**WILLIAM J. PINILIS** practices in the areas of commercial, consumer and securities class action litigation.

He has been associated with Kaplan Fox since 1999, and is resident in the firm's New Jersey office.

In addition to his work at the firm, Mr. Pinilis has served as an adjunct professor at Seton Hall School of Law since 1995, and is a lecturer for the New Jersey Institute for Continuing Legal Education. He has lectured on consumer fraud litigation and regularly teaches the mandatory continuing legal education course Civil Trial Preparation.

Mr. Pinilis is the author of "Work-Product Privilege Doctrine Clarified," *New Jersey Lawyer*, Aug. 2, 1999; "Consumer Fraud Act Permits Private Enforcement," *New Jersey Law*

15

*Journal*, Aug. 23, 1993; "Lawyer-Politicians Should Be Sanctioned for Jeering Judges," *New Jersey Law Journal*, July 1, 1996; "No Complaint, No Memo – No Whistle-Blower Suit," *New Jersey Law Journal*, Sept. 16, 1996; and "The *Lampf* Decision: An appropriate Period of Limitations?" *New Jersey Trial Lawyer*, May 1992.

**Education:**
- B.A., Hobart College (1989)
- J.D., Benjamin Cardozo School of Law (1992)

**Bar affiliations and court admissions:**
- Bar of the State of New Jersey (1992)
- Bar of the State of New York (1993)
- U.S. District Courts for the District of New Jersey, and the Southern and Eastern Districts of New York

**Professional affiliations:**
- Morris County Bar Association
- New Jersey Bar Association
- Graduate, Brennan Inn of Court

Mr. Pinilis can be reached by email at: WPinilis@kaplanfox.com

**CHARLES J. MOXLEY, JR.**  Charles Moxley practices in the areas of securities, insurance, commercial, corporate, and general civil litigation, as well as performing arbitration and appellate work.  He has been associated with Kaplan Fox since 1994.

Mr. Moxley started his career as an associate at Davis Polk & Wardwell, and thereafter was a member of several New York City law firms.  He has also served as a law professor at St. John's University School of Law and as an adjunct professor at New York Law School, teaching courses in the litigation area, including federal and New York practice, evidence, and professional responsibility.  Mr. Moxley has been an arbitrator on numerous substantial arbitrations before the American Arbitration Association in the securities, contract, intellectual property, employment, construction, and other areas.  He has also served extensively as a special master in New York Supreme Court.

He is the author of *International Law and Nuclear Weapons in the Post Cold War World* (Austin & Winfield, 2000) (with forewords by Robert S. McNamara, David W. Leebron, and Kosta Tsipis).

Mr. Moxley's pro bono activities include service as Chair of the Independent Judicial Screening Committee for the designation of candidates for New York City Civil Judge.  He is also a member of the board of the Lawyers' Committee for Nuclear Policy and a former board member of the Lawyers Alliance for World Security.  In addition, he has served as New York City Law Industry Chair for the March of Dimes Walkathon.

During law school, Mr. Moxley served as managing editor of the Columbia Journal of Transnational Law.  He then served as law clerk to the Hon. Thomas F. Croake of the U.S.

District Court for the Southern District of New York.

**Education:**
- B.A., Fordham University (1965)
- M.A., Fordham University (1966)
- J.D., Columbia University School of Law (1969)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1969)
- U.S. Supreme Court
- U.S. Courts of Appeals for the Second and Seventh Circuits
- U.S. District Courts for the Southern and Eastern Districts of New York

**Professional affiliations:**
- American Bar Association
- Association of the Bar of the City of New York
- New York State Bar Association
- New York County Lawyers Association

Mr. Moxley can be reached by email at: CMoxley@kaplanfox.com

**SUSAN R. SCHWAIGER** joined Kaplan Fox in February 2007.  She practices in the area of antitrust law.  Prior to joining the firm, Ms. Schwaiger was Of Counsel with Cohen, Milstein, Hausfeld & Toll, P.L.L.C. and Pomerantz Haudek Block Grossman & Gross LLP, practicing in the antitrust area, and an associate with Shearman & Sterling, where she practiced in all areas of litigation.  During law school, Ms. Schwaiger was a member of the Brooklyn Law Review.

**Education:**
- B.S., University of Tennessee (1971)
- M.A., University of Kentucky (1973)
- J.D., Brooklyn Law School (1992)

**Bar affiliations and court admissions:**
- Bar of the State of New York (1993)
- U.S. District Courts for the Southern, Eastern and Northern Districts of New York

**Professional affiliations:**
- American Bar Association
- New York State Bar Association

**Ms. Schwaiger can be reached by email at: SSchwaiger@kaplanfox.com**

## DECLARATION OF WILLIAM N. RILEY

1.      The Price firm has historically represented and/or continues to represent

classes of landowners in the following cases:  *Hinshaw v. AT&T Corp*, Civil Action No.

