Dennis M. Reznick (DR4841)
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ  07078
(973) 376-7700

Of Counsel:
Bart T. Murphy, Esq.
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, IL  60532

Jim L. Petersen, Esq.
Judy S. Okenfuss, Esq.
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN 46282-0200

*Attorneys for Defendants RC2 Corporation,*
*Learning Curve Brands, Inc. and Toys "R" Us, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MURDOCK, Individually and as Father and Next Friend of BEAU FARISH MURDOCK and ANABELLE SAGE MURDOCK, Minor Children, on Behalf of All Others Similarly Situated, | Civil Action No.  2:07-CV-03376 (WHW-MF) |
| Plaintiff, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| RC2 CORPORATION; LEARNING CURVE BRANDS, INC. d/b/a RC2 BRANDS, INC.; WAL-MART STORES, INC and TOYS "R" US, INC., | **[Document Electronically Filed]** |
| Defendants. | |

## DEFENDANTS RC2 CORPORATION, LEARNING CURVE BRANDS, INC., AND TOYS "R" US, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL AND IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS AND FOR EXTENSION OF TIME TO ANSWER

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT AND STATEMENT OF FACTS ............................................ 1

LEGAL ARGUMENT ............................................................................................................. 4

    POINT I – APPOINTMENT OF INTERIM LEAD COUNSEL IS NOT
    WARRANTED IN THIS CASE ........................................................................................ 4

    POINT II – AN EXTENSION OF TIME TO ANSWER AND A STAY OF
    PROCEEDINGS IS APPROPRIATE DUE TO THE PENDING MOTIONS TO
    TRANSFER THIS CASE TO AN MDL DISTRICT ......................................................... 8

        A. Judicial Economy is Best Served by the Entry of a Stay Pending
        a Decision of the JPML .......................................................................................... 9

        B. The Balancing of the Equities Favors Issuance of a Stay as
        Plaintiff Will Suffer No Prejudice ........................................................................ 12

CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

Page

Federal Cases

American Seafood, Inc. v. Magnolia Processing, 1992 WL 102762
(E.D. Pa. May 7, 1992) ..................................................................................................... 9, 12

Arthur-Magna Inc. v. Del-Val Fin Corp., 1991 WL 13725 (D.N.J. Feb. 1, 1991).............. 8, 9, 13

Gonzalez v. American Home Products, Corp., 223 F. Supp. 2d 803 (S.D. Tex. 2002) ................. 9

Hertz Corporation v. The Gator Corporation, 250 F. Supp. 2d 421 (D.N.J. 2003) ........................ 8

In re CertainTeed Corp. Roofing Shingle Prods Liab. Lit., 2007 WL 549356
(J.P.M.L. 2007) ................................................................................................................... 10

In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.,
398 F. Supp. 2d 1365 (J.P.M.L. 2005).................................................................................. 10

In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.,
398 F. Supp. 2d 1371 (J.P.M.L. 2005).................................................................................. 10

In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 418-19 (D.N.J. 1998) ............................... 7

In re Party City Sec. Litig., 189 F.R.D. 91, 115-117 (D.N.J. 1999).............................................. 7

In re Plumbing Fixture Cases, 298 F. Supp. 484, 489 (J.P.M.L. 1968)....................................... 11

In re Roadway Exp. Inc. Employ. Pract. Lit., 384 F. Supp. 612 (J.P.M.L. 1974)........................ 10

Issuer Plaintiff Initial Public Offering Antitrust Litigation, 234 F.R.D. 67, 70
(S.D.N.Y. 2006)..................................................................................................................... 4

Knearem v. Bayer Corp, 2002 WL 1173551, at *1 (D. Kan. 2002) ............................................ 10

Kohl v. American Home Prods. Corp., 78 F. Supp. 2d 885 (W.D. Ark. 1999).............................. 9

Landis v. North American Co., 299 U.S. 248, 254 (1936) ............................................................. 9

Moore v. Wyeth-Ayerst Laboratories, 236 F. Supp. 2d 509, 511 (D. Md. 2002) .......................... 8

Portnoy v. Zenith Laboratories, 1987 WL 10236 (D.D.C. Apr. 21, 1987).................................... 9

Republic of Venezuela v. Philip Morris Companies, Inc., et. al., 1999
    WL 33911677 (S.D. Fla. 1999) ................................................................... 9

