**COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP**
Peter S. Pearlman, Esq.
Park 80 Plaza West-One,
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

**COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP**
Jack Reise, Esq.
James L. Davidson, Esq.
Elizabeth A. Shonson, Esq.
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff and the Class

<u>**DOCUMENT FILED ELECTRONICALLY**</u>

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MURDOCK, Individually and as Father and Next Friend of BEAU FARISH MURDOCK and ANABELLE SAGE MURDOCK, Minor Children, on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> RC2 CORPORATION, LEARNING CURVE BRANDS, INC., LEARNING CURVE BRANDS, INC. d/b/a RC2 BRANDS, INC., WAL-MART STORES, INC. and TOYS "R" US, INC., <br><br> Defendants. | No. 2:07-CV-3376 (WHW) <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS AND REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF LEAD COUNSEL** |

1

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT OF FACTS.................................................................4

II.   ARGUMENT.............................................................................................................5

   A.   Defendants' Have No Basis For Obtaining a Stay of the Instant Proceedings...............5

      1.   With Limited Exception, District Courts Should Not Stay Proceedings During the
           Pendency of a Motion for Consolidation Before the J.P.M.L. ....................................5

      2.   A Stay Subjects Plaintiff to Substantial, Unnecessary and Undue Prejudice Which
           Greatly Outweighs Any Prejudice to Defendants that May Occur If the Court Were
           to Allow This Case to Proceed......................................................................................8

   B.   Designation of Interim Lead Counsel Is Appropriate.....................................................8

      1.   Illinois Counsel Does Not Adequately Represent the Best Interests of Plaintiff in the
           Instant Action or the Class as a Whole ........................................................................9

      2.   Coughlin Stoia Should Be Appointed Interim Lead Counsel as Coughlin Stoia
           adequately represents the Bests Interests of Plaintiff and the Class ...........................11

III.  CONCLUSION..........................................................................................................11

**TABLE OF AUTHORITIES**

**CASES**

*Carol Cable Co. v. Koffler,*
  MDL No. 797, C.A. No. 89-1657, 1989 U.S. Dist. LEXIS 8434 (E.D. Pa.
  July 19, 1989)............................................................................................................6

*In re Air Crash Disaster at Paris, France, on March 3, 1974,*
  376 F. Supp. 887 (J.P.M.L. 1973).............................................................................6

*In re Airport Car Rental Antitrust Litig.,*
  448 F. Supp. 273 (J.P.M.L 1978)..............................................................................6

*In re Four Seasons Sec. Litig.,*
  362 F. Supp. 574 (J.P.M.L. 1973).............................................................................6

*In re Master Key Antitrust Litig.,*
  320 F. Supp. 1404 (J.P.M.L. 1971)...........................................................................6

*In re Penn Central Sec.,*
  333 F. Supp. 382 (J.P.M.L. 1971).............................................................................6

*In re Swine Flu Immunization Prods. Liab. Litig.,*
  89 F.R.D. 695 (D.D.C. 1981).....................................................................................6

*Sims v. Menu Foods Income Fund,*
  No. 07-5053, Order (W.D. Ark. May 2, 2007 ) .........................................................6

*Villarreal v. Chrysler Corp.,*
  No. C-95-4414, 1996 U.S. Dist. LEXIS 3159 (N.D. Cal. March 11, 1996) ................6

**STATUTES**

28 U.S.C. § 1407........................................................................................................5

Fed. R. Civ. P. 23(g) ...............................................................................................5, 8

**MISCELLANEOUS**

17 *Moore's Federal Practice* §112.06[1]........................................................................5

*Manual for Complex Litigation (3rd)* §31.131 ...........................................................5

## I.   PRELIMINARY STATEMENT OF FACTS

The instant litigation arises out of the manufacture and distribution by Defendants RC2 Corporation, Learning Curve Brands, Inc., Learning Curve Brands, Inc. d/b/a RC2 Brands, Inc. (collectively, the "Learning Curve Defendants"), Wal-Mart Stores, Inc. and Toys "R" Us, Inc. (collectively, the "Retailer Defendants") (the Learning Curve Defendants and the Retailer Defendants may hereinafter be referred to as the "Defendants") of Thomas & Friends™ Wooden Railway Toys (the "Train Toys") that had surface paints containing lead. On July 20, 2007, Plaintiff David Murdock, individually and as Father and Next Friend of Beau Farish Murdock and Anabelle Sage Murdock, Minor Children ("Plaintiff"), and on behalf of all others similarly situated, filed a Complaint against the Defendants alleging claims for negligence, breach of express warranty, breach of implied warranty, and violation of state and federal consumer protection laws.

