110.    By virtue of the recall on or about June 13, 2007, Defendants were put on notice of the defect in the Thomas Toys.

111.    Defendants were also put on notice of the defect in the Thomas Toys by the numerous inquiries that they received concerning the defect, and by the filing of numerous lawsuits.

112.    As a direct and proximate result of the breach of said warranties, and as the direct and legal result of the defective condition of the Thomas Toys as designed, manufactured, packaged, labeled and supplied by Defendants, and other wrongdoing of Defendants described herein, Plaintiffs and their children were caused to suffer damages.

C.    **STRICT LIABILITY**

1.    **COUNT V: STRICT LIABILITY**

113.    Count V is brought by all Plaintiffs, individually and on behalf of the Class. Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth here.

114.    At all relevant times, Defendants were producers, manufacturers and/or distributors of Thomas Toys.

115.    The Thomas Toys produced, manufactured and/or distributed by Defendants were unreasonably dangerous in that, when the Thomas Toys left the hands of the Defendants they contained lead surface paint that could cause adverse health effects to young children exposed to that toxic substance.

116.    Defendants' products were expected to and did reach Plaintiffs and members of the Class without substantial change in condition.

117.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Thomas Toys, as produced, manufactured and/or supplied by Defendants, Plaintiffs and members of the Class have suffered direct economic loss, as well as a significantly

increased risk of their children sustaining a range of health effects, from behavioral problems and learning disabilities to seizures and death.

## 2.    COUNT VI: STRICT LIABILITY – FAILURE TO WARN

118.    Count VI is brought by all Plaintiffs, individually and on behalf of the Class. Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth here.

119.    At all relevant times, Defendants were producers, manufacturers and/or distributors of the Thomas Toys.

120.    The Thomas Toys produced, manufactured and/or distributed by Defendants were defective in design or formulation in that, when the Thomas Toys left the hands of the Defendants they contained lead surface paint that could cause adverse health effects to young children exposed to that toxic substance.

121.    Defendants knew or should have known that the Thomas Toys contained a non-obvious danger in their surface paint. However, Defendants failed to inform Plaintiffs and the members of the Class as to the adverse health effects that the Thomas Toys could have on young children.

122.    Had Plaintiffs and members of the Class been warned about the adverse health effects that the surface paint on the Thomas Toys posed to their children, they would not have purchased the Thomas Toys.

123.    As a direct and proximate result of the Defendants' failure to warn Plaintiffs and members of the Class about defective and unreasonably dangerous condition of the Thomas manufactured and/or supplied by Defendants, Plaintiffs and members of the Class have suffered economic damages, as well as a significantly increased risk of their children sustaining a range of health effects, from behavioral problems and learning disabilities to seizures and death.

**D.    COUNT VII: NEGLIGENCE**

124.    Count VII is brought by all Plaintiffs, individually and on behalf of the Class. Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth here.

125.    Defendants had a duty to exercise reasonable care in the design, manufacture, sale and/or distribution of the Thomas Toys into the stream of commerce, including a duty to assure that these products did not expose children to adverse health effects including without limitation IQ deficits, learning disabilities, behavioral problems, stunted growth or slowed growth, impaired hearing, kidney damage, mental retardation, and even death from lead poisoning.

126.    Defendants failed to exercise ordinary care in the design, manufacture, sale, testing, quality assurance, quality control, and/or distribution of the Thomas Toys into interstate commerce in that Defendants knew or should have known that the Thomas Toys created a high risk of adverse health effects which can cause extraordinary suffering and even death. Defendants' failure to exercise reasonable care in the design, manufacture, sale and/or distribution of the Thomas Toys was grossly negligent.

127.    Specifically, Defendants were grossly negligent in the design, manufacture, testing, advertising, warning, marketing and/or sale of the Thomas Toys in that they:

> a.    Failed to use due care in designing and manufacturing the relevant products so as to avoid the aforementioned risks to children;
>
> b.    Failed to accompany their products with proper warnings regarding all possible adverse effects associated with young children's handling and mouthing of, and otherwise being exposed to, the relevant products;
>
> c.    Failed to conduct adequate testing and post-marketing surveillance to determine the safety of the relevant products;

d.    Failed to warn Plaintiffs and members of the Class prior to actively encouraging the sale of the Thomas Toys either directly or indirectly, orally or in writing, about the following: (1) the possibility that young children handling or otherwise exposed to the Thomas Toys could suffer adverse health effects as described herein, and/or (2) the possibility of affected children requiring hospitalization and/or continuous medial monitoring as a result of exposure to the Thomas Toys; and

e.    Were otherwise careless or grossly negligent.