1P99-0549-CT/9 (S.D. Ind.); *Firestone v. APU*, Cause No. 29D03-9210-CP-500 (Boone

County, Ind.); *Consolidated Rail Corp. v. Lewellen*, 682 N.E.2d 779 (Ind. 1997); *CSX*

*Transportation, Inc., v. Clark*, 646 N.E.2d 1003 (Ind. Ct. App. 1995); *Dickerson v.*

*Worldcom*, Cause No. IP96-1311-C-M/S (S.D. Ind.); *Hash v. United States*, Civil Action

No. CV99-324-S-MHW (D. Id.); and *Schneider v. United States*, Civil Action No. 6:99-

CV-451 (E.D. Tex.).

2.      The Price firm successfully served as counsel to objecting class members

in *Hefty v. All Other Members of the Certified Settlement Class*, 680 N.E.2d 843 (Ind.

1997), and as counsel for *Amici Curiae* Indiana Landowners with Land Underlying or

Adjacent to Abandoned Railroad Rights of Way in *Calumet National Bank v. American*

*Telegraph & Telephone Co.*, 682 N.E.2d 785 (Ind. 1997).

3.      Price Waicukauski & Riley currently represents approximately twenty

(20) welfare and benefit funds in a putative class actions of third party payers in litigation

regarding unlawful and excessive drug pricing in the Vioxx and Celebrex/Bextra multi-

district litigation, *Sheet Metal Workers Local No. 20 Welfare and Benefit Fund, et al., v.*

*Merck, Inc.,* Cause No. 1:05-CV-0349-DFH-VSS; *Sheet Metal Workers Local No. 20*

*Welfare & Benefit Fund, et al. v. Pfizer, Inc., et al.*, Cause No. 1:05-cv-1109-JDT-TAB.

4.      I am a principal member of the Price Waicukauski & Riley, LLC, and I

serve as a member of the Purchase Claims Committees for *In Re: VIOXX Products*

*Liability Litigation*, MDL No. 1657, *In Re: Bextra and Celebrex Marketing Sales*

*Practices and Product Liability Litigation*, MDL No. 1699, *In Re: Guidant Corp. Implantable Defibrillators Product Liability Litigation*, MDL No. 1708 and *In Re: Medtronic, Corp. Implantable Defibrillators Product Liability Litigation*, MDL No. 1726.

5.    I have also participated as a member of Castano litigation group which represented Gray Davis, Governor of California in the case of *Davis v. R.J. Reynolds Tobacco Company, et al.,* resulting in the recovery of $12,503,486,255.37 for the State of California.

6.    Price Waicukauski & Riley, LLC has substantial experience in litigating complex technical matters against large international corporations. In January of this year the Price Waicukauski & Riley, LLC, as co-lead counsel, settled a major case against Motorola, Inc. one week before trial. The details of this settlement are confidential. *Viastar Energy, LLC v. Motorola, Inc.*, U.S. Southern District of Indiana, Cause No. 1:05-cv-1095-DFH-WTL.

I HEREBY AFFIRM UNDER PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____
William N. Riley

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**IN RE THOMAS TRAINS PAINT**
**LITIGATION**

DOCUMENT RELATES TO::

*Hesse v. Learning Curve Brands Inc., et al.*, No.
07 C 3514

*Deke v. RC2 Corp. et al*, No. 07 CV 3609

*Walton v. RC2 Corp. et al*, No. 07 CV 3614

*O'Leary v. Learning Curve Brands, Inc.*, No. 07
C 3682

*Djurisnic v. Apax Partners, Inc. et al*, No. 07
C 3707;

*Reddell v. Learning Curve Brands, Inc. et al.*,
No. 07 C 3747

*Rohde v. Learning Curve Brands, Inc. et al*, No.
07 C 4187; and

*Kreiner v. RC2 Corp. et al.*, No. 07 C _____

Lead Case No. 07 C 3514

JUDGE LEINENWEBER
MAG. JUDGE NOLAN

**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF MOTION TO**
**APPOINT INTERIM LEAD COUNSEL FOR THE PUTATIVE CLASS PER THE**
**MAJORITY CONSENSUS OF THE PLAINTIFFS IN THIS DISTRICT**

I, Elizabeth A. Fegan, declare:

1.    I am a lawyer with Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), am

one of the attorneys of record for Plaintiffs Channing Hesse, John O'Leary, Christine Wallar,

Theresa Reddell, and Rebekah Lockhart, and am submitting this declaration in support of the

- 1 -

Majority Plaintiffs' Motion for Appointment of Lead Counsel. I have personal knowledge of and am competent to testify to the facts stated below.

2.     Since graduating from law school in 1995, I have practiced in Chicago with a focus on complex commercial litigation, including class actions. My experience ranges from actions brought exclusively under Illinois law, including the Illinois Consumer Fraud Act, to those under federal and other states' laws.