Rivers v. The Walt Disney Co., 980 F. Supp. 1358 (C.D. Cal. 1997)...................................... 9, 12

Rosenfeld v. Hartford Fire Ins. Co., 1988 WL 49065 (S.D.N.Y. May 12, 1988) .......................... 9

U.S. Bank Nat'l Ass'n v. Royal Indem. Co., 2002 WL 31114069
    (N.D. Tex. Sept. 23, 2002)............................................................................ 9, 11

Federal Statutes

28 U.S.C. § 1407.................................................................................................... passim

Federal Rules

Fed. R. Civ. P. 23(g) ............................................................................................. 1, 3, 4

Treatises

5 Moore's Federal Practice § 23.121 (3d ed. 2006) ...................................................... 4

Manual for Complex Litigation (4th), § 21.11 (2004).................................................. 7

Defendants RC2 Corporation, Learning Curve Brands, Inc. and Toys "R" Us, Inc. (collectively "Moving Defendants") oppose plaintiff's motion for appointment of interim lead counsel under Fed. R. Civ. P. 23(g), and cross-move to (i) stay all proceedings in this action, pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on motions before it for transfer and consolidation of this case and related actions, and (ii) extend the time in which Moving Defendants have to answer, move or otherwise respond to the Class Action Complaint. Interim lead counsel has already been appointed in consolidated class actions relating to this case that are pending in the Northern District of Illinois, and plaintiff will not be prejudiced by a stay pending the JPML's ruling on the motions for transfer and consolidation involving this case.

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Currently, there are at least 15 actions filed in six different U.S. District Courts across the country asserted against the Moving Defendants and relating to the subject of this action. Certification of Dennis M. Reznick, dated September 10, 2007 ("Reznick Cert."), ¶ 2 and Exhibit A thereto. Defendants RC2 Corporation and Learning Curve Brands, Inc. have been served in fourteen (14) class actions pending in various federal district courts. Certification of Judy S. Okenfuss, dated September 10, 2007 ("Okenfuss Cert."), ¶ 3. In those actions, putative class members and individuals assert claims in connection with their purchase of Thomas & Friends™ Railway Toys, which were the subject of a recall; the numerous lawsuits contain common questions of fact. Reznick Cert., ¶¶ 4, 10; Okenfuss Cert., ¶ 3.

At least three motions to transfer this action and the other related actions to a single judicial district pursuant to 28 U.S.C. § 1407 are pending before the JPML. Reznick Cert., ¶¶ 5-7. Two of those motions were filed by plaintiffs. Id., ¶¶ 6-7. Moving Defendants filed their motion for transfer with the JPML on August 27, 2007, requesting transfer of all related cases for

consolidation in the Northern District of Illinois. Id., ¶ 5. On August 20, 2007, plaintiffs in a

case pending in the Central District of California filed with the JPML a motion for transfer,

seeking transfer and consolidation in the Central District of California. Id., ¶ 6. On August 24,

2007, plaintiffs in 11 of the actions pending in several district courts filed a joint motion for

transfer, also requesting transfer of all such actions for consolidation in the Northern District of

Illinois. Id., ¶ 7. Those plaintiffs subsequently requested that their motion be treated as a

response to the other motions for transfer. Id. Moving Defendants filed their motion for transfer

because the numerous lawsuits contain common questions of fact, and coordination in a single

judicial district would serve the convenience of the parties and witnesses and promote the

efficient conduct of the litigation. Id., ¶ 10.

In the Northern District of Illinois, where at least nine (9) of the cases are pending, eight

(8) have been consolidated thus far ("N.D. Ill. Consolidated Matter") before the Honorable Judge

Leinenweber and the remaining case has been transferred to the Honorable Judge Leinenweber's

court for consolidated proceedings. On August 29, 2007, at a status conference held by the

Honorable Judge Leinenweber in the N.D. Ill., during which argument was held on a motion for

appointment of interim lead counsel, the Court appointed three law firms as interim co-lead

counsel. Okenfuss Cert., ¶¶5-6. The interim lead counsel appointed in the Northern District of

Illinois speak for and bind the members of the putative nationwide class, which includes the

putative class in this action. Okenfuss Cert., ¶ 9. Yet, notwithstanding the fact that interim lead

counsel was appointed in those consolidated and coordinated actions, and despite the pendency

of the motions to transfer before the JPML, on August 31, 2007 (only two days after the

appointment of interim lead counsel by the Northern District of Illinois), plaintiff in this action

filed a motion for appointment of Lerach Coughlin Stoia Geller Rudman & Robbins LLP (now

known as Coughlin Stoia Geller Rudman & Robbins LLP) as interim lead class counsel pursuant to Fed. R. Civ. P. 23(g).  Reznick Cert., ¶ 9.