Lawsuits arising out of the same operative set of facts as referenced in Plaintiff's Complaint are currently pending in the Eastern District of Arkansas, the Southern District of Indiana, the Eastern District of New York, and the Northern District of Illinois.   Multiple parties to those lawsuits have moved the Judicial Panel on Multidistrict Litigation ("JPML") for consolidation and transfer of the related cases pursuant to 28 U.S.C. §1407.   Separately, in the Northern District of Illinois, the Honorable Judge Harry D. Leinenweber has consolidated eight of the nine cases currently pending in that district, and has appointed three firms to act as Interim Co-Lead Counsel (the "Illinois Counsel") with respect to the consolidated cases in that district.

Defendants now seek to stay the action pending before this Court and oppose Plaintiff's motion for the appointment of his counsel as interim lead counsel for the class pursuant to Fed. R. Civ. P. 23(g). For the reasons set forth below, Defendants' Motion to Stay should be denied and Coughlin Stoia should be appointed Interim Lead Counsel.

## II.    ARGUMENT

### A.    Defendants' Have No Basis For Obtaining a Stay of the Instant Proceedings

In support of their Motion to Stay, Defendants argue that a stay is "necessary to promote judicial economy and to avoid undue prejudice to the parties." As more fully discussed herein, Defendants' arguments are without merit.

### 1.    With Limited Exception, District Courts Should Not Stay Proceedings During the Pendency of a Motion for Consolidation Before the J.P.M.L.

In the absence of extraordinary circumstances, both the Rules of the Judicial Panel on Multidistrict Litigation and the overwhelming case law urge district courts to deny requests for stays during the pendency of motions for transfer and consolidation before the J.P.M.L. The Rules of the J.P.M.L. unequivocally provide that, during the pendency of a motion for consideration before the J.P.M.L., the case should be allowed to proceed:

> The *pendency of a motion,* order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does *not affect or suspend orders and pretrial proceedings* in the district court in which the action is pending and *does not in any way limit the pretrial jurisdiction of that court.*

Rule 1.5 of the Rules of the J.P.M.L. (emphasis added). *See also Manual for Complex Litigation (3rd)* §31.131; 17 *Moore's Federal Practice* §112.06[1] ("the pendency of transfer order does not limit the power of the transferor court to act on matters properly before it…").

Indeed, well-established case law fully supports the principle that a case should proceed during the pendency of a motion to consolidate. *Villarreal v. Chrysler Corp.,* No. C-95-4414 FMS, 1996 U.S. Dist. LEXIS 3159 at *4 (N.D. Cal. March 11, 1996); *Carol Cable Co. v. Koffler,* MDL No. 797, C.A. No. 89-1657, 1989 U.S. Dist. LEXIS 8434 at *3 (E.D. Pa. July 19, 1989) (district court denied defendants' motion to stay discovery prior to MDL Panel's ruling on motion to transfer and consolidate); *In re Airport Car Rental Antitrust Litig.,* 448 F. Supp. 273, 275 (J.P.M.L 1978) (pendency of section 1407 proceedings should not delay progress of case); *In re Air Crash Disaster at Paris, France, on March 3, 1974,* 376 F. Supp. 887, 888 (J.P.M.L. 1973) ("We have previously noted that the mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court."); *In re Four Seasons Sec. Litig.,* 362 F. Supp. 574, 575 n.2 (J.P.M.L. 1973) (same); *In re Penn Central Sec.,* 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971); *In re Master Key Antitrust Litig.,* 320 F. Supp. 1404 (J.P.M.L. 1971) (court should proceed with case); *see also In re Swine Flu Immunization Prods. Liab. Litig.,* 89 F.R.D. 695 (D.D.C. 1981) (substantial discovery conducted prior to MDL consolidation); *Sims v. Menu Foods Income Fund,* No. 07-5053, Order (W.D. Ark. May 2, 2007)

In the case at hand, Plaintiff seeks an answer to his Complaint and to initiate preliminary discovery. This Court will not be required to familiarize itself with the intricacies of the case at this early date, and the judicial resources expended to require the Defendants to answer the Complaint and begin discovery would be minimal. Additionally, the Defendants would not be prejudiced by answering Plaintiff's straight-forward Complaint, and Plaintiff's counsel is willing to accept discovery responses on a computer disc and share discovery with other Plaintiffs' counsel. Moreover, any discovery involving the Learning Curve Defendants can be

6

coordinated with discovery in the other litigation to avoid undue hardship and duplicative discovery.