128.    Despite the fact that Defendants knew or should have known that the Thomas Toys could cause unreasonable, adverse health effects to children, Defendants continued to market the relevant products to consumers including Plaintiffs despite the possibility that these products could be produced without lead-based surface paint.

129.    Defendants knew or should have known that consumers such as Plaintiffs and the Class would foreseeably suffer adverse health effects and injury as a result of Defendants' failure to exercise ordinary care as described above.

130.    Defendants' negligence was a proximate cause of Plaintiffs' and the Class' economic damages, as well as their children's increased risk of harm as previously set forth herein.

**E.    COUNT VIII: MEDICAL MONITORING FOR BLOOD LEAD TESTING**

131.    Count VIII is brought by all Plaintiffs, individually and on behalf of the Class. Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

132.    As a result of Defendants' negligent and reckless conduct, Plaintiffs' children and the children of the Class have been significantly exposed to a known hazardous substance.

133.    Early detection, through medical testing of children, of lead poisoning is made necessary and advisable by the Defendants' manufacturing, marketing, and sale of the Thomas Toys painted with lead pigment.

134.    The cost of diagnostic blood lead testing is necessary to detect a possible injury and is in itself a present compensable injury, resulting from Defendants' actions.

135.    Plaintiffs and the Class are entitled to recover the costs of a diagnostic blood lead testing, and to recover punitive damages in amounts to be ascertained at trial.

**F.    ALTERNATIVE CLAIMS FOR UNJUST ENRICHMENT[2]**

    **1.    COUNT IX: UNJUST ENRICHMENT FOR RESIDENTS OF CERTAIN STATES**

136.    Count IX is brought by Plaintiffs individually, and on behalf of all similarly situated residents of Arkansas; California; Colorado; Connecticut; Hawaii; Illinois; Indiana; Iowa; Michigan; Mississippi; Missouri; Nebraska; New Hampshire; New Jersey; New York; Oklahoma; Vermont; and West Virginia for unjust enrichment (the "18-State Unjust Enrichment Subclass"). Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth here.

137.    At all times relevant hereto, Defendants designed, manufactured, produced, marketed and/or sold the Thomas Toys that contained lead-based surface paint.

138.    Plaintiffs and members of the Class conferred upon Defendants, without knowledge that the Thomas Toys have had their young children exposed to adverse health effects resulting from exposure to lead paint, payment for such toys, benefits that were non-gratuitous.

139.    Defendants appreciated, or had knowledge of the non-gratuitous benefits conferred upon them by Plaintiffs and members of the Class.

---

[2] These Counts are plead in the alternative to the breach of express warranty claim.

140.    Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiffs and members of the Class, with full knowledge and awareness that, as a result of Defendants' unconscionable wrongdoing, Plaintiffs and members of the Class were not receiving products of high quality, nature, fitness or value that had been represented by Defendants and reasonable consumers would have expected. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and members of the Class under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.

141.    Because Defendants' retention of the non-gratuitous benefits conferred by Plaintiffs and members of the Class is unjust and inequitable, Plaintiffs and members of the Class are entitled to, and hereby seek disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits in a manner established by the Court.

2.    **COUNT X: UNJUST ENRICHMENT FOR RESIDENTS OF CERTAIN STATES**

142.    Count X is brought by Plaintiffs, individually, and on behalf of all similarly situated residents of Alaska, District of Columbia, Florida, Georgia, Kansas, Kentucky, Maine, Minnesota, Nevada, New Mexico, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Utah, Virginia, Washington and Wisconsin for unjust enrichment (the "21-State Unjust Enrichment Subclass"). Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth here.