3.     For example, with respect to Illinois law, I have been appointed Special Assistant Corporation Counsel on behalf of the City of Chicago, the Chicago Park District, and the Public Building Commission of Chicago numerous times in actions arising under Illinois law, including but not limited to eminent domain actions; a constitutionality challenge to a City statute; and in defense of the Chicago Police Department's refusal to hire decisions. I also successfully led a local municipality's accounting and auditing malpractice lawsuit, entitled *The Village of Maywood, Illinois v. Unison-Maximus, Inc., Hill Taylor & Co., LLC & Sharon Gist Gilliam*, No. 00 L 014029 (Cir. Ct. Cook Cty.), that sought in excess of $45 million due to the Village as a result of defendants' negligence and failure to uphold their respective duties of care.

4.     With respect to class actions, I was appointed by the Honorable Judge Wayne Andersen of the United States District Court for the Northern District of Illinois to the Special Master team assisting the Court in the settlement-related confirmatory discovery and approval process in the *In re Waste Mgmt. Sec. Litig.*, and by the Circuit Court of Cook County to the Special Master team assisting the Court with certain aspects of the class action fairness hearings in *Wolens et al. v. American Airlines*, Nos. 88 CH 7554, 89 CH 119. Further, I have also acted as lead counsel to prosecute *Wiginton et al. v. CB Richard Ellis, Inc.*, No. 02 C 6832 (N.D. Ill.), a nationwide class action alleging sexual harassment on behalf of a class of 10,000 current and

- 2 -

former female employees. Similarly, in *Coburn et al. v. DaimlerChrysler Servs.*, No. 03 C 759 (N.D. Ill.), Steve Berman and Hagens Berman were lead counsel in a red-lining class action against Chrysler Financial on behalf of African-American and Hispanic customers in the Chicago area.

5.      Hagens Berman represented several individuals in Illinois in a class action case against Kerr-McGee, alleging that it was responsible for poisoning the community of West Chicago with a blanket of industrial waste products that contained radioactive thorium and other hazardous substances, including lead-212. Thousands of proposed class members were continuously exposed to the Kerr-McGee's waste. The proposed classes included a continuing tort/residential property class as well as a medical monitoring class on behalf of the children of West Chicago. In December 1996, Hagens Berman filed a class action complaint against Kerr-McGee in the United States District Court for the Northern District of Illinois, Case No. 96 C 8583. Plaintiffs' medical monitoring claims brought on behalf of children and their claims for punitive damages survived both a motion to dismiss and a motion for summary judgment. In August 2000, the Court granted final approval of settlement, which provided for the establishment of a $20 million dollar medical monitoring fund for the children of West Chicago.

6.      Hagens Berman's expertise in medical monitoring and exposure to toxic substances is further supported by its work with experts in *In re Asarco/Vashon-Maury Island Litig.*, No. C00-0695Z (W.D. Wash.). That case involved hazardous concentrations of lead and arsenic that remained on plaintiffs' Vashon-Maury Island properties that were left behind by Asarco's 95-year legacy of toxic air emissions from its smelter across the Puget Sound.

7.      Since its founding, Hagens Berman has represented plaintiffs in class actions and other complex, large-scale litigation across the country. For example, Steve Berman was

- 3 -

appointed co-lead counsel by the Court in *In re Visa Check/MasterMoney Antitrust Litig.*, CV-96-5238 (E.D.N.Y.). In that case, a number of large and small merchants and three trade associations sued "Visa and MasterCard, alleging that defendants have created a tying arrangement in violation of § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, by means of their 'honor all cards' policy, which requires stores that accept defendants' credit cards to accept their debit cards as well. Plaintiffs also allege that defendants have attempted and conspired to monopolize the debit card market in violation of § 2 of the Sherman Act, 15 U.S.C. § 2." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 129-30 (2d Cir. 2001), *cert. denied*, 536 U.S. 917 (2002). The district court certified a class comprising "all persons and business entities who have accepted Visa and/or MasterCard credit cards and therefore are required to accept Visa Check and/or MasterMoney debit cards under the challenged tying arrangements, during the fullest period permitted by the applicable statutes of limitations." *Id.* at 131. The Second Circuit affirmed class certification, and the Supreme Court denied certiorari. The parties settled the case on the eve of trial.

8.      Similarly, Hagens Berman played a major role in litigation by State Attorneys General, including Illinois' Attorney General, against the tobacco industry. Only two States took their cases against that industry to trial: Washington and Minnesota. As a result, only two private firms tried cases on behalf of the States against the industry. Hagens Berman is one of those firms. In the Washington case, Steve Berman of Hagens Berman was co-lead trial counsel. The claim for damages in the Washington case was based solely on an antitrust theory. Moreover, Hagens Berman was instrumental in developing what came to be accepted as the predominant legal tactic to use against the tobacco industry, *i.e.*, emphasizing traditional claims such as state consumer protection, antitrust and racketeering laws. With the exception of the Idaho case, not a single

- 4 -

court in a case where Hagens Berman served as private counsel to a State dismissed the State's antitrust claims.

I swear under penalty of perjury under the laws of the United States of America that the statements set forth in this instrument are true and correct.

Dated: August 14, 2007

_____/s/ Elizabeth A. Fegan_____
Elizabeth A. Fegan