Given the pendency of the transfer motions before the JPML, a stay of the proceedings in this action is appropriate.  Notably, in one of the pending 15 cases, Miller v. RC2 Corporation, the U.S. District Court for the Southern District of Indiana already issued an order granting the defendants the same relief sought here, extending the time to respond to the class action complaint and staying all proceedings pending the JPML's ruling on the pending motions for transfer.  Reznick Cert., ¶ 13.  Similarly, in an unrelated putative class action in this Court, Jared Workman et al., v. Menu Foods Limited, et al., Judge Hillman granted defendants' motion to stay twenty-nine (29) cases pending in this District involving class claims of tainted pet food, pending the JPML's ruling on motions for transfer relating to those matters.  Reznick, Cert., ¶ 14.

Denial of plaintiff's motion for appointment of interim lead counsel for a putative national class in this action will avoid the likelihood of duplicative discovery and inconsistent pre-trial rulings that would affect the putative national class, in light of the appointment of interim lead counsel by the Northern District of Illinois.  Okenfuss Cert., ¶ 9.  Moreover, an extension of time to answer and a stay of all proceedings in this action, pending a ruling by the JPML on the transfer motions, is necessary to promote judicial economy and avoid undue prejudice to the parties.  This Court should not unnecessarily expend its time and resources to supervise pre-trial proceedings and make rulings in a case that may shortly be transferred to another district court and/or judge for further pre-trial proceedings.  Additionally, since all of the pending actions are in their initial stages and the JPML will be hearing the motions for transfer in the near future, no prejudice or inconvenience will result from entry of a stay or the requested extension of time to

answer. On the other hand, absent a stay, Moving Defendants will be substantially prejudiced by being forced to duplicate efforts and expend significant resources defending factually similar cases in multiple jurisdictions around the country. For the reasons herein, Moving Defendants request that the Court deny plaintiff's motion for appointment of interim lead counsel in this action, and that the Court enter an order staying all proceedings in this case and extending the time to answer to thirty (30) days following entry of an order by the JPML deciding the pending motions for transfer.

## LEGAL ARGUMENT

### POINT I

### APPOINTMENT OF INTERIM LEAD COUNSEL IS NOT WARRANTED IN THIS CASE

Fed. R. Civ. P. 23(g) (2) provides that a court "may designate interim counsel ... to act on behalf of the putative class" before determining whether to certify the action as a class action (emphasis supplied). However, "the court need not appoint an interim class counsel ... in every case or even in the majority of cases." 5 Moore's Federal Practice § 23.121 at 23-427 (3d ed. 2006). Since "[a]n attorney who acts on behalf of the class prior to certification, including the attorney who filed the action, must act in the best interests of the class as a whole, regardless of formal appointment as interim class counsel," id. at 23-428, formal appointment is not necessary to assure that plaintiff's current attorney acts in the best interests of the putative class. See Issuer Plaintiff Initial Public Offering Antitrust Litigation, 234 F.R.D. 67, 70 (S.D.N.Y. 2006) ("denying the appointment of interim counsel does not prejudice the putative class in any way"). This is particularly true where, as here, interim lead counsel has already been appointed in related consolidated and coordinated class actions pending in the Northern District of Illinois. For these and other reasons described below, plaintiff's motion for appointment of interim lead

counsel in this action should be denied.

Defendants have been served in fourteen (14) class actions pending in federal court related to the recent recall of the Thomas and Friends™ Wooden Railway Toys.[1] Okenfuss Cert., ¶ 3. On August 29, 2007, the United States District Court for the Northern District of Illinois (the "Illinois District Court") held a status conference at which counsel from twelve (12) of the fourteen (14) cases were in attendance. Id., ¶ 5. At that time, the Illinois District Court appointed interim lead counsel for the putative class.[2] Id.