If Defendants are allowed a stay, the Plaintiff will be prejudiced by having to wait months to learn what defenses he will face. Plaintiff will not know if there are objections to various issues, i.e., subject matter jurisdiction, insufficiency of process, insufficiency of service of process and other defenses. Further, no litigation will proceed and no discovery will be had against the Retailer Defendants on behalf of the Plaintiff or the Class, because as discussed in detail more fully below, Illinois counsel has failed to name a single retailer in their Consolidated Amended Complaint.

The Federal Rules of Civil Procedure provide the defense 20 days to answer a complaint, not months, which is in effect what the defense has asked this Court to allow.[1] As such, the pendency of the motions for transfer and consolidation before the J.P.M.L. do not invoke an automatic stay of this case. To the contrary, both case law and the J.P.M.L. Rules provide that a stay is unwarranted.[2]

---

[1] Defendants previously requested extension of time to answer or otherwise respond to the Complaint. As a professional courtesy, Plaintiff agreed to the requests. However, the extension requests were not indefinite nor were they for a period of several months. Moreover, the requested by Defendants were not made with any stated intent to move to stay this litigation.

[2] Defendants attempt to support their position by arguing that at least two other federal district courts have granted stays of related proceedings. *See Certification of Dennis M. Reznick* (D.E. 14-2) and *Supplemental Certification In Opposition To Plaintiff's Motion for Appointment of Interim Lead Counsel* (D.E. 15) filed on September 10, 2007 and September 12, 2007 respectively. This argument is, of course, a red herring, as, at best belief, Plaintiffs in both of the cases referenced by Defendants *agreed* to a stay of the cases pending a ruling by the J.P.M.L. See ¶6 of the *Declaration of Peter S. Pearlman in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Stay of Proceedings and Reply to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Appointment of Lead Counsel (the "Pearlman Declaration").*

**2.    A Stay Subjects Plaintiff to Substantial, Unnecessary and Undue Prejudice Which Greatly Outweighs Any Prejudice to Defendants that May Occur If the Court Were to Allow This Case to Proceed**

The Defendants are not prejudiced by being forced to comply with the Federal Rules of Civil Rules of Procedure and answer Plaintiff's Complaint, and the Defendants incur absolutely no prejudice from providing basic information to Plaintiff concerning corporate structure, other toy complaints, supplier information, test results and correspondence. Conversely, the Plaintiff is greatly prejudiced by being prevented from obtaining basic facts known by the defense, by having to guess at potential defenses that will be claimed, and by relying on what is reported in newspapers and press releases. Again, the Court will not have to expend many resources in requiring Defendants to comply with the law by answering a complaint and engaging in basic initial discovery. Plaintiff, as master of his Complaint, has the right to prosecute his case in a timely fashion unburdened by the Defendants desires to drag out the litigation.

Indeed, it is the height of hypocrisy for Defendants to seek a stay and argue that other courts have stayed their cases when Defendants _agreed not to stay_ the Illinois Action and have agreed to the entry of agreed Case Management Order #1 setting deadlines for responses to the Complaint, the Rule 26(f) conference, and a timeframe for the parties to serve discovery. See ¶5 of the *Pearlman Declaration.*

**B.    Designation of Interim Lead Counsel Is Appropriate**

Pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure, the Court may designate Interim Lead Counsel to act on behalf of the putative class before determining whether to certify the action as a class action. Under the Rule, "the court may appoint that applicant only if

8

the applicant is adequate under Rule 23(g)(l)(B) and (C)." Fed. R. Civ. P. 23(g). As set forth more fully in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Appointment of Interim Lead Counsel Under Fed. R. Civ. P. 23(g) ("Memorandum of Law") [Dkt. No. 11-4], which was filed with this Court on August 31, 2007, and is incorporated herein by reference, Coughlin Stoia satisfies all of the criteria set forth under the Rule. Additionally, Plaintiff respectfully requests that this Court consider the following:

      **1.**      **Illinois Counsel Does Not Adequately Represent the Best Interests of Plaintiff in the Instant Action or the Class as a Whole**

On August 28, 2007, Illinois Counsel filed an Amended Complaint (the "Illinois Action"), See ¶3 of the *Pearlman Declaration*. The Illinois Action does not adequately protect the Class as it names neither the Retailer Defendants, nor any other retailers who sold the defective and dangerous Train Toys to consumers.[3] By bringing claims against only the Learning Curve Defendants and omitting numerous retailers who are have clear liability to the Class for selling the defective and dangerous Train Toys, the Illinois Action limits the world of defendants that the Class can look to for recovery of the damages suffered by the Class.