143.    At all times relevant hereto, Defendants designed, manufactured, produced, marketed and/or sold the Thomas Toys that contained lead-based surface paint.

144.    Plaintiffs and members of the Class conferred upon Defendants, without knowledge that the Thomas Toys have had their young children exposed to adverse health effects resulting from exposure to lead paint, payment for such toys, benefits that were non-gratuitous.

145.    Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiffs and members of the Class, with full knowledge and awareness that, as a result of Defendants' unconscionable wrongdoing, Plaintiffs and members of the Class were not receiving products of high quality, nature, fitness or value that had been represented by Defendants and reasonable consumers would have expected.  Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and members of the Class under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.

146.    Because Defendants' retention of the non-gratuitous benefits conferred by Plaintiffs and members of the Class is unjust and inequitable, Plaintiffs and members of the Class are entitled to, and hereby seek disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits in a manner established by the Court.

## G.    COUNT XI:  ALTERNATIVE CLAIM FOR RELIEF UNDER THE STATE CONSUMER PROTECTION ACTS[3]

147.    Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth here and further allege as follows:

148.    Count XI is brought by Plaintiffs, individually, and on behalf of all similarly situated residents of each of the 50 states for violations of the state consumer protection acts including:

a.   the Alaska Unfair Trade Practices And Consumer Protection Act, AS § 45.50.471 *et seq.*;

b.   the Arizona Consumer Fraud Act, A.R.S §§ 44-1521 *et seq.*;

c.   the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101 *et seq.*;

d.   the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.* and 17500 *et seq.*;

e.   the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

---

[3] This Count is plead in the alternative to Counts I and II.

f.   the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

g.   the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

h.   the Delaware Consumer Fraud Act, 6 Del. C. § 2513., *et seq.*;

i.   the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

j.   the Florida Deceptive And Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

k.   the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

l.   the Hawaii Unfair Competition Law, H.R.S. § 480-2, *et seq.*;

m.  the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

n.   the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

o.   the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

p.   the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q.   the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r.   the Louisiana Unfair Trade Practices And Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

s.   the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207, *et seq.*;

t.   the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u.   the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v.   the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.   the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F, *et seq.*;

x.   the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

y.   the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

z.   the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*

aa.  the New Hampshire Regulation of Business Practices For Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

bb.  the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

cc.  the New Mexico Unfair Practices Act, N.M.S.A. 1978 §§ 57-12-1, *et seq.*;

dd.  the New York Consumer Protection from Deceptive Acts and Practices, GBL § 349, *et seq.*;

ee.  the North Carolina Unfair And Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

ff.  the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

gg.  the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

hh. the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

ii. the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

jj. the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

kk. the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

ll. the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

mm. the South Dakota Deceptive Trade Practices and Consumer Protection, SDCL § 37-24-1, *et seq.*;

nn. the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

oo. the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

pp. the Utah Consumer Sales Practices Act, UT ST § 13-11-175, *et seq.*;

qq. the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

rr. the Virginia Consumer Protection Act of 1977, VA ST § 59.1-199, *et seq.*;

ss. the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

tt. the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A, *et seq.*;

uu. the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

vv. the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

149.    The acts, practices, misrepresentations and omissions by Defendants described

above, and Defendants' dissemination of deceptive and misleading advertising and marketing

materials in connection therewith, occurring in the course of conduct involving trade or

commerce, constitute unfair methods of competition and unfair or deceptive acts or practices

within the meaning of each of the above-enumerated statutes.

150.    Defendants' acts and practices created a likelihood of confusion or of

misunderstanding and misled, deceived or damaged Plaintiffs and members of the Class in

connection with the sale or advertisement of the Thomas Toys. Defendants' conduct also

constituted the use or employment of deception, fraud, false pretense, false promise,

misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent

that others rely upon the concealment, suppression or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged in violation of each of the above-enumerated statutes.