Prior to appointing interim lead counsel, the Illinois District Court heard argument as to any objections. Id., ¶ 6. Of the numerous counsel in attendance, only the law firm of Foote, Meyers, Mielke & Flowers, LLC (the "Foote firm"), which law firm represents named Plaintiff Jennifer Foshee Deke, objected to the appointment. Id. The Foote firm (a) requested that the Illinois District Court hold in abeyance any decision on interim lead counsel until such time as the JPML reaches a decision on the pending Motions to Transfer, which Motions seek to transfer all of the pending federal cases to a single judicial district or, (b) in the alternative, asked that the Foote firm be named as co-lead counsel with the firm of Hagens Berman Sobol Shapiro LLP. Id. The Illinois District Court denied these requests.[3] Id. Instead, the Illinois District Court indicated that it would appoint the firms of Kaplan Fox LLP, Hagens Berman Sobol Shapiro LLP, and Price Waicukauski & Riley LLC as co-lead counsel for the putative class. Id., ¶¶ 5, 8.

---

[1] Defendants are aware of one other case that has been filed in the federal courts: Martinez v. RC2 Corporation, et. al., which is pending in the Central District of California. As of this time, Defendants have not been served in that case. Okenfuss Cert., ¶ 3.

[2] During the August 29, 2007 hearing, the Illinois District Court stated that it would name the firms of Kaplan Fox LLP, Hagens Berman Sobol Shapiro LLP and Price Waicukauski & Riley LLC as co-lead counsel for the putative class. Id., ¶ 5. As of September 10, 2007, an Order has not been entered by the Illinois District Court. Id., ¶ 5.

[3] The Illinois District Court stated that the interim lead counsel was only being appointed until such time as an MDL was formed. Id., ¶ 8.

On August 31, 2007, only two (2) days after the August 29, 2007 status conference and oral argument before the Illinois District Court and that court's appointment of interim co-lead counsel, plaintiff in this action filed his Motion for Appointment of Interim Lead Counsel Under Fed. R. Civ. P. 23(G) (the "Plaintiff's Motion for Appointment").

In the Motion for Appointment, plaintiff attempts to justify the purported need for additional interim lead counsel by claiming that the Complaint initiating this action (the "Murdock Complaint") is "more robust, detailed and broader in scope then the other pending complaints." However, the differences between the Murdock Complaint and the other pending Complaints, if any, do not justify the appointment of a fourth firm as interim lead counsel.

First, all of the pending Complaints relate to the recent recall by RC2 Corporation of certain of the Thomas and Friends™ Wooden Railway Toys. All of the Complaints include nationwide classes of purchasers of the toys. Also, similar to the Murdock Complaint, the majority of the other pending Complaints contain counts for negligence, strict liability, breach of express warranty, breach of implied warranty, medical monitoring, and violation of state consumer fraud acts. The only additional "claim" asserted in the Murdock Complaint is for breach of the Consumer Product Safety Act.

Second, the current co-lead counsel in the Illinois District Court speak for, bind, and represent the members of the putative national class and, as such, there is no need to bring another firm into the lead counsel role.

Third, in light of the previous appointment of three (3) co-lead counsel for the nationwide class by the Illinois District Court, a denial of plaintiff's subsequent request for appointment of additional interim lead counsel for the putative national class would avoid duplicative discovery and/or inconsistent pre-trial rulings affecting an overlapping national class.

- 6 -

Fourth, the firm of Coughlin Stoia Geller Rudman & Robbins LLP has not justified the need for yet another set of interim lead counsel to represent the putative class. As recognized by this Court in In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 418-19 (D.N.J. 1998) (finding failure to demonstrate "sufficient need justifying the approval of multiple lead counsel"), appointment of multiple lead counsel is not likely to be beneficial to the parties or the court and requires justification by Plaintiff's counsel. For, "[t]he potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel." Milestone, 183 F.R.D., at 418-19 (finding that "the 'litigation by committee' approach to securities class actions may prove unnecessary and wasteful"); see also In re Party City Sec. Litig., 189 F.R.D. 91, 115-117 (D.N.J. 1999) (concluding that co-lead counsel was appropriate "premised upon the unique facts of [that] case" but "only after careful consideration had been given to the concerns presented by the appointment of more than one law firm as lead counsel," since the "potential for duplicative services and the concomitant increase in attorneys' fees work against the approval of more than one law firm, especially in cases in which one law firm has the proven ability to adequately manage and litigate securities class actions").