Plaintiff in the instant case, on the other hand, has named retailers who sold the dangerous and defective Train Toys as defendants, and Plaintiff's counsel has undertaken and continues to undertake a thorough investigation of the Retailer Defendants and other retailers with regard to the action or inaction that allowed the dangerous and defective Train Toys to be sold to consumers. As the claims in the Illinois Action are limited only to the Learning Curve

---

[3]   To the extent that Plaintiffs in the Illinois Action contend that ¶36 of their First Amended Complaint is intended to allow Plaintiffs' in the Illinois Action to again amend their complaint to sue retailers, Plaintiff notes that the language in ¶36 is boilerplate, and, *at the time of the filing of this Motion, Plaintiffs in the Illinois Action have still not named any retailers as defendants.*

Defendants, the Illinois Action, and, by extension Illinois Counsel, do not adequately represent the best interests of the Class.

Defendants, in their Motion, essentially request that this Court defer this litigation to the District Court for the Northern District of Illinois, and the Illinois Counsel.[4] The fact that Defendants seek to do so underscores the importance of appointing Interim Lead Counsel in the instant action – were this Court to stay this proceeding and essentially defer this matter to the District Court for the Northern District of Illinois, the instant case, which more adequately protects members of the Class because it states claims against a broader group of defendants, would essentially be placed on the back burner. No discovery against retailers would proceed as no retailers are named in the Illinois Action, and the Plaintiff would be prevented from protecting his interests and prosecuting his claims merely because attorneys in another state were able to more quickly convince another state's court to appoint them interim co-lead counsel. Additionally, while there are currently motions pending before the J.P.M.L. advocating for the consolidation and transfers of the cases to the Northern District of Illinois, there are is at least one motion filed advocating consolidation and transfer of the actions to the Central District of California. Given that the consolidated actions may not even be transferred to the Northern District of Illinois, there is even less reason for this Court to defer to that jurisdiction by staying this case.

---

[4]    Importantly, Judge Leinenweber stated at the hearing on Illinois Counsel's Motion for Appointment of Interim Co-Lead Counsel that the Illinois Counsel would be appointed Interim Co-Lead Counsel only until the MDL issued made their ruling, at which time Judge Leinenweber, assuming that the cases would be consolidated and transferred to him, would revisit the issue of appointment of lead counsel. See ¶4 of the *Pearlman Declaration.*

2.    **Coughlin Stoia Should Be Appointed Interim Lead Counsel
as Coughlin Stoia adequately represents the Bests Interests
of Plaintiff and the Class**

As set forth more fully in Plaintiff's Memorandum of Law, Coughlin Stoia has the

resources, experience, expertise, and knowledge of existing law to fully and adequately

prosecute all claims against both the Learning Curve Defendants and the Retailer Defendants

swiftly, effectively and in the best interests of Plaintiff and the Class.  Coughlin Stoia has

performed extensive work in identifying and investigating the claims in this action, and is

prepared to continue that effort in the context of the litigation. Among other things, Coughlin

Stoia's pre-filing investigation included the gathering of hundreds of pages of relevant

documents from available public sources (including public filings, newspaper articles and other

materials), interviews of potential witnesses regarding their knowledge of the issues in the case

and discussions with the Plaintiff about the terms and conditions of his purchases of the Train

Toys. See ¶7 of the *Pearlman Declaration.*

Additionally, as set forth in Plaintiff's Memorandum of Law and the Declaration of

Peter S. Pearlman attached thereto, Plaintiff's Counsel has litigated cases in multiple state and

federal courts across the country, including numerous cases in New Jersey state and federal

court.  Furthermore, Coughlin Stoia attorneys are currently among a handful of attorneys

actively litigating the *In re Pet Food Prods. Liab. Litig.,* No. MDL 1850, currently pending in

the District of New Jersey.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's Counsel respectfully requests that the Court

Deny Defendants' Motion to Stay, grant Plaintiff's Motion for Appointment of Interim Lead

11

Counsel, and appoint the law firm of Coughlin Stoia to serve as Interim Lead Counsel under

Federal Rule of Civil Procedure 23(g).

DATED:  September 14, 2007

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN


_____
            PETER S. PEARLMAN

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JACK REISE
JAMES L. DAVIDSON
ELIZABETH A. SHONSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

GULAS & STUCKEY, P.C.
JASON A. STUCKEY
LAUREN WAGNER PEDERSON
(of counsel)
2031 2nd Avenue North
Birmingham, AL  35203
Telephone:  205/879-1234
205/879-1247 (fax)

Attorneys for Plaintiff