151.    Plaintiffs, on behalf of themselves and the other Class members, seek monetary damages, treble damages and such other and further relief as set forth in each of the above-enumerated statutes.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class members request that the Court enter an order or judgment against Defendants including the following:

a.    Certification of the action as a Class Action pursuant to Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

b.    Damages in the amount of monies paid for Thomas Toys;

c.    Damages in the amount of monies paid or to be paid for lead testing of the children handling the Thomas Toys;

d.    Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

e.    Pre-judgment and post-judgment interest on such monetary relief;

f.    Other appropriate injunctive relief;

g.    The costs of bringing this suit, including reasonable attorneys' fees; and

h.    All other relief to which Plaintiffs and members of the Class may be entitled at law or in equity.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on their own behalf and on behalf of Class

members.

Dated: August 28, 2007

By:   /s/ **Elizabeth A. Fegan**

Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd, Suit B
Oak Park, Illinois 60301
(708) 776-5600
(708) 776-5601 (fax)

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 623-7292
*Attorneys for Plaintiffs Channing Hesse, John*
*O'Leary, Christine Wallar, Theresa Reddell,*
*Rebekah Lockhart, Cherise Wilson, Aive Rei-*
*Ghafoor, Tonya Tubbs, Thomas Toms, Tracy*
*Hofmann, Sheree Argiris, Cheng Yin, Jodie*
*Morrison, Michelle Stumpf, Elaine Vallejo,*
*Elizabeth Harris*

Kenneth A. Wexler
Edward A. Wallace
Andrae P. Reneau
WEXLER TORISEVA WALLACE LLP
1 North LaSalle Street
Suite 2000
Chicago, IL 60602

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street
Suite 1501
San Francisco, CA 94111

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY 10022
*Attorneys for Plaintiffs Kimm Walton and Kim
Cosgrove*

William N. Riley
Jamie Kendall
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Ave
Indianapolis, Indiana 46204
*Attorneys for Ryan Kreiner, Claudine Kreiner,
Patrick Hudspeth and Caryn Hudspeth*

Robert James Pavich
John J. Pavich
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, IL 60603

Kevin Barry Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue
Suite 305
Chicago, IL 60601
*Attorneys for Paul Djurisic*

Thomas A. Zimmerman, Jr.
Hugh J. Green
Zimmerman Law Offices, P.C.
100 West Monroe Street
Suite 1300
Chicago, IL 60603
*Attorneys for Robyne Rhode and Thomas Brady*

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 W. Main St.
Russellville, AR 72811
*Attorneys for Plaintiffs Cherise Wilson, Aive Rei-
Ghafoor, Tonya Tubbs, Thomas Toms, Tracy
Hofmann, Sheree Argiris, and Cheng Yin*

# Exhibit A

# Replacement Request Form - Wooden Vehicle & Train Set Components Recall (U.S.)

The following is a list of recalled items from the Thomas & Friends Wooden Railway.  If you own one of these items, please return it to us for replacement and a free gift.  Please mail the item and this form to the following address:

RC2 Corporation
Attn: Wooden Vehicle Recall
2021 9th St. SE
Dyersville, IA 52040

If you reside outside of the United States or Canada, please call 866-725-4407 or email recalls@rc2corp.com for further instructions. DO NOT use this form.

Please allow 6-8 weeks for replacement processing.

NOTE: Please do not return entire set.  Return only the specific part listed.

| Date: | | | | | |
|---|---|---|---|---|---|
| Parent or Adult Name Only: | | | Street Address: | | |
| Phone: | | | City/State/Zip: | | |
| E-mail: | | | | | |
| Qty | Item Name and Image | Qty | Item Name and Image | Qty | Item Name and Image |
| | Red James Engine | | Red Musical Caboose | | Red "Sodor Mail" Car |
| | Red James # 5 Coal Tender | | Red Sodor Line Caboose | | Red Coal Car |
| | Red Lights & Sounds James Engine | | Red Holiday Caboose | | Red "2006 Day Out With Thomas" Coal Car |
| | Red # 5 Lights & Sounds Coal Tender | | Red Fire Brigade Train | | Yellow & Green Box Car |
| | James Engine w/Team Colors | | Red Fire Brigade Truck | | Yellow "Sodor Cargo Co." Cargo Piece |
| | James # 5 Coal Tender w/Team Colors | | Red Hook & Ladder Truck | | Red Stop Sign |
| | Red Skarloey Engine | | Red Water Tanker Truck | | Yellow Railroad Crossing Sign |
| | Brown & Yellow Old Slow Coach | | Red Baggage Car | | |
| | Deluxe Sodor Fire Station | | Sodor Smelting Yard | | Sodor Ice Cream Factory |