Fifth, there is only one (1) action pending in the United States District Court for the District of New Jersey, and interim lead counsel has already been named by the Illinois District Court in the nine (9) cases pending before it. Generally, "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Manual for Complex Litigation (4th), § 21.11, at 335 (2004). In this action, the counsel who filed the Murdock Complaint are the only firms involved in this case. There are no consolidated cases in New Jersey, nor are there any duplicative or overlapping cases in New Jersey. There is simply no reason for appointment of an additional

interim lead counsel prior to the decision on MDL status.

Finally, Plaintiff's Motion for Appointment is simply premature. As mentioned previously, three (3) different sets of parties have filed motions with the JPML to transfer this action, as well as the remaining federal actions, to a single judicial district. Due to the timing of those transfer motions, it is expected that they will be considered during the JPML's November 2007 hearing. Okenfuss Cert., ¶ 7. Although this Court is not required to stay this action pending a decision by the JPML, as more fully set forth below, a stay is necessary to promote judicial economy and to avoid undue prejudice to the parties. Without a stay, the likelihood of inconsistent rulings and duplicative rulings is great -- as illustrated by the pending Plaintiff's Motion for Appointment filed on the heels of the recent ruling by the Illinois District Court appointing interim lead counsel in the related consolidated cases.

## POINT II

### AN EXTENSION OF TIME TO ANSWER AND A STAY OF PROCEEDINGS IS APPROPRIATE DUE TO THE PENDING MOTIONS TO TRANSFER THIS CASE TO AN MDL DISTRICT

Many courts in similar complex litigation involving claims pending in multiple jurisdictions, including this Court, have stayed proceedings pending determinations by the JPML of the appropriateness of transfer and coordination under 28 U.S.C. § 1407.[4] See Arthur-Magna Inc. v. Del-Val Fin Corp., 1991 WL 13725 (D.N.J. Feb. 1, 1991); Hertz Corporation v. The Gator Corporation, 250 F. Supp. 2d 421 (D.N.J. 2003) (stay issued in "tag along" case where interim injunctive relief was being sought). See also Moore v. Wyeth-Ayerst Laboratories, 236

---

[4] It should be noted that the U.S. District Court for the Southern District of Indiana has already granted Moving Defendants' Motion to Stay that was filed in that Court in one of the related actions. See Reznick Cert., Exh. J. Also, in Jared Workman, et al. v. Menu Foods Limited, et al. (07-CV-01338-NLH, (D.N.J.)) on May 7, 2007, this Court similarly granted defendant's motion to stay all proceedings in twenty-nine (29) cases pending in the District of New Jersey. See

F. Supp. 2d 509, 511 (D. Md. 2002); <u>Gonzalez v. American Home Products, Corp.</u>, 223 F. Supp.

2d 803 (S.D. Tex. 2002); <u>U.S. Bank Nat'l Ass'n v. Royal Indem. Co.</u>, 2002 WL 31114069 (N.D.

Tex. Sept. 23, 2002); <u>Kohl v. American Home Prods. Corp.</u>, 78 F. Supp. 2d 885 (W.D. Ark.

1999); <u>Republic of Venezuela v. Philip Morris Companies, Inc., et. al.</u>, 1999 WL 33911677

(S.D. Fla. 1999); <u>Rivers v. The Walt Disney Co.</u>, 980 F. Supp. 1358 (C.D. Cal. 1997); <u>American

Seafood, Inc. v. Magnolia Processing</u>, 1992 WL 102762 (E.D. Pa. May 7, 1992); <u>Rosenfeld v.

Hartford Fire Ins. Co.</u>, 1988 WL 49065 (S.D.N.Y. May 12, 1988); <u>Portnoy v. Zenith

Laboratories</u>, 1987 WL 10236 (D.D.C. Apr. 21, 1987). It is "incidental to the power inherent in

every court to manage the schedule of cases on its docket to ensure fair and efficient

adjudication." <u>Arthur-Magna.</u> 1991 WL 13725 at *1, <u>citing</u> <u>Landis v. North American Co.</u>, 299

U.S. 248, 254 (1936).

Courts generally consider three factors when evaluating motions for a stay of proceedings:

(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if

the action is not stayed; and (3) the judicial resources that would be saved by avoiding

duplicative litigation if the cases are in fact consolidated. <u>See</u> <u>Rivers</u>, 980 F. Supp. at 1360. In

this case, each factor favors the requested extension and temporary stay pending a determination

by the JPML.