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, certify that I caused copies of the foregoing **FIRST AMENDED CONSOLIDATED COMPLAINT OF THE CONSENSUS PLAINTIFFS' GROUP** to be served on all counsel of record in the following cases:

*Hesse v. Learning Curve Brands Inc., et al.*, No. 07 C 3514

*Deke v. RC2 Corp. et al*, No. 07 CV 3609

*Walton v. RC2 Corp. et al*, No. 07 CV 3614

*O'Leary v. Learning Curve Brands, Inc.*, No. 07 C 3682

*Djurisic v. Apax Partners, Inc. et al*, No. 07 C 3707;

*Reddell v. Learning Curve Brands, Inc. et al.*, No. 07 C 3747;

*Rhode v. Learning Curve Brands, Inc. et al*, No. 07 C 4187;

*Kreiner v. RC2 Corp. et al.*, No. 07 C 4547;

*Wilson v. RC2 Corp. et al*, No. 07 CV 4642

via E-Mail this 28th day of August, 2007.

                                       /s/ Elizabeth A. Fegan
                                           Elizabeth A. Fegan

# EXHIBIT B

1

1      **UNITED STATES DISTRICT COURT**
      **NORTHERN DISTRICT OF ILLINOIS**
2         **EASTERN DIVISION**

3

4 IN RE:           )  No. 07 C 3514
             )
5 THOMAS AND FRIENDS WOODEN   )  Chicago, Illinois
 RAILWAY TOYS LITIGATION.   )  August 29, 2007
6             )  9:00 o'clock a.m.

7

8   **TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTION**
    **BEFORE THE HONORABLE HARRY D. LEINENWEBER**

9

10 <u>APPEARANCES</u>:

11

12  FOR THE PLAINTIFFS

13

14         HAGENS, BERMAN, SOBOL & SHAPIRO
         MS. ELIZABETH A. FEGAN
15         820 North Boulevard, Suite B
         Oak Park, IL 60301
16         708-776-5600
         <u>beth@hbsslaw.com</u>
17

18         KAPLAN, FOX & KILSHEIMER
         MR. FREDERIC S. FOX
19         805 Third Avenue
         New York, NY 10022
20         212-687-1980
         <u>ffox@kaplanfox.com</u>
21

22         PRICE, WAICUKAUSKI & RILEY
         MR. WILLIAM RILEY
23         MR. JOSEPH N. WILLIAMS
         301 Massachusetts Avenue
24         Indianapolis,IN 46204
         317-633-8787
25         <u>wriley@price-law.com</u>
         <u>jwilliams@price-law.com</u>

2

```
 1                        FOOTE, MEYERS, MIELKE & FLOWERS
                          MR. MARK A. BULGARELLI
 2                        MR. ROBERT M. FOOTE
                          28 North First Street, Suite 2
 3                        Geneva, IL 60134
                          630-232-6333
 4                        mbulgarelli@foote-meyers.com
                          rmf@foote-meyers.com
 5

 6                        WHATLEY, DRAKE & KALLAS
                          MR. JOSEPH P. GUGLIELMO
 7                        1540 Broadway, #3700
                          New York, NY 10036
 8                        212-447-7070
                          jguglielmo@wdklaw.com
 9

10                        WEXLER, TORISEVA & WALLACE
                          MR. EDWARD A. WALLACE
11                        1 North LaSalle Street, #2000
                          Chicago, IL 60602
12                        312-346-2222
                          eaw@wtwlaw.us
13

14                        STEETT LAW FIRM
                          MR. JAMES A. STREETT
15                        107 West Main Street,
                          Russellville, AR 72811
16                        479-968-2030
                          james@streettlaw.com
17

18                        LAW OFFICES OF KEVIN ROGERS
                          MR. KEVIN BARRY ROGERS
19                        307 North Michigan Avenue, #305
                          Chicago, IL 60601
20                        312-332-1188
                          rogers-law@sbcglobal.net
21

22                        ZIMMERMAN & ASSOCIATES
                          MR. HUGH J. GREEN
23                        MR. THOMAS A. ZIMMERMAN, JR.
                          100 West Monroe Street, #1300
24                        Chicago, IL 60603
                          312-440-0020
25                        hugh@attorneyzim.com
                          tom@attorneyzim.com
```