**A.      Judicial Economy is Best Served By the Entry of a Stay Pending
          a Decision of the JPML**

In the context of this case, considerations of judicial economy weigh heavily in favor of a

stay. The express language of 28 U.S.C. § 1407 provides in relevant part that civil actions may

be transferred for coordinated or consolidated pretrial proceedings to "promote the just and

efficient conduct of such actions." 28 U.S.C. § 1407. Further, case law in the class action

Reznick Cert., Exh. K.

context has established that when similar actions are proceeding in different courts, courts may stay proceedings pending the outcome of the other case. <u>See, e.g., Knearem v. Bayer Corp</u>, 2002 WL 1173551, at *1 (D. Kan. 2002) (granting motion to stay purported class action which was one of several pending federal class actions). Thus, a stay of proceedings pending a transfer decision by the JPML to an MDL district in this matter, which involves fifteen (15) related actions in six (6) judicial districts, is necessary and appropriate to achieve the judicial economies contemplated by § 1407.

The Moving Defendants reasonably anticipate that the JPML will grant an MDL in this case for several reasons. Courts have consistently recognized that the JPML will transfer cases to eliminate the possibility of inconsistent class determinations. <u>In re CertainTeed Corp. Roofing Shingle Prods Liab. Lit.</u>, 2007 WL 549356 (J.P.M.L. 2007); <u>In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.</u>, 398 F. Supp. 2d 1365 (J.P.M.L. 2005); <u>In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.</u>, 398 F. Supp. 2d 1371 (J.P.M.L. 2005); <u>In re Roadway Exp. Inc. Employ. Pract. Lit.</u>, 384 F. Supp. 612 (J.P.M.L. 1974). Without a transfer of these cases to a single forum for consolidated and coordinated pretrial proceedings, there is a significant risk of inconsistent and potentially conflicting pretrial rulings on discovery, privilege, expert and other key issues, including rulings on the appointment of class counsel (or interim class counsel) and class certification.[5]

In this case, discovery with respect to the Moving Defendants' conduct in each of the actions proposed for consolidation will be substantially similar in all of them and will involve the

---

[5] As noted above, in this case, on August 31, 2007, plaintiff's counsel filed a motion seeking appointment as interim lead counsel, notwithstanding the three (3) pending motions for transfer and consolidation before the JPML, and the appointment of interim lead counsel in the related consolidated actions in the Northern District of Illinois. A ruling on such a motion at this time by this Court could result in the duplicative and unnecessary expenditure of judicial time and

same and/or similar documents and witnesses. Moreover, RC2 and Learning Curves Brands' principal offices are located within the Northern District of Illinois vicinage, where Moving Defendants seek to have all matters transferred and consolidated. Also, judicial and administrative efficiency is best served by consolidation, because one judge, rather than multiple judges, can supervise all pretrial proceedings and render consistent rulings. Finally, based on the nationwide distribution of Defendants' toy trains, and the media attention focused on the recall of these and other products manufactured in China, additional cases may yet be filed in various jurisdictions prior to the expiration of the statute of limitations.

Without issuance of the requested stay, the Court and the parties lose the potential efficiencies that would be gained by having pretrial issues decided by a single court. Absent issuance of a stay, this Court will be required to expend considerable time and resources familiarizing itself with the intricacies and complexities of this class action products liability litigation that may shortly be transferred to another court by the JPML. If these cases are not stayed, the same issues, including those with respect to appointment of interim or class counsel and class certification, will likely be revisited by whichever court is assigned by the JPML. Thus, unless a stay is granted the continuation of this case will result in unnecessary and possibly duplicative efforts by the Court and the parties if this action proceeds forward pending the JPML ruling. As has been established by the JPML, "[t]he pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." In re Plumbing Fixture Cases, 298 F. Supp. 484, 489 (J.P.M.L. 1968). Thus, as recognized by the court in U.S. Bank, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." U.S. Bank, 2002 WL 31114069,

---

effort, depending on what the JPML decides.

at *2.

This Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard by another judge." <u>Rivers</u>, 980 F. Supp. at 1360. In order to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter, as well as other actions in the various courts, should proceed in an orderly, coordinated fashion, as directed by the single court selected by the JPML. Accordingly, the stay sought by the Moving Defendants in this case is appropriate and necessary as it will facilitate the just and efficient conduct of this litigation.