3

 1   ALSO PRESENT:

 2

 3                                MR. AARON COOK

 4

 5                                MR. CRAIG LONZA

 6

 7

 8   APPEARANCES:

 9

10       FOR THE DEFENDANTS

11

12                                ICE, MILLER
                                  MS. JUDY S. OKENFUSS
13                                One American Square, #3100
                                  Indianapolis, IN 46282
14                                317-236-2100
                                  Judy.okenfuss@icemiller.com
15

16                                LORD, BISSELL & BROOK
17                                MR. PHILLIP R. PERDEW
                                  111 South Wacker Drive
18                                Chicago, IL 60606
                                  312-443-0700
19                                pperdew@lordbissell.com

20

21

22

23              FEDERAL OFFICIAL COURT REPORTER
            KRISTA FLYNN BURGESON, CSR, RPR, RMR, CRR
24             219 South Dearborn Street, #1944
                        Chicago, IL 60604
25                       312-435-5567
               Krista_Burgeson@ilnd.uscourts.gov

26

1 have accomplished that.

2           What we have brought to this Court is the consensus
3 of 8 of the 9 cases, or plaintiffs in 8 of the 9 cases that
4 have filed in this district, as well as the consensus of cases
5 in Arkansas, New York, and Indianapolis.

6           Under those circumstances I think when you have this
7 group of people who have traveled here to support that
8 consensus I think the appropriate thing to do in the interim
9 is to appoint the 3 firms being Hagens, Berman, Kaplan, Fox,
10 and Price, Waicukauski as interim lead counsel.

11           Like we said, we will work with Whatley, Drake, and
12 we will work with Mr. Foote, and we can re-visit this issue if
13 it is necessary after the MDL panel has ruled, but in the
14 interim, we can move forward.

15           THE COURT:  All right.

16           Since there is virtual consensus among the
17 plaintiffs' counsel I will go along with the consensus so that
18 the Hagens, Berman, Kaplan, Fox, and Price, Waicukauski firms
19 will be appointed as interim lead counsels to serve during and
20 up until the MDL acts, and then at that point we will
21 reconsider interim lead -- or we will determine lead counsel.

22           MR. FEGAN:  Thank you, your Honor.

23           MR. FOOTE:  Thank you.

24           MS. OKENFUSS:  Your Honor, may I clarify one point
25 for my own understanding?

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE THOMAS AND FRIENDS™**<br>**WOODEN RAILWAY TOYS LITIGATION** | |
| This Document Relates To: | |
| *Hesse v. Learning Curve Brands Inc., et al.*, No.<br>07 C 3514 | No. 07 C 3514 |
| *Deke v. RC2 Corp. et al*, No. 07 CV 3609 | |
| *Walton v. RC2 Corp. et al*, No. 07 CV 3614 | JUDGE LEINENWEBER |
| *O'Leary v. Learning Curve Brands, Inc.*, No. 07<br>C 3682 | |
| *Djurisic v. Apax Partners, Inc. et al*, No. 07 C<br>3707; | **AGREED CASE MANAGEMENT**<br>**ORDER NO. 1** |
| *Reddell v. Learning Curve Brands, Inc. et al.*,<br>No. 07 C 3747; | |
| *Rhode v. Learning Curve Brands, Inc. et al*, No.<br>07 C 4187; | |
| *Kreiner v. RC2 Corp. et al.*, No. 07 C 4547; | |
| *Wilson v. RC2 Corp. et al*, No. 07 CV 4642 | |

## AGREED CASE MANAGEMENT ORDER NO. 1

### I.    CONSOLIDATION OF CLASS ACTION CASES

1. The following class actions shall be consolidated with the class action cases

previously transferred and consolidated with case number 07 C 3514, including but not limited

to:

> *Walton v. RC2 Corp. et al*, No. 07 CV 3614;
> *O'Leary v. Learning Curve Brands, Inc.*, No. 07 C 3682;
> *Djurisic v. Apax Partners, Inc. et al*, No. 07 C 3707;
> *Reddell v. Learning Curve Brands, Inc. et al.*, No. 07 C 3747;
> *Rhode v. Learning Curve Brands, Inc. et al*, No. 07 C 4187;
> *Kreiner v. RC2 Corp. et al.*, No. 07 C 4547; and

*Wilson v. RC2 Corp. et al,* No. 07 CV 4642.

The case of *Deke v. RC2 Corp. et al,* No. 07 CV 3609 has been transferred to the Honorable Judge Leinenweber for coordinated pretrial proceedings. The above-referenced cases will be referred to collectively as the "Coordinated Action".

2.  This Order shall apply to each case subsequently reassigned by the Executive Committee to this Court as part of the Coordinated Action, unless a party serves and files an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Plaintiffs mail a copy of this Order to counsel for that party and this Court deems it appropriate to grant such application.

## II.   LEAD CASE

3.  All future filings shall be made in the first filed case entitled *Hesse v. Learning Curve Brands Inc.,* et al., No. 07 C 3514 (the "Lead Case"). The parties may refer to the Coordinated Action as: "IN RE THOMAS AND FRIENDS™ WOODEN RAILWAY TOYS LITIGATION" and the identification No. 07 C 3514. When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases" and the identification No. 07 C 3514. When a pleading is filed and is intended to apply to less than all the actions, this Court's docket number for each individual case to which the pleading applies shall appear immediately after the words: "This Document Relates To". The following is a sample of the pleading style:

2

IN RE THOMAS AND FRIENDS™
WOODEN RAILWAY TOYS LITIGATION

No. 07 C 3514

This Document Relates To:

[INSERT CASE NAME AND DOCKET NO.]

JUDGE LEINENWEBER

### III.   SCHEDULING

#### A.   Defendants' Initial Responsive Pleading

4.   Defendants shall answer or otherwise plead to the Consolidated Complaint by October 29, 2007.

5.   In the event Defendants file a Motion To Dismiss the Consolidated Complaint, Plaintiffs shall file a response by December 13, 2007 and Defendants shall file a reply by January 14, 2008.

#### B.   Discovery

6.   The parties shall schedule and hold a Rule 26(f) conference by October 12, 2007.

7.   The parties shall make the disclosures pursuant to Fed. R. Civ. P. 26(a) by October 26, 2007.

8.   The parties may serve discovery on or after October 29, 2007.

9.   The Court shall hold a Rule 16(b) scheduling conference on November 1, 2007 at 9 a.m.

3

### IV.    PRO HAC VICE ADMISSIONS

10. Pursuant to Local Rule 83.14, counsel for any of the parties in any of the actions transferred to this Court will be hereby deemed admitted pro hac vice for the purposes of these actions, provided they are a member in good standing of the bar of the highest court of any state or of any United States district court and have paid to the clerk the fee for admission established by this Court.

### V.    PRESERVATION OF EVIDENCE

11. The parties will meet and confer to develop a preservation plan as soon as practicable, no later than 30 days after the date of this order, to develop a plan for the preservation of documents, data, and tangible things reasonably anticipated to be subject to discovery in this action. The parties may conduct this conference as part of the Rule 26(f) conference if it is scheduled to take place within 30 days of the date of this order. The resulting preservation plan may be submitted to the Court as a proposed order under Rule 16(e).

12. The parties will submit a detailed preservation plan for the Court's review on all issues regarding the preservation of documents, data, and tangible things.

13. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation, either in the form in which it is ordinarily maintained or in a reasonably useable form that will not result in the loss of any associated information or in such manner that they can be restored to their original format without loss of any associated information.

14. By October 5, 2007, Defendants shall provide Plaintiffs a list identifying all non-parties, which Defendants reasonably anticipate possess or control relevant documents and information and to which Defendants have provided notice that such evidence should be preserved because it may be relevant to this litigation.

4

Dated: _9/13_ , 2007

ENTERED:

Hon. Harry D. Leinenweber

5