**B.    The Balancing of the Equities Favors Issuance of a Stay as Plaintiff Will Suffer No Prejudice**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a ruling by the JPML, a balancing of the equities and comparative hardships on the parties strongly favors issuance of a stay. Moving Defendants in the present action would be substantially prejudiced by duplicative discovery and motion practice if a stay order is not issued. <u>American Seafood</u>, 1992 WL 102762, at *2 (holding that "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Without a stay, Moving Defendants will be required to respond to numerous complaints, be served with multiple discovery requests, deposition notices and various motions, all of which will result in duplicative and costly responses and replies being prepared multiple times in different jurisdictions. This burden would clearly impose a substantial hardship on Moving Defendants and clearly warrants a stay of this action until the JPML renders its decision.

A stay will not, however, unduly prejudice the plaintiff in this matter as the case has only recently been filed and other plaintiffs are also seeking the same relief from the JPML. Even if

- 12 -

plaintiff was to claim some sort of prejudice, which cannot be perceived here, as the <u>Arthur-Magna</u> court found, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." 1991 WL 13725 at * 1. Here, there have been no responsive pleadings filed by any party and no discovery has been undertaken in the case at bar or in any of the pending actions in other jurisdictions. Other than  motions for *pro hac vice* admission, the only pending motion at this time is plaintiff's counsel's motion for appointment as interim class counsel, which, under the circumstances, is at best premature.

Since all the actions are in the beginning stages of litigation, no significant prejudice or inconvenience will result from transfer, coordination and/or consolidation. Any slight delay that plaintiff may experience in this case will be minimal and the prejudice to Moving Defendants would far outstrip any harm to plaintiff. <u>See</u> <u>id</u>. Indeed, if the JPML consolidates the cases into an MDL district, all of the parties - including the plaintiff here - will benefit from increased efficiency and coordinated pretrial case management.

Moving Defendants are not asking this Court to stay the proceedings indefinitely. They are only asking the Court to issue a brief stay pending the transfer decision by the JPML which is expected in the near future. As such, any potential delay is outweighed by the efficiencies available in a coordinated MDL proceeding and the benefits of staying this proceeding at this time outweigh any minimal inconvenience to the plaintiff. Accordingly, the granting of a stay is necessary and appropriate.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Appointment of Interim Lead Counsel, and exercise its discretion and enter an order staying proceedings in this action and extending Moving Defendants' time to answer or otherwise move with respect to the Complaint to 30 days following entry of an order by the JPML on the pending motions for transfer.

Dated:  September 10, 2007

EDWARDS ANGELL PALMER & DODGE LLP

By:  _____
Dennis M. Reznick (DR4841)
Charles W. Stotter (CS4313)

51 John F. Kennedy Parkway
Short Hills, NJ  07078
(973) 376-7700

Of Counsel:
Bart T. Murphy, Esq.
Jim L. Petersen, Esq.
Judy S. Okenfuss, Esq.
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN 46282-0200

Attorneys for Defendants RC2 Corporation,
Learning Curve Brands, Inc. and Toys "R" Us, Inc.

205349

- 14 -

## CERTIFICATION OF SERVICE

I hereby certify that on September 10, 2007, a true copy of the within Defendants RC2 Corporation, Learning Curve Brands, Inc., and Toys "R" Us, Inc.'s Memorandum of Law In Opposition to Plaintiff's Motion for Appointment of Interim Lead Counsel and in Support of Cross-Motion For Stay of Proceedings and For Extension of Time to Answer, dated September 10, 2007, was served pursuant to the Federal Rules of Civil Procedure, and/or the District of New Jersey's Local Rules and/or the District of New Jersey's ECF Policies and Procedures and by sending same via first class mail service offered by the U.S. Postal Service, in postage paid envelopes addressed to the following counsel for the parties at the addresses indicated:

Peter S. Pearlman, Esq.
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West-One
Saddle Brook, NJ  07663

*Attorneys for Plaintiff*

Richard D. Millett, Esq.
RICHARD D. MILLETT & ASSOCIATES
LLC
1065 Route 22 West, Suite 1A
Bridgewater, NJ 08807

*Attorneys for Defendant Wal-Mart Stores, Inc.*

Jack Reise, Esq.
Stuart A. Davidson, Esq.
James L. Davidson, Esq.
COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809

*Attorneys for Plaintiff*

Executed on:  September 10, 2007

Dennis M. Reznick

205349

- 